# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| v. | )   No. 3:10-CR-73 |
| | )   VARLAN/GUYTON |
| DARREN WESLEY HUFF | ) |
| | ) |
| Defendant. | ) |

## UNITED STATES' RESPONSE TO THE DEFENDANT'S MOTION TO MODIFY DEFENDANT'S CONDITIONS OF PRETRIAL RELEASE

COMES NOW the United States of America, this 16th day of July, 2010, by and through the undersigned Assistant United States Attorney for the Eastern District of Tennessee, and hereby submits for consideration by this Honorable Court a Response to the Defendant's Motion to Modify Defendant's Conditions of Pretrial Release (Doc. 17, the "Motion to Modify") as follows:

1.   The Defendant essentially advances two arguments in his Motion to Modify as to why the Court's Order Setting Conditions of Release (Doc. 9, "Order of Release") should be amended by lifting the requirement set forth under Additional Conditions of Release Section 8 (t)(ii) requiring Radio Frequency (RF) monitoring.  First, and primarily, the Defendant argues that the "presence of the monitoring device on his ankle" precludes him form obtaining employment.  Motion to Modify, p. 2.  The essence of this argument for removing the RF monitoring requirement is that he cannot wear work boots because of the monitoring device, which limits "the jobs he can apply for and perform." *Id.,* at p.2.  While this may, or may not, be

the case given a wide range and type of boots that are on the market (not to mention any number of alternative jobs), this overlooks the essential point that RF monitoring represents a significant component of the Court's Order of Release in that this function enables the Probation Office to effectively enforce the central aspect of this Order, namely the condition of home detention.

3. Secondly, the Defendant argues that he has, to date, complied with all of the other conditions of his Pretrial Release that the Court set on the date of his initial release, including appearing before the Court on time and otherwise not violating any other portion of the Court's Order of Release. The government submits that such compliance should be expected by the Defendant, not rewarded; the alternative of failure to comply with the terms of release, on the other hand, could well warrant revocation of the Order of Release.

4. The government objects to the Defendant's request as it would assert that the very term he seeks to modify, the RF monitoring requirement, represents a significant, and necessary, enforcement component of the Additional Condition of Release Section 8(s)(ii) imposing Home Detention. Lifting any RF monitoring requirement effectively negates the ability of the Probation Office to monitor the Defendant's compliance with the terms of Home Detention. The government submits that effectively enforcing the central aspect of the Court's Order of Release, home detention, far outweighs the assumption that there is only a particular job which the Defendant could obtain which, also assuming, cannot be done using the RF monitoring device. It is not inconceivable to believe that there exist a range of possible jobs which the Defendant could pursue that can be accomplished using a RF monitoring device, much as many other persons in his similar situation have done over time.

5. The government would note that from the commencement of this case that it expressed concern about the Defendant's past activities that included possession of weapons associated with organizations such as the Georgia Militia and the potential, based upon past actions of the Defendant and persons associated with the events at issue in this case, of witness intimidation (*see* Additional Conditions of Release, Section 8(j)).  Further, the government had expressed it's intention to seek pretrial detention in this case (and would note that the U.S. Probation Office initially recommend the same), but reached an agreement with the Defendant's counsel to seek an alternative means of pretrial release that would include both home detention and electronic monitoring as central conditions.  The government does not believe any of arguments advanced in the Motion to Modify justify or warrant a change in the essential components, and requirements, of the Order of Release.

## CONCLUSION

WHEREFORE, for the reasons noted above, the United States respectfully requests that the Court deny the Defendant's Motion to Modify Defendant's Conditions of Pretrial Release.

Respectfully submitted this 16th day of July, 2010.

                    GREGG L. SULLIVAN
                    Acting United States Attorney

By:   s/ A. Wm. Mackie
       A. WM. MACKIE
       Assistant United States Attorney
       800 Market Street, Suite 211
       Knoxville, Tennessee  37902
       (865) 545-4167

CERTIFICATE OF SERVICE

       I hereby certify that on the 16th day of July, 2010, a copy of the foregoing Response was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

                                        s/ A. Wm. Mackie
                                        A. William Mackie
                                        Assistant United States Attorney