IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 3:10-CR-73 |
| ) | VARLAN/GUYTON |
| DARREN WESLEY HUFF ) | |
| ) | |
| Defendant. ) | |

## MOTION TO SUPPRESS EVIDENCE
## AND MEMORANDUM IN SUPPORT

Comes the defendant, Darren Wesley Huff, by and through counsel, and moves this Court for an order suppressing any and all evidence seized, all statements allegedly made by Defendant, and any other testimonial evidence the government intends to present at the trial which results from a vehicle stop and search and seizure of the defendant, and the automobile in which he was an occupant, on or about April 20, 2010. The defendant would show that the automobile stop and the search and seizure which followed were conducted in violation of his constitutional rights under the Fourth Amendment to the United States Constitution. The police officers lacked probable cause to stop the vehicle in question, to detain, or otherwise seize, the defendant and to search him and the vehicle. All evidence seized as a result of this illegal automobile stop, illegal search and illegal seizure must be suppressed as "fruits of the poisonous tree." Any and all statements made by defendant after, or in conjunction with, the violation of his Fourth Amendment rights, should be suppressed. Further, any testimonial evidence of officers the government intends to present which results from the encounter with Mr. Huff which occurred as a result of the

unconstitutional vehicle stop of April 20, 2010 should likewise be suppressed.

## Facts

Mr. Huff was pulled over by law enforcement officers while operating his vehicle on Tennessee Highway 68 on the morning of April 20, 2010. The Tennessee State Trooper who initiated the stop of the vehicle lacked probable cause under the law to stop the vehicle being operated by Mr. Huff. Neither of the stated reasons for the traffic stop, ---- running a stop sign and following another vehicle too closely ---, occurred and there was no probable cause to believe that either traffic violation occurred.

Following the stop, Mr. Huff exited his vehicle and officers saw that he was in possession of a holstered firearm, for which he had a carry permit. Mr. Huff was questioned by officers and responded to those questions. Eventually, Mr. Huff was given warning tickets regarding the alleged traffic offenses. He was asked to lock up the firearm; he complied and the officers allowed him to leave the scene.

## Argument

The stop and detention of a vehicle and its occupants constitutes a seizure for which Fourth Amendment protections apply. *Delaware v. Prouse*, 440 U.S. 648, 653 (1979). In determining the reasonableness of the vehicle stop, the court must first assess "whether the officer's action was justified at its inception," and, second, "whether it was reasonably related in scope to the circumstances which justified the interference in the first place." *Terry v. Ohio*, 392 U.S. 1, 19-20 (1968).

The government has the burden of proof to justify a warrantless search. *United States v. Haynes*, 301 F.3d 669, 677 (6th Cir. 2002), *citing United States v. Pollard*, 215

F.3d 643, 648 (6th Cir. 2000).

The activation of a cruiser's blue lights constitute a show of authority. Mr. Huff was effectively "seized" at that time for purposes of Fourth Amendment law. *See United States v. Mendenhall*, 446 U.S. 544, 554-55 (1980) ("[A] person has been seized within the meaning of the Fourth Amendment only if, in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave."). There is no question that the activation of the cruiser's emergency lights in this case was intended to control and restrain the defendant's freedom of movement and that no reasonable person under the circumstances would have felt free to leave the scene without consequence. *United States v. Chan-Jiminez*, 125 F.3d 1324, 1326 (9th Cir. 1997) (For purposes of the Fourth Amendment, a seizure occurs when a law enforcement officer, by means of physical force or show of authority, in some way restrains the liberty of the citizen, if taking into account all of the circumstances surrounding the encounter, the police conduct would have communicated to a reasonable person that he was not at liberty to ignore the police presence and go about his business) *citing Florida v. Bostick*, 501 U.S. 429, 434, 437 (1991); *see also State v. Binette*, 33 S.W.3d 215, 218 (Tenn. 2000) (Upon turning on the blue lights of his vehicle, a police officer has initiated a stop and has seized the subject of the stop within the meaning of the federal and state constitutions); *State v. Randolph*, 74 S.W.3d 330, 338 (Tenn. 2002) (Defendant seized when police officer made a show of authority by activating blue lights and instructing Defendant to stop).

The Supreme Court has determined that the constitutional reasonableness of a

traffic stop does not depend upon the actual motivations of the detaining officer, *Whren v. United States*, 517 U.S. 806 (1996); *see also United States v. Ferguson*, 8 F.3d 385, 391 (6th Cir. 1993), *cert. denied*, 513 U.S. 828 (1994), "so long as the officer has probable cause to believe that a traffic violation has occurred or was occurring. Although the pretextual nature of a stop does not preclude the legality of the stop, probable cause to believe that a traffic violation has occurred is required if the stop is to be permissible under the Fourth Amendment. The probable cause determination rests upon what the officer knew at the time of the stop and "courts may not determine there was probable cause by looking at events that occurred after the stop." *United States v. Ferguson*, 8 F.3d 385, 391 (6th Cir. 1993). No such probable cause existed in this case.

The stop in this case violated the defendant's Fourth Amendment rights to be free from illegal seizure, and any evidence obtained subsequent to the stop of defendant's vehicle, including evidence that he was in possession of a handgun and any and all statements he made to the officers, must be suppressed. *See Wong Sun v. United States*, 371 U.S. 471, 484 (1963) (If the initial traffic stop is illegal or the detention exceeds its proper investigative scope, the seized items must be excluded under the "fruits of the poisonous tree doctrine").

Mr. Huff requests an evidentiary hearing on his motion to suppress evidence.

Respectfully submitted this the 26th day of July, 2010.

                                            FEDERAL DEFENDER SERVICES OF
                                            EASTERN TENNESSEE, INC.

                   By:    s/ Jonathan A. Moffatt
                          Paula Voss
                          Jonathan A. Moffatt
                          Asst. Federal Community Defenders
                          800 S. Gay Street, Suite 2400
                          Knoxville, TN 37902
                          (865) 637-7979
                          BOPR No. 18137

                          **COUNSEL FOR DEFENDANT**

## CERTIFICATE OF SERVICE

     I hereby certify that on July 26, 2010, a copy of the foregoing Motion was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

                                            s/Jonathan A. Moffatt
                                            Jonathan A. Moffatt