IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
|     Plaintiff, | ) | |
| v. | ) | Case No. 3:10-CR-73 |
| | ) | VARLAN/GUYTON |
| DARREN WESLEY HUFF | ) | |
|     Defendant. | ) | |

**MOTION TO DISMISS CONSTITUTIONALLY INSUFFICIENT INDICTMENT AND MEMORANDUM IN SUPPORT**

Comes the defendant, DARREN WESLEY HUFF, by and through counsel, pursuant to Fed. R. Crim. P. 7(c) and 12(b)(2) & (3)(A)-(B), the Indictment, Due Process, and Double Jeopardy clauses of the Fifth Amendment, the Notice Clause of the Sixth Amendment, Hamling v. United States, 418 U.S. 87, 117 (1974), and all other authorities cited herein, and respectfully moves this Court for an order dismissing the Superseding Indictment on the basis that it fails to state an offense in either count and is constitutionally and procedurally insufficient. In support of this motion, Mr. Huff would show as follows:

    (1)    The indictment fails because it lacks the necessary facts to support appropriate particularization and also fails to charge essential elements of the offenses.

    (2)    The indictment does not allege and does not set forth any facts that would establish that there was a public disturbance involving acts of violence by assemblages of three or more persons, which caused an immediate danger of or resulted in damage or injury to the property or person of any other individual. See 18 U.S.C. §§ 231(a)(2), 232(1).

    (3)    The indictment does not set forth any facts to establish the manner in which the firearm is alleged to have been transported "in commerce." See 18 U.S.C. §§ 231(a)(2), 232(2).

1

(4)     The indictment fails to set forth any facts that would establish that the alleged transportation of the unspecified firearm substantially affected interstate commerce, as is necessary to invoke federal jurisdiction.

(5)     The indictment does not set forth any facts to establish that Mr. Huff had the requisite intent to violate 18 U.S.C. § 231(a)(2), namely, that he knew, had reason to know, or intended that the unspecified firearm would be used unlawfully in furtherance of a civil disorder.

(6)     The indictment does not set forth any facts to establish the reason such alleged transportation of a firearm was "unlawful."

(7)     The indictment does not set forth any facts to establish that Mr. Huff transported, used, or carried a firearm. <u>See</u> 18 U.S.C. §§ 231(a)(2), 232(4), 924(c), 921(a)(3).

(8)     The indictment fails to set forth any element of a crime that constitutes the use, attempted use, or threatened use of physical force against the person or property of another. <u>See</u> 18 U.S.C. § 924(c)(3)(A).

(9)     The indictment fails to set forth any offense that by its nature involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense. <u>See</u> 18 U.S.C. § 924(c)(3)(B).

In further support, Mr. Huff relies on the accompanying memorandum of law.

## MEMORANDUM OF LAW

### I.     INTRODUCTION

On May 25, 2010, Mr. Huff was charged in a one-count indictment with violating 18 U.S.C. § 231(a)(2) which makes it a crime for a person to "transport[] . . . in commerce any firearm . . . knowing or having reason to know or intending that the same will be used unlawfully

in furtherance of a civil disorder." See [Doc. 11: Indictment]. Other than an approximate date ("[o]n or about April 20, 2010") and approximate location ("in Monroe County, in the Eastern District of Tennessee and elsewhere"), the indictment provided no further information or circumstances that would establish a violation of this crime.[1] The government subsequently superseded the indictment adding a second count and alleging that Mr. Huff violated 18 U.S.C. § 924(c) by carrying or using an unspecified firearm during and in relation to the alleged violation of § 231(a)(2). See [Doc. 19: Superseding Indictment]. As with the original count, other than an approximate date ("[o]n or about April 20, 2010") and approximate location ("in Monroe County, in the Eastern District of Tennessee"), the indictment provided no further information or circumstances that would establish a violation of the second alleged offense.

Based upon insufficiencies in the Superseding Indictment, Mr. Huff has also moved this Court for an Order requiring the prosecution to file a Bill of Particulars in this matter. However, a Bill of Particulars will not cure an insufficient indictment. See United States v. Salisbury, 983 F.2d 1369, 1375 (6th Cir. 1993); see also Russell v. United States, 369 U.S. 749, 769-770 (1962); United States v. Sturman, 951 F.2d 1466, 1479 (6th Cir.1992).

**II. IN ORDER FOR AN INDICTMENT TO BE PROCEDURALLY AND CONSTITUTIONALLY SUFFICIENT, IT MUST STATE EVERY ELEMENT OF THE OFFENSE AND PROVIDE A STATEMENT OF THE ESSENTIAL FACTS SATISFYING THOSE ELEMENTS.**

The Notice Clause of the Sixth Amendment requires that a criminal defendant has the right "to be informed of the nature and cause of the accusation" against him. U.S. Const. amend. VI; United States v. Maney, 226 F.3d 660, 663 (6th Cir. 2000). Further, the Indictment Clause of

---

[1] Mr. Huff has separately moved for a bill of particulars, though a bill of particulars cannot cure an insufficient indictment. See [Doc. 23: Motion for Bill of Particulars].

3

the Fifth Amendment requires that a defendant be charged with only those charges brought before the grand jury. U.S. Const. amend. V; Maney, 226 F.3d at 663. The Fifth Amendment Indictment Clause and Sixth Amendment Notice Clause require that all elements necessary to the conviction and punishment of the defendant be charged in an indictment and proven to a jury beyond a reasonable doubt. United States v. Booker, 543 U.S. 220 (2005); Blakely v. Washington, 542 U.S. 296 (2004); Ring v. Arizona, 536 U.S. 584 (2002); Apprendi v. New Jersey, 530 U.S. 466 (2000); and Jones v. United States, 526 U.S. 227 (1999).

Rule 7(c)(1) of the Federal Rules of Criminal Procedure states, in pertinent part, that "[t]he indictment or the information shall be a plain, concise and definite written statement of the essential facts constituting the offense charged." However, the rule relating to indictments merely expresses and codifies what the law has always been; "[a]n indictment must set forth each element of the crime that it charges." United States v. Resendiz-Ponce, 549 U.S. 102, 207 (2007) (quoting Almendarez-Torres v. United States, 523 U.S. 224, 228 (1998)). "In Hamling, we identified two constitutional requirements for an indictment: 'first, [that it] contains the elements of the offense charged and fairly informs a defendant of the charges against which he must defend, and, second, [that it] enables him to lead an acquittal or conviction in bar of future prosecutions for the same offense." Id. at 108. See also Resensiz-Ponce, 549 U.S. at 111 (Scalia, J., dissenting) (reaching issue not addressed by majority to conclude that a constitutionally insufficient indictment is a structural error).

The omission of an essential element of the offense from the indictment cannot be cured by a citation to the applicable statute. See United States v. Williams, 429 F.3d 767, 775 (8th Cir. 2005); United States v. Doe, 297 F.3d 76, 85 (2d Cir. 2002); United States v. Henry, 288 F.3d

4

657, 661 (5th Cir. 2002); United States v. Smith, 223 F.3d 554, 571 (7th Cir. 2000); United States v. Werme, 939 F.2d 109, 112 n.1 (3d Cir. 1991); United States v. Hooker, 841 F.2d 1225, 1227-28 (4th Cir. 1988).  But see United States v. Martinez, 981 F.2d 867, 872 (6th Cir. 1992).

> Half a century ago Judge Parker, speaking for a unanimous court, put it: "It is elementary that every ingredient of crime must be charged in the bill, a general reference to the provisions of the statute being insufficient." Hale v. United States, 89 F.2d 578, 579 (4th Cir.1937). We have repeatedly reaffirmed this rule in subsequent cases. United States v. Hayes, 775 F.2d 1279, 1282 (4th Cir.1985); United States v. Pomponio, 517 F.2d 460, 461 (4th Cir.1975), cert. denied, 423 U.S. 1015, 96 S.Ct. 448, 46 L.Ed.2d 386 (1975). Moreover, this holding is in accord with the rule adopted in at least eight circuits. U.S. v. Kurka, 818 F.2d 1427, 1430-31 (9th Cir.1987); United States v. McLennan, 672 F.2d 239, 242 (1st Cir.1982); United States v. Jones, 647 F.2d 696, 699-700 (6th Cir.1981), cert. denied, 454 U.S. 898, 102 S.Ct. 399, 70 L.Ed.2d 214 (1981); United States v. Camp, 541 F.2d 739, 740 (8th Cir.1976); United States v. Wabaunsee, 528 F.2d 1, 3 (7th Cir.1975); United States v. Berlin, 472 F.2d 1002, 1007 (2d Cir.1973), cert. denied, 412 U.S. 949, 93 S.Ct. 3007, 37 L.Ed.2d 1001 (1973); United States v. Beard, 414 F.2d 1014, 1017 (3d Cir.1969); Robinson v. United States, 263 F.2d 911, 912 (10th Cir.1959).

United States v. Hooker, 841 F.2d 1225, 1227-1228 (4th Cir. 1988).

The Supreme Court has held that the Fifth Amendment Indictment clause and the Sixth Amendment Notice clause, as protected in Federal Rule of Criminal Procedure 7(c), require an inquiry to determine (1) whether the indictment "contains the elements of the offense intended to be charged and sufficiently apprises the defendant of what he must be prepared to meet," and (2) "in case any other proceedings are taken against him for a similar offence, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction." Russell v. United States, 369 U.S. 749, 763-64 (1962); see also United States v. Sturman, 951 F.2d 1466, 1479 (6th Cir. 1991) (citing Russell).

> As Professors LaFave, Israel, and King have observed, "the Hamling standard actually includes three requirements: (1) inclusion of the elements of the offense; (2) providing adequate notice as to the charge; and (3) providing protection

5

> against double jeopardy." Wayne R. LaFave, et al., 4 CRIMINAL PROCEDURE, § 19.2(a), at 746 (1999). They have also noted that the first requirement, known as the "essential elements" requirement, is based primarily upon a third pleading function, sometimes characterized as the "judicial review" function. That function has been described by the Supreme Court as "inform[ing] the [trial] court of the facts alleged, so that it may decide whether they are sufficient in law to support a conviction, if one should be had." Although this "judicial review" function is mentioned far less frequently than the "notice" and "double jeopardy" functions, it remains a cornerstone of both federal and state pleading requirements. Id. § 19.2(d), at 753-54 (citing United States v. Cruikshank, 92 U.S. (2 Otto) 542, 558, 23 L.Ed. 588 (1875)) (footnotes and citations omitted).

United States v. Landham, 251 F.3d 1072, 1080 n.4 (6th Cir. 2001) (reversing convictions and finding indictment insufficient).

An indictment will usually be sufficient if it states the offense using the words of the statute itself, as long as the statute fully and unambiguously states all the elements of the offense. Hamling v. United States, 418 U.S. 87, 117 (1974). The Supreme Court has cautioned, however: "Undoubtedly the language of the statute may be used in the general description of the offense, but it ***must be accompanied with such a statement of the facts and circumstances*** as will inform the accused of the specific offense, coming under the general description with which he is charged." Hamling, 418 U.S. at 117-18 (emphasis added; citation omitted). Conclusory statements of fact in the indictment are insufficient. See United States v. Landham, 251 F.3d 1072, 1081 (6th Cir. 2001) (citing and applying Hamling standard, finding indictment insufficient and reversing convictions).

This specificity requirement serves several purposes required by the Constitution and identified by the Supreme Court over a century ago. First, there is the "fair notice requirement that the indictment must furnish the defendant with "such a description of the charge" against him so that he is able to "make [his] defense." United States v. Cruikshank, 92 U.S. 542, 558

(1875). Second, the indictment must allege the conduct being charged with sufficient particularity that the defendant can raise his conviction or acquittal as a bar to future proceedings based on the same conduct. Hamling v. United States, 418 U.S. at 117. The indictment must be sufficiently detailed to "inform the court of the facts alleged, so that it may decide whether they are sufficient in law to support a conviction, if one should be had. For this, facts are to be stated, not conclusions of law alone." United States v. Cruikshank, 92 U.S. at 558. Furthermore, "***[a]n indictment that requires speculation on a fundamental part of the charge is insufficient***." United States v. Bobo, 344 F.3d 1076, 1084 (11th Cir. 2003) (emphasis added) (dismissing health care fraud indictment).

"[T]hese basic principles of fundamental fairness [embodied in earlier decisions of this Court] retain their full vitality under modern concepts of pleading, and specifically under Rule 7(c) of the Federal Rules of Criminal Procedure." Russell v. United States, 369 U.S. 749, 766 (1962); see Dunn v. United States, 284 U.S. 390, 393 (1932) (Justice Holmes) ("Each count in an indictment is regarded as if it was a separate indictment."); United States v. Roberts, 465 F.2d 1373, 1375 (1972) ("In ascertaining the sufficiency of the count of an indictment each count must be considered by itself."); Wright, *Fed. Prac. & Proc.* at § 123 (stating that each count of an indictment must be sufficient by itself and cannot rely on other counts or portions of the charging instrument unless specifically and expressly incorporated by reference) (citing Parker v. United States, 252 F.2d 680 (6th Cir. 1958); United States v. Yefsky, 994 F.2d 885, 894 (1st Cir. 1993)).

This follows the rule that a document is to be construed against the drafter, to which the prosecution is held even more strictly than a private party. See United States v. Debreczeny, 69

Fed.Appx. 702, 708 (6th Cir. 2003) ("The government is held to a higher standard because of its role as the drafter ... and because it is seen as possessing the upper hand and expertise ...."); United States v. Herrera, 928 F.2d 769, 773 (6th Cir.1991) (government held to higher standard than private parties in drafting documents related to criminal proceedings because of due process implications); United States v. Justice, 877 F.2d 664, 668 (8th Cir. 1989) (discussing construing plea agreement against its drafter, the government); United States v. Donatiu, 720 F.Supp. 619, 626 (N.D.Ill. 1989) (same). While an indictment is formalistically returned by the grand jury, the grand jury is not an adversarial proceeding, the prosecution drafts the indictment, and the prosecution directs the proceedings. United States v. Jones, 160 F.3d 641, 646 (10th Cir. 1998).

### III. THE CHARGING COUNTS OF THE SUPERSEDING INDICTMENT ARE CONSTITUTIONALLY AND PROCEDURALLY INSUFFICIENT

The Superseding Indictment in this case fails because it lacks the necessary facts to support appropriate particularization. An indictment must state facts, not conclusions of law alone, and the facts must be set forth with reasonable particularity as to time, place, and circumstance. See Russell v. United States, 369 U.S. 749, 765 (1962). "A crime is made up of acts and intents and they must be set forth in the indictment *with reasonable particularity of time, place and circumstance*." United States v. Cruikshank, 92 U.S. at 558 (emphasis added); Russell v. United States, 369 U.S. 749, 765 (1962) (quoting the above language from Cruikshank); United States v. Daniels, 281 F.3d 168, 179 (5th Cir. 2002) (citing and applying Cruikshank); United States v. Staggs, 881 F.2d 1527, 1542 (10th Cir. 1989) (same); Reimer-Gross v. United States, 20 F.2d 36, 38 (6th Cir. 1927) (same); see also United States v. Salisbury, 983 F.2d 1369, 1374 (6th Cir. 1993) (stating that "[w]here an indictment sets forth a bare recitation of the statutory language, such indictment may be sustained only if the statute sets

8

forth all the necessary elements fully and clearly, without ambiguity or uncertainty, accompanied by a statement of facts sufficient to inform the accused of the specific conduct which is prohibited.").

The Superseding Indictment charges a violation of the Civil Obedience Act and a firearm offense in language that merely tracks the language of the statutes.

> The issue for the court when faced with a defense request [for a bill of particulars] is **not what the defendant knows but what the government intends to prove**. Further, it is no response to a motion for the government to say: "The defendant knows what he did, and has all the information necessary." Since the defendant is presumed to be innocent and may well be innocent in fact of the charge, he also should be presumed ignorant of the facts on which the charges are based.

1 C. Wright, *Federal Practice & Procedure*, § 130 at 667-68 (2008 ed.); see also id. § 125 at 551 ("[I]f the statute is couched in general terms the indictment must identify the offense sufficiently to inform the accused of the precise charge that he must meet."). However, the indictment is insufficient in at least the following respects: (1) it does not allege and does not set forth any facts that would establish that there was a public disturbance involving acts of violence by assemblages of three or more persons, which caused an immediate danger of or resulted in damage or injury to the property or person of any other individual, see 18 U.S.C. §§ 231(a)(2), 232(1); (2) it fails to set forth any facts that would establish that the alleged transportation of the unspecified firearm substantially affected interstate commerce, as is necessary to invoke federal jurisdiction; (3) it does not set forth any facts to establish that Mr. Huff had the requisite intent to violate 18 U.S.C. § 231(a)(2), namely, that he knew, had reason to know, or intended that the unspecified firearm would be used unlawfully in furtherance of a civil disorder; (4) it does not set forth any facts to establish the reason such alleged transportation was "unlawful;" (5) it does

9

not set forth any facts to establish that Mr. Huff transported, used, or carried a firearm, see 18 U.S.C. §§ 231(a)(2), 232(4), 924(c), 921(a)(3); (6) it fails to set forth any element of a crime that constitutes the use, attempted use, or threatened use of physical force against the person or property of another, see 18 U.S.C. § 924(c)(3)(A); and (7) it fails to set forth any offense that by its nature involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense, see 18 U.S.C. § 924(c)(3)(B).

## II. CONCLUSION

For the aforementioned reasons, the Superseding Indictment in this matter must be dismissed as being constitutionally and procedurally insufficient.

Respectfully submitted this the 13th day of August, 2010.

>
> FEDERAL DEFENDER SERVICES OF
> EASTERN TENNESSEE, INC.
>
> By: s/ Jonathan A. Moffatt
> Paula Voss
> Jonathan A. Moffatt
> Asst. Federal Community Defender
> 800 S. Gay Street, Suite 2400
> Knoxville, TN 37902
> (865) 637-7979
> BOPR No. 18137
>
> s/ Anne E. Passino
> Anne E. Passino [BPR No. 027456]
> Ritchie, Dillard & Davies, P.C.
> 606 W. Main St., Suite 300
> Knoxville, TN 37901-1126
> (865) 637-0661
>
> COUNSEL FOR DEFENDANT

CERTIFICATE OF SERVICE

       I hereby certify that on August 13, 2010, a copy of the foregoing Motion was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

                                                s/Jonathan A. Moffatt
                                                Jonathan A. Moffatt