UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | No. 3:10-CR-73 |
| | ) | VARLAN/GUYTON |
| **DARREN WESLEY HUFF** | ) | |

### UNITED STATES' RESPONSE IN OPPOSITION
### TO THE DEFENDANT'S MOTION TO DISMISS INDICTMENT

The United States of America, by and through the United States Attorney for the Eastern District of Tennessee, and hereby files this response in opposition to the defendant's Motion to Dismiss Indictment [the "Motion to Dismiss," Doc. 31] and states that the particular relief requested by the Defendant pursuant to Federal Rule of Criminal Procedure 12(b)(2) is neither legally required nor otherwise appropriate in this case as there clearly exist a number of significant facts in dispute in this case that merits submission to, and deliberation by, a jury following a trial in this case and, as such, should be denied.

### LEGAL ARGUMENT

Rule 12(b)(2) of the Federal Rules of Criminal Procedure permits a party to raise "by pretrial motion...[a] request that the court can determine without a trial of the general issue." The Defendant in his Motion to Dismiss pursuant to Rule 12(b)(2) essentially argues that "the facts in this case are virtually undisputed" and, as such, the government "cannot as a matter of law prove" that the Defendant violated 18 U.S.C. §231(a)(2). Motion to Dismiss, p.9-10. This assertion, of course, is dependent on what constitutes "the facts in this case," especially when the

Defendant in his Motion to Dismiss makes repeated assertions of the "facts" of this case that are far better characterized as his own conclusions, e.g., that his statements to potential witnesses "show his lack of knowledge or intent," "his lack of knowledge of the number of people who would be present," or his "lack of violent intent," etc. Motion to Dismiss, pp. 11-12. The government submits that the Defendant might have a point here as to the government's inability to prove a violation of 18 U.S.C. §231(a)(2) if everything that the Defendant *asserts* in his Motion to Dismiss was actually true, especially with regard to "his lack of knowledge or intent." This specific assertion assumes that the finding of probable cause by a Grand Jury through the Superseding Indictment either did not consider the element of the offense that relates to the Defendant's "knowledge or intent," or his *mens rea,* or otherwise assumes that there exists a total lack of evidence as that element. If the Court were to take at face value a defendant's word and accept his assertions that he lacked any criminal intent during the course of conduct charged in an indictment, then it would appear that the need, time and expense of a criminal trial would be obviated and a significant amount of judicial resources could be saved. As it stands, however, the government does not agree with the Defendant's assertion that all the body of existing evidence regarding his statements "prior to, during, and after his trip to Madisonville show his lack of knowledge and intent to use his gun in furtherance of any violence which would constitute a civil disorder." Motion to Dismiss, p.11.

     Let's assume, for purposes of this discussion, that one were to adopt the Defendant's proffered elements of the offense for a Section 231(a)(2) offense which was offered in a companion motion to dismiss as including (i) that the Defendant transported a firearm (ii) in commerce (iii) and with knowledge, or having reason to know or intending a firearm to be used

2

unlawfully in a civil disorder.  Motion to Dismiss Count Two Because Its Predicate Crime is Not a "Crime of Violence," p.8 [Doc. 30].  The government would agree that there is no dispute that the Defendant transported a firearm from Georgia to Tennessee on the day in question, April 20, 2010, in the course of converging on the Monroe County Courthouse in connection with a court hearing involving Walter Fitzpatrick.  The essential dispute, and the matter to be considered by a jury, centers on the Defendant's knowledge or intent in doing so.  Without having to elaborate any further, it is noted that the Defendant stated in his "Relevant Facts" that a witness prior to April 20 heard the Defendant state that "he and others would be traveling to Madisonville and that he would be armed" on April 20 to attend a court hearing involving Fitzpatrick and that the Defendant "intended to take over the city of Madisonville."  Motion to Dismiss, p.2.  The Defendant did, as a matter of fact, travel on April 20 from Georgia to Madisonville, TN in connection with a court hearing by Walter Fitzpatrick  while carrying or transporting a firearm.  Based upon just these admitted statements by the Defendant, the government submits that there exists a "dispute as to the facts in this case" as to whether the Defendant's actions coupled with his expression of intent as manifested to at least one witness constituted a violation of the law.

     The Defendant cites the Sixth Circuit decision in *United States v. Levin*, 973 F.2d 463, 467 (6th Cir. 1992) for the proposition that if the trial court found that the government could not "as a matter of law establish criminal intent beyond a reasonable doubt" based upon the "undisputed extrinsic evidence" the court could dismiss the case.  Motion to Dismiss, p.13.  As noted above, the Defendant acknowledges that a witness overheard him state his intention to travel interstate with a firearm to "take over the city of Madisonville." The Defendant asserts that he had no criminal intent in traveling to Madisonville that day while carrying a firearm; the

3

government submits that at least the evidence the Defendant cited in his motion alone presents a sufficient basis to conclude that the facts are not "virtually undisputed." To a great extent, the Defendant argues that his statements demonstrated "his lack of knowledge and intent to use his gun in furtherance of any violence which would constitute a civil disorder" based upon statements to law enforcement agents. It is not surprising that the Defendant is asserting his innocence in his recitation of the "facts of the case" and not making a "confession" of all the elements of the offense. Yet in certain recorded statements of the Defendant which has been produced to him during pre-trial discovery, he made statements that it was his intention to assist Walter Fitzpatrick in Madisonville in effecting "citizen's arrests" of various County officials such that he would need to physically turn over the persons so arrested for custody pending trial on "treason charges" as a "domestic enemy," and that he intended to "walk in with force effecting our arrests." At the very least, in his Motion to Dismiss the Defendant acknowledges that there exists a witness who has stated that he heard the Defendant express his intention to travel interstate with a firearm to meet up with other people to "take over" the city, which the government submits represents facts that are evidence of a violation of 18 U.S.C. §231(a)(2). To say that the "facts of this case" are "virtually undisputed" such that the government could not prove a *prima facie* case is incorrect; based upon the Defendant's assertion as to his "lack of violent intent" the government submits there, in deed, exists facts that are in dispute that are capable of resolution through a jury trial.

4

WHEREFORE, as the government submits that there certainly exists a dispute between the parties as to certain "facts of the case," including whether the Defendant transported a firearm interstate in commerce on April 20, 2010, with the requisite *mens rea* in violation of 18 U.S.C. §231(a)(1) which would be supported by extrinsic evidence, therefore the Defendant's Motion to be Dismissed should be denied.

Respectfully submitted this 17th day of September, 2010.

>GREGG L. SULLIVAN.
>ACTING UNITED STATES ATTORNEY
>
>By: /s/ A. Wm. Mackie
>A. William Mackie
>Assistant United States Attorney
>800 Market Street, Ste. 211
>Knoxville, Tennessee 37902
>(865) 545-4167

**CERTIFICATE OF SERVICE**

I hereby certify that on September 17, 2010, a copy of the foregoing notice was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Opposing counsel may access this filing through the Court's electronic filing system. Any counsel not named as being served electronically will be served by regular U.S. mail or facsimile.

>/s/ A. Wm. Mackie
>A. WILLIAM MACKIE
>Assistant United States Attorney

5