UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | No. 3:10-CR-73 |
| ) | VARLAN/GUYTON |
| DARREN WESLEY HUFF ) | |
| ) | |
| **Defendant.** ) | |

## UNITED STATES' MOTION TO
## REVOKE DEFENDANT'S BOND OR
## MODIFY DEFENDANT'S CONDITIONS OF PRETRIAL RELEASE

COMES NOW the United States of America, this 17th day of December, 2010, by and through the undersigned Assistant United States Attorney for the Eastern District of Tennessee, and hereby respectfully submits to this Honorable Court a Motion to Revoke Defendant's Bond or Modify Defendant's Conditions of Pretrial Release on the basis that the Defendant (1) on July 6 and July 27, 2010, represented to the Court what he termed a "compelling need" to modify the terms of his pretrial release to remove the requirement of a radio frequency monitoring ("RFM") device on the basis that he would be unable to pursue an existing specific type of outdoor landscaping employment that required him to use a construction boot, (2) failed to actually work under those conditions as represented to the Court, (3) changed his employment to an indoor clothing shop, a job that does not require the use of a construction boot, without prior notification to his current Probation Officer, both of the fact that he was changing jobs from what he had represented to the Court would be his employer and without disclosing that his change in employment activities was now no longer consistent with purported conditions that led the Court

to agree to the removal of the RFM device requirement and (4) continues to work in an environment where the terms of RFM would not preclude employment and would be consistent with the original terms of his conditions of pretrial release.  For these reason, the government submits that the Defendant has engaged in what amounts to a "bait and switch" conduct which has had the effect of evading the original terms of his pretrial release both in the terms of the intent, spirit and terms of the Court's Order Modifying Conditions of Release.  For that reason, the government requests that the Defendant's bond be revoked, or in the alternative be restored to the original terms that required home detention using RFM, given that contrary to his earlier representations to the Court, the nature of his current employment activities (and virtually any other) does not preclude the use of RFM devices..  In support of this motion, the government states as follows:

1. As noted previously on the record both in open court and in prior pleadings, the government had expressed an intention to seek pretrial detention in this case, but reached an agreement with the Defendant's counsel at the initial arraignment to use an alternative means of pretrial release that would include both home detention and electronic monitoring using a RFM device.  The government and the Defendant, through his counsel, stated to the Court that these conditions were acceptable to both parties.  The Court indicated that it would accept the proposed terms of bond and pretrial release as agreed to by both sides and subsequently entered an Order Setting Conditions of Release on May 3, 2010 [Doc. 9], wherein the Court set as a condition of pretrial release Hone Detention as Condition 8(s)(ii) coupled with the requirement under Condition (8)(t)(ii) that the Defendant submit to location monitoring in the form of Radio Frequency (RF) monitoring.  Doc. 9, p. 2.

2. On July 6, 2010, the Defendant filed a Motion to Modify Defendant's Conditions of Pretrial Release [Doc.17, "Motion to Modify"] wherein he represented to the Court that "he has been unable to find more permanent and full time employment in part because of the need to wear the electronic monitoring device." Motion to Modify, p. 2. The Defendant argued in his motion, and later reiterated it more specifically at the hearing before this Court, that he was only able to find a job that involved landscaping or outdoor construction type work. Id., at 2 and Transcript of Proceedings July 27, 2010 ("Trans."), p. 22. In support of this claim, the Defendant stated in his motion that he "cannot wear work boots which are required for this type of work due to the presence of the monitoring device on his ankle." Motion to Modify, p. 2. The government argued that the Defendant could seek employment as numerous like situated defendants released on bond in a wide range of areas that didn't require "work boots;" moreover that there had been no showing whatsoever that he couldn't use a work boot that would fit over an ankle monitoring device. Trans., p. 26-27. The Defendant's central argument was that the Court should "remove the requirements of house arrest and electronic monitoring" as it "impairs his ability to work and support himself and his family while awaiting trial." Motion to Modify, p. 3.

3. The Defendant specifically represented to the Court that he would be "impaired" or otherwise could not obtain employment in an outdoor landscaping job that he already had lined up while under the conditions of home detention with a RFM device. It was on this basis that the Court agreed to modify the terms of the Defendant's Pretrial Release to remove the requirement of the use of a RFM device. The government objected that the Defendant could well find employment under the existing terms of pretrial release.

3

Case 3:10-cr-00073-TAV-HBG    Document 63    Filed 12/17/10    Page 3 of 6    PageID #: 466

4. Following the July 27, 2010, Memorandum and Order by the Court modifying the terms of pretrial release to remove the condition of the use of a RFM device in response to the Defendant's petition, the U.S. Probation Office received an email notice on August 2, 2010, from a Mike Fuller of "Outdoor Solutions" which stated that the Defendant was being employed by his company as a "commission salesman." While this might beg the question of whether in fact the Defendant ever in fact needed to wear "work boots" for a sales job, at least the name of the company appeared consistent with the Defendant's earlier representations to the Court. The Defendant's current Probation Officer first tried to verify the Defendant's employment at Outdoor Solutions on August 31, 2010, only to find he did not work there. Within a short time after his inquiry at Outdoor Solutions, the Probation Officer received a call from the Defendant to the effect that there was no work for him at Outdoor Solutions so he had taken a job at Crazy Native T-Shirt sop in Douglasville, GA. The Probation Officer has verified that the Defendant does work at that location, which job entails a indoor setting and no need to use an outdoor construction boot.

5. What in fact transpired in a short time period following the entry of the Court's July 27 Memorandum and Order is that the Defendant stopped working his purported place of employment called "Outdoor Solutions" which purportedly required the use of work boots, and perhaps in fact never did at all. Instead the Defendant changed his employment without prior notification to the Probation Officer and has been working since at a clothing shop all the while without disclosing to the Probation Office, the government or the Court that his work conditions would permit the use of a RFM device.

6. The Defendant has either engaged in (i) a deceptive means of representing the terms of his employment as a means of obtaining a significant modification of his terms of pretrial release or (ii) subsequently changed the terms of his employment without informing the Probation Office, the government or the Court to a job that could well permit the use of a RFM device and home detention, as the original Order Setting Conditions of Release required. In either event, the government submits that the Defendant should have his bond revoked for seeking to change the conditions of his pretrial release under either false pretenses or subsequently by failing to report a significant change in the terms of his employment which would permit the use of a RFM device as part of the order of home detention.

CONCLUSION

WHEREFORE, for the reasons noted above, the United States respectfully requests that the Court either revoke the Defendant's bond and detain the Defendant prior to trial in this case or, in the alternative, enter an order restoring the original terms and conditions of the Court's Order Setting Conditions of Release [Doc. 9].

Respectfully submitted this 17th day of December, 2010.

             WILLIAM C. KILLIAN
             United States Attorney

       By: s/ A. Wm. Mackie
          A. WM. MACKIE
          Assistant United States Attorney
          800 Market Street, Suite 211
          Knoxville, Tennessee 37902
          (865) 545-4167

CERTIFICATE OF SERVICE

       I hereby certify that on the 17th day of December, 2010, a copy of the foregoing Motion to Revoke Bond was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

                                              s/ A. Wm. Mackie
                                              A. William Mackie
                                              Assistant United States Attorney