IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:10-CR-73 |
| | ) | (VARLAN/GUYTON) |
| DARREN WESLEY HUFF, | ) | |
| Defendant. | ) | |

### REPORT AND RECOMMENDATION

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C.§ 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on Defendant Huff's Motion to Dismiss for Failure to Establish Interstate Commerce Jurisdiction [Doc. 29], filed on August 13, 2010. The parties appeared for a hearing on pending motions on October 12, 2010. Assistant United States Attorney A. William Mackie appeared on behalf of the Government. Attorneys Jonathan A. Moffatt, Paula R. Voss, and Anne E. Passino represented the Defendant, who was not present. After hearing the arguments of the parties, the Court took the motion under advisement.

### I. POSITIONS OF THE PARTIES

The Defendant is charged in a two-count Superseding Indictment [Doc. 19], with transporting a firearm in interstate commerce, knowing and intending that it would be used unlawfully in

1

furtherance of a civil disorder (Count One) and carrying a firearm in relation to the crime of violence alleged in Count One (Count Two). The Defendant argues [Doc. 29] that the Superseding Indictment should be dismissed due to a lack of federal jurisdiction. In this regard, he argues that 18 U.S.C. § 231(a), the statute underlying the jurisdiction of both counts, proscribes conduct that cannot be regulated under the Commerce Clause. The Government responds [Doc. 45] that Section 231(a) provides a basis for federal jurisdiction because interstate commerce includes the non-commercial transportation of people or things for illegal purposes.

## II. ANALYSIS

Our Constitution requires that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment by a grand jury[.]" U.S. Const. Amend. V. The Defendant argues [Doc. 29] that 18 U.S.C. § 231(a) is unconstitutional because it proscribes conduct that cannot be regulated under the Commerce Clause. He contends that a firearm transported across state lines is not an item in interstate commerce when the gun is not transported in relation to economic activity. He asserts that because Count One fails with regard to this jurisdictional aspect, it cannot provide the derivative jurisdiction to support Count Two. Accordingly, the Defendant argues that the Superseding Indictment must be dismissed due to the absence of federal jurisdiction. Alternatively, the Defendant contends that even if the statute does not exceed the power granted by the Commerce Clause, the Government has failed to allege any facts that would establish federal jurisdiction in this case.

The Government responds [Doc. 45] that Congress expressly stated the basis for federal jurisdiction in Section 232(a)(2) by regulating any person who transports a firearm in interstate

commerce for a specified unlawful purpose, namely that of knowing or intending that the firearm will be used to further a civil disorder. It asserts that interstate commerce jurisdiction can extend to the non-commercial interstate transportation of people or things for an illegal purpose. Finally, it points out that the Supreme Court has upheld Congress's ability to regulate firearms that have been transported in interstate commerce at some time by someone. See Scarbrough v. U.S., 431 U.S. 563 (1977).

Count One charges as follows:

> On or about April 20, 2010, in Monroe County, in the Eastern District of Tennessee and elsewhere, the defendant
>
> DARREN WESLEY HUFF,
>
> did transport in commerce a firearm, knowing and having reason to know and intending that such firearm would be used unlawfully in furtherance of a civil disorder.
> In violation of Title 18, United States Code, Section 231(a)(2).

Count Two alleges a violation of 18 U.S.C. § 924(c)(1)(A), that the Defendant "did use and carry a firearm during and in relation to a felony crime of violence for which he may be prosecuted in a court of the United States" that felony being the offense charged in Count One.

Section 231(a)(2) provides that

> [w]hoever transports or manufactures for transportation in commerce any firearm, or explosive or incendiary device, knowing or having reason to know or intending that the same will be used unlawfully in furtherance of a civil disorder . . . [s]hall be fined under this title or imprisoned not more than five years, or both.

Section 231(a)(2) contains as an element of the offense that the firearm be transported or manufactured for transportation "in commerce[.]" Congress expressly defined "commerce" for

3

purposes of Section 231 as "commerce (A) between any State or the District of Columbia and any place outside thereof; (B) between points within any State or the District of Columbia, but through any place outside thereof; or (C) wholly within the District of Columbia." 18 U.S.C. § 232(2).

### A. COMMERCE CLAUSE CHALLENGE

The Defendant mounts a constitutional challenge alleging that Congress lacks authority under the Commerce Clause to regulate non-commercial activity in Section 231. He contends that Section 232(a)(2) does not comport with the contemporary understanding of the limited scope of federal jurisdiction predicated on the Commerce Clause.[1] The Court begins by observing that a court "may only invalidate a congressional enactment passed pursuant to the Commerce Clause if it bears no rational relation to interstate commerce." United States v. Faasse, 265 F.3d 475, 481 (6th Cir. 2001) (citing Hodel v. Virginia Surface Mining & Reclamation Ass'n, 452 U.S. 264, 276(1981)). Our Supreme Court has

> "identified three general categories of regulation in which Congress is authorized to engage under its commerce power. First, Congress can regulate the channels of interstate commerce. Second, Congress has authority to regulate and protect the instrumentalities of interstate commerce, and persons or things in interstate commerce. Third,

---

[1] In his reply brief [Doc. 49], the Defendant also faults Section 231(a)(2) because the statute defines "in commerce" as being, in part, commerce "wholly within the District of Columbia." 18 U.S.C. §232(2). He argues that commerce thus defined to include wholly intrastate activity does not comport with the Commerce Clause. First, the Court notes that there is no contention that all of the events of this case took place in the District of Columbia. Instead, Count One of the Superseding Indictment alleges that the Defendant transported a firearm "in Monroe County, in the Eastern District of Tennessee and elsewhere[.]" Second, Congress has the exclusive authority under Article I, Section 8, clause 17, of the Constitution to legislate within the District of Columbia. See Palmore v. U.S., 411 U.S. 389, 398 (1973) (describing this power as "plenary" and including "all the police and regulatory powers which a state legislature or municipal government would have in legislating for state or local purposes").

4

>Congress has the power to regulate activities that substantially affect interstate commerce.

Gonzales v. Raich, 545 U.S. 1, 16-17 (2005). The Defendant argues that Section 231(a)(2) does not fall "neatly" within any of these three categories but, instead, attempts to regulate items that merely traveled between states, even if for a non-economic purpose.

Turning first to the plain language of the statute, the Court finds that Section 231(a)(2) contains a specific jurisdictional element in requiring that the firearm (or explosive or incendiary device) be transported "in commerce," which is defined to mean, in part, commerce between any state and any place outside of that state. The Court finds that Section 231(a)(2) falls within the second category, that of Congress's ability to regulate "persons or things in interstate commerce." "Congress's power to regulate things in interstate commerce is plenary." Faasse, 265 F.3d at 483 (holding that "pursuant to its authority to regulate things in interstate commerce, be they commercial or not, we believe that Congress may properly prohibit a non-custodial spouse from refusing to pay court-ordered child support when the child lives in another state").

The Defendant argues that things are only in interstate *commerce* if they are "in the flow of commerce" in the sense that they are moving with respect to their creation for interstate markets or their transportation or distribution to the consumer. See United States v. American Bldg Maint. Indus., 422 U.S. 271, 277 (1975) (discussing the language "in commerce" in the Clayton Act). Based on the binding precedent, the Court must disagree. The Supreme Court has previously upheld Congress's authority under the Commerce Clause to regulate the movement of persons or things across or between states for an illegal purpose. See, e.g., United States v. Orito, 413 U.S. 139, 143 (1973) (concluding that Congress may regulate the transportation of obscene material across state

lines, even if by private vehicle for the private use of the transporter); Cleveland v. U.S., 329 U.S. 14, 17 (1946) (holding that "[t]he power of Congress over the instrumentalities of interstate commerce is plenary; it may be used to defeat what are deemed to be immoral practices; and the fact that the means used may have 'the quality of policer regulations' is not consequential" with regard to Congress's ability to regulate interstate travel for purposes of polygamy); United States v. Simpson, 252 U.S. 465 (1920) (upholding Congress's power to regulate the transportation of alcohol in interstate commerce into a state prohibiting the manufacture or sale of alcohol even when the statute was applied to the transportation of five quarts of whiskey in a private automobile for personal consumption); Hoke v. U.S., 227 U.S. 308, 320-21 (1913) (affirming constitutionality of a federal statute prohibiting the movement of persons across state lines for the purpose of engaging in prostitution). Moreover, the Court notes that the District Court for the District of Columbia has found that a different subpart of Section 231(a) is not an unconstitutional exercise of Congress's power under the Commerce Clause. United States v. Hoffman, 334 F. Supp. 504, 509 (D.C.D.C. 1971) (discussing Section 231(a)(3), which prohibits the obstruction of law enforcement during the commission of a civil disorder in such a way that commerce or an item moving in commerce is adversely affected or obstructed or delayed).

The Defendant attempts to distinguish this case law as occurring before what he characterizes as the "contemporary" and more limited view of federal Commerce Clause-based jurisdiction arising in United States v. Lopez, 514 U.S. 549, (1995), and United States v. Morrison, 529 U.S. 598 (2000), and applied in Jones v. United States, 529 U.S. 848 (2000). As noted by the Government, these cases examine and reject Congress's ability to regulate purely *intrastate* activity or conduct under the Commerce Clause because that activity or conduct arguably, although tangentially, affected

interstate commerce. Faasse, 265 F.3d at 483 (reasoning that Lopez and Morrison guide courts in analyzing federal statutes that regulate "exclusively intrastate activity" but do not speak to "the first or second categories of activity that Congress may validly regulate under its Commerce Clause power"). Such intrastate conduct is not the subject of Section 231(a)(2), and, thus, the Court finds these cases to be inapposite. Moreover, our Court of Appeals has not deemed the Lopez-Morrison line of Supreme Court case law to have affected the Supreme Court's 1977 holding in Scarborough, 431 U.S. at 575, that the transportation of a firearm in interstate commerce at some point in time is sufficient to provide a nexus to interstate commerce with regard to a federal statute prohibiting felons for possessing firearms in or affecting commerce. United States v. Thompson, 361 F.3d 918, 922-23 (6th Cir.), cert. denied, 543 U.S. 859 (2004); United States v. Napier, 233 F.3d 394, 401 (6th Cir.2000); United States v. Chesney, 86 F.3d 564, 568 (6th Cir 1996). Congress, pursuant to its powers under the Commerce Clause, can regulate the possession of firearms by felons if the firearm in question has moved in interstate commerce at some point in time. Accordingly, the Court finds that Section 231(a)(2) does not exceed Congress's authority under the Commerce Clause.

The Defendant also challenges the jurisdictional basis for Count Two, which charges a violation of Section 924(c). Movement in interstate commerce is not an element of Section 924(c). United States v. Smith, 320 F.3d 647, 654 (6th Cir. 2003) (holding that "a conviction under 18 U.S.C. § 924(c)(1) does not require proof of an interstate nexus element" and requires only "a minimal nexus between the firearm and interstate commerce"). Instead, for a conviction under 924(c), the prosecution must show that the defendant "'committed a violent crime for which he may be prosecuted in federal court.'" United States v. Wang, 222 F.3d 234, 241 (6th Cir. 2000) (quoting United States v. Smith, 182 F.3d 452, 457 (6th Cir. 1999)). Thus, a Section "924(c) conviction

7

cannot stand when the trial court had no jurisdiction over the predicate crime." Id. (citing United Staes v. Collins, 40 F.3d 95, 101 (5th Cir. 1994)). Accordingly, the Defendant argues that his Section 924(c) charge is not predicated on a crime that Congress has the authority to enact. In other words, he asserts that there is no federal jurisdiction for Count Two, if there is no federal jurisdiction for Count One. The Court has already found that Congress had the authority under the Commerce Clause to enact Section 231(a)(2), which underlies the charge in Count One. Accordingly, the Court also finds that federal jurisdiction is proper under Count Two.

### B. CHALLENGE TO THE SUFFICIENCY OF THE JURISDICTIONAL ELEMENT

The Defendant contends that even if Section 231(a)(2) is a proper exercise of Congress's powers under the Commerce Clause, the Indictment fails to allege any facts in Count One that would show the jurisdictional element. Specifically, he contends that the Superseding Indictment does not identify the firearm, state how it was "in commerce," or identify any effect on commerce. The Government responds that the Indictment's allegation that the Defendant transported a firearm "into the Eastern District of Tennessee" is sufficient to comply with the notice requirements of the Constitution and Rule 7(c) of the Federal Rules of Criminal Procedure.

"The indictment . . . must be a plain, concise, and definite written statement of the essential facts constituting the offense charged[.]" Fed. R. Crim. P. 7(c)(1). As a general rule, an indictment passes constitutional muster if it "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." Hamling v. United States, 418 U.S. 87, 117 (1974); United States v. Landham, 251 F.3d 1072, 1079 (6th Cir. 2001) (quoting

8

Hamling). An indictment may allege the charges using the words of the statute itself as long as it gives all the elements of the offense "'fully, directly, and expressly[.]'" Hamling, 418 U.S. at 117 (quoting United States v. Carll, 105 U.S. 611, 612 (1882)); Landam, 251 F.3d at 1079. Moreover, the statutory language "'must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged.'" Hamling, 418 U.S. at 117-18 (quoting United States v. Hess, 124 U.S. 483, 487(1888)); Landam, 251 F.3d at 1079.

The Court finds that Count One of the Superseding Indictment alleges that the Defendant transported a firearm "in Monroe County, in the Eastern District of Tennessee and elsewhere[.]" Although the Indictment fails to specify that the firearm was transported from the state of Georgia into the state of Tennessee, it does allege that the firearm was transported "in commerce," (which, as discussed above, the statute defines as being into a state from a point outside the state) in Tennessee and elsewhere. Given that the Indictment alleges that the transportation occurred in Tennessee and elsewhere, the Court cannot find as a matter of law that Count One fails to allege the jurisdictional element. The Court notes that the Government must still prove that the Defendant transported the firearm "in commerce" at trial. Finally, although information provided in discovery will not serve to cure a defect in an indictment, the Court notes that based upon the evidence presented at the suppression hearing on September 22, 2010, the Defendant will not be surprised at trial by the evidence that the Government will seek to use to support this jurisdictional element.

## III. CONCLUSION

After carefully considering the motions, memoranda, oral arguments, and relevant legal authorities, the Court finds that the Superseding Indictment properly alleges the jurisdictional element. For the reasons set forth herein, it is **RECOMMENDED** that the Defendant's Motion to Dismiss for Failure to Establish Interstate Commerce Jurisdiction [**Doc. 29**] be **DENIED**.[2]

Respectfully submitted,

s/ H. Bruce Guyton
United States Magistrate Judge

---

[2]Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2) (as amended). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); see United States v. Branch, 537 F.3d 582, 587 (6th. Cir. 2008); see also Thomas v. Arn, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the required time period waives the right to appeal the District Court's order). The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370, 1373 (6th Cir. 1987).