IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:10-CR-73 |
| | ) | (VARLAN/GUYTON) |
| DARREN HUFF, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate.

This case came before the Court on January 4, 2011 for hearing on the United States' Motion To Revoke Defendant's Bond or Modify Defendant's Conditions of Pretrial Release [Doc. 63]. William Mackie and Jeffrey Theodore were present for the Government. Jonathan Moffatt, Paula Voss, and Anne Passino were present for the Defendant Darren Wesley Huff ("Huff"), who was also present.

The Defendant Huff was placed on pretrial release by United States Magistrate Judge C. Clifford Shirley, Jr., on May 3, 2010. [Doc. 9]. One of the terms of Huff's bond was electronic location monitoring. This is radio frequency monitoring, which allows a supervising probation officer to know when a defendant is not at home. It entails the defendant wearing an ankle bracelet.

On July 6, 2010, Huff requested that the condition of electronic location monitoring be removed from his bond, citing his desire to seek employment in the field of landscaping. Huff stated

that such labor required the wearing of work boots which are incompatible with the wearing of the ankle bracelet. [Doc. 17]. The Government objected, stating that it wanted Huff to continue on electronic location monitoring, and that Huff should find work which did not require him to wear work boots. [Doc. 21]. On July 27, 2010, the Court found that Huff had complied with all conditions of his bond since May 3, 2010, and granted the request to remove the ankle bracelet. [Doc. 28].

The motion now before the Court was filed on December 17, 2010. In this motion, the Government seeks to have Huff's bond revoked, or in the alternative, for Huff to be placed on electronic location monitoring, as he was prior to July 27, 2010.

At the hearing, United States Probation Officer Joe Best ("Officer Best") testified that he has been supervising Huff since August, 2010. Officer Best said that Huff is in total compliance with the terms and conditions of his pretrial release. Officer Best testified that Huff is employed, that Huff has not traveled without permission, and that Huff has appeared for his scheduled court hearings. Officer Best confirmed that Huff works for Crazy Native T-shirts, a business which produces and sells t-shirts bearing politically-oriented messages.

Officer Best also confirmed that Huff, after he was released on bond in May, 2010, had been offered a job by Mike Fulmer, owner of Outdoor Solutions, Inc. Mr. Fulmer told Officer Best that Fulmer offered Huff a commission sales job, with the possibility of also doing landscaping, if the work could be obtained. According to Officer Best, however, Huff lives in a rural area of Georgia, where the economy is bad and employment opportunities are limited. Huff advised Officer Best that there was not enough work for him to be employed with Outdoor Solutions, and so he took the job with the t-shirt company.

Officer Best testified that he has not requested that Huff be placed on electronic monitoring.

2

The Court finds that the testimony of Officer Best is credible, and that Officer Best has done a good job of supervising Huff. Officer Best shall continue to communicate with the Court on any matters of supervision.

Based on the testimony of Officer Best, which is the totality of the record in this proceeding, the Court finds that Huff is in compliance with the terms and conditions of his pretrial release. Moreover, there is insufficient evidence to find that Huff obtained a modification of the terms of his release through misrepresentation.

The Government argues that Huff is a danger to the community. There is no evidence, however, that Huff is any more of a danger to the community, or for that matter a flight risk, today than he was in May, 2010, when he was placed on pretrial release by Magistrate Judge Shirley. In fact, the evidence is just the opposite: seven moths after being placed on bond, Huff is in complete compliance, he has appeared for his court proceedings, and he has cooperated with Probation Officer Best.

The Court finds that there are no grounds upon which to revoke or modify the Defendant's pretrial release. This Court will not hesitate to revoke or modify a bond if a violation is shown, but such is not the case in this matter. Accordingly, the Government's Motion [Doc. 63] is not well-taken and it is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

    s/ H. Bruce Guyton
United States Magistrate Judge

3

Case 3:10-cr-00073-TAV-HBG    Document 70    Filed 01/06/11    Page 3 of 3    PageID #: 528