UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:10-CR-73 |
| | ) | (VARLAN/GUYTON) |
| DARREN WESLEY HUFF, | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION AND ORDER**

This criminal action is before the Court on the Report and Recommendation (the "R&R") [Doc. 64], issued by United States Magistrate Judge H. Bruce Guyton. The defendant, Darren Wesley Huff, is charged in a superseding indictment with the alleged offenses of transporting a firearm in furtherance of a civil disorder in violation of 18 U.S.C. § 231(a)(2) and using a firearm in relation to a felony crime of violence in violation of 18 U.S.C. § 924(c)(1)(A) [Doc. 19].

The defendant filed a motion to dismiss for failure to establish interstate commerce jurisdiction [Doc. 29]. The United States filed a response in opposition [Doc. 45]. The parties then appeared before Magistrate Judge Guyton for a hearing, and after hearing the arguments of the parties, Magistrate Judge Guyton took the matter under advisement [Doc. 64].

In the R&R, Magistrate Judge Guyton rejects the defendant's arguments and recommends that the defendant's motion be denied [Doc. 64]. The defendant filed objections to the R&R [Doc. 67], to which the government responded [Doc. 72].

I. **Standard of Review**

As required by 28 U.S.C. § 636(b)(1) and Rule 59(b) of the Federal Rules of Criminal Procedure, the Court has undertaken a *de novo* review of those portions of the R&R to which defendant has objected. In doing so, the Court has carefully considered Magistrate Judge Guyton's R&R [Doc. 64], the underlying and supporting briefs [Docs. 29 and 45], and the parties' briefs on the pending objections [Docs. 67 and 72], all in light of the relevant law. For the reasons set forth herein, the Court will overrule defendant's objections, accept in whole the R&R, and deny the motion to dismiss.

II. **Analysis**

   A. **The Defendant's Argument**

In his motion, the defendant argues that the superseding indictment should be dismissed due to a lack of federal jurisdiction. He asserts that 18 U.S.C. § 231(a), the statute underlying both counts in the superseding indictment, proscribes conduct that cannot be regulated under the Commerce Clause [Doc. 29]. Alternatively, the defendant argues that, even if the statute does not exceed the power granted by the Commerce Clause, the government has failed to allege any facts that would establish federal jurisdiction in this case [*Id.*].

## B. The Report & Recommendation of Magistrate Judge Guyton

With respect to the defendant's Commerce Clause argument, Magistrate Judge Guyton finds that section 231(a)(2) does not exceed Congress's authority because the statute contains a specific jurisdictional element in requiring that the firearm be transported "in commerce," which is defined to mean, in part, commerce between any state and any place outside of that state [Doc. 64]. Further, Magistrate Judge Guyton finds that section 231(a)(2) falls within the second category of regulation in which Congress is authorized to engage under its commerce power: Congress's ability to regulate persons or things in interstate commerce [*Id.*].

In so finding, Magistrate Judge Guyton rejects the defendant's argument that things are in interstate commerce only if they are in the "flow of commerce" in the sense that they are moving with respect to their creation for interstate markets or their transportation or distribution to the consumer on the basis that the Supreme Court has upheld Congress's authority under the Commerce Clause to regulate the movement of persons or things across or between states for an illegal purpose [*Id.* (citing *United States v. Orito*, 413 U.S. 139, 143 (1973); *Cleveland v. United States*, 329 U.S. 14, 17 (1946); *United States v. Simpson*, 252 U.S. 465 (1920); and *Hoke v. United States*, 227 U.S. 308, 320-21 (1931)]. Magistrate Judge Guyton further rejects the defendant's attempt to distinguish this case law as occurring before the Supreme Court's decisions in *United States v. Lopez*, 514 U.S. 549 (1995), and *United States v. Morrison*, 529 U.S. 598 (2000), as applied in *Jones v. United States*, 529 U.S. 848 (2000). Magistrate Judge Guyton notes that these cases examine and reject Congress's

3

ability to regulate purely intrastate activity or conduct under the Commerce Clause because that activity or conduct arguably, although tangentially, affects interstate commerce, and finds such cases inapposite because intrastate commerce is not the subject of section 231(a)(2) [*Id.* (citing *United States v. Faasse*, 265 F.3d 475, 483 (6th Cir. 2001)]. He also finds that none of those decisions affected the Supreme Court's 1977 holding in *Scarborough v. United States*, 431 U.S. 563, 575 (1977), that the transportation of a firearm in interstate commerce at some point in time is sufficient to provide a nexus to interstate commerce with regard to a federal statute prohibiting felons for possessing firearms in or affecting commerce [*Id.* (citations omitted)]. Further, Magistrate Judge Guyton indicates that the District Court for the District of Columbia has found that another subsection of section 231(a), section 231(a)(3), is not an unconstitutional exercise of Congress's power under the Commerce Clause [*Id.* (citing *United States v. Hoffman*, 334 F. Supp. 504, 509 (D.C.D.C. 1971)].

With respect to the defendant's challenge to the jurisdictional basis for count two, which essentially is that count two is predicated on count one, which alleges a crime Congress does not have the authority to enact, Magistrate Judge Guyton finds that, because he found Congress has the authority to enact section 231(a)(2), which underlies the charge in count one, federal jurisdiction is proper under count two [*Id.*].

Finally, with respect to the defendant's challenge to the sufficiency of the jurisdictional elements, Magistrate Judge Guyton finds that count one of the superseding indictment sufficiently alleges the jurisdictional element [*Id.*]. In support, he relies upon the fact that count one alleges that the defendant transported a firearm in Monroe County, in the

4

Eastern District of Tennessee and elsewhere [*Id.*]. He finds that, although the indictment fails to specify that the firearm was transported from the state of Georgia into the state of Tennessee, it alleges that the firearm was transported in commerce, which the statute defines as being into a state from a point outside the state [*Id.*]. Magistrate Judge Guyton also notes that the defendant would not be surprised at trial given the evidence presented at the suppression hearing, but notes that such could not serve to cure any defect in the indictment [*Id.*].

      **C.**      **The Defendant's Objections**

The defendant asserts that the R&R errs in making the following findings of fact: (1) that 18 U.S.C. § 231(a)(2) contains a specific jurisdictional element that is sufficient to invoke federal jurisdiction; (2) that section 231(a)(2) falls within the second category of activities that Congress may regulate, that of persons or things in interstate commerce; (3) that Congress has the authority to regulate persons or things that are not in the flow of commerce; (4) that *United States v. Lopez*, *United States v. Morrison*, and *Jones v. United States* are inapposite to an analysis of whether federal jurisdiction may be asserted under the Commerce Clause; (5) that section 231(a)(2) does not exceed Congress's authority under the Commerce Clause; (6) that federal jurisdiction is proper under count two charging a violation of 18 U.S.C. § 924(c); (7) that the indictment sufficiently alleges a federal jurisdictional element; and (8) that information provided in discovery will prevent surprise at trial about how the government will seek to support the jurisdictional element [Doc. 67]. The defendant breaks down these eight objections into two broader categories: that the R&R erred in finding

that section 231(a)(2) is a "constitutional exercise of Congress's authority under the Commerce Clause," and that the R&R erred in finding that the indictment is constitutionally sufficient.

> 1. **The Defendant's Objection to the Related Findings Used to Support Magistrate Judge Guyton's Recommended Conclusion that 18 U.S.C. § 231(a)(2) is a Constitutional Exercise of Congress's Authority under the Commerce Clause**

The defendant's objection regarding the findings used to support Magistrate Judge Guyton's recommended conclusion that 18 U.S.C. § 231(a)(2) is a constitutional exercise of Congress's authority under the Commerce Clause is a reiteration of the arguments the defendant set forth in his memorandum in support of the motion to dismiss [*See* Doc. 29]. Upon the Court's review of the R&R and the relevant law, the Court determines that the magistrate judge has already considered these arguments fully. And, this Court agrees with the magistrate judge's analysis and findings regarding this issue. The only new argument raised by the defendant is based on the rule of lenity [Doc. 67]. The Court, however, does not find any ambiguity in section 231(a)(2) as to invoke the rule. *See United States v. Santos*, 553 U.S. 507, 517 (2008) ("The rule of lenity requires ambiguous criminal laws to be interpreted in favor of the defendants subjected to them.") (citations omitted). Accordingly, this objection is hereby overruled.

> 2. **The Defendant's Objection to the R&R's Finding that the Indictment is Constitutionally Sufficient**

The defendant takes issue with Magistrate Judge Guyton's finding that the indictment is constitutionally sufficient because it alleges the firearm was transported "in commerce,"

even though the indictment fails to specify that the firearm was transported from the state of Georgia to the state of Tennessee [Doc. 67]. The defendant argues that the finding is based on inferences [*Id.*]. The Court disagrees. Magistrate Judge Guyton's finding is based on the jurisdictional language of the statute alleged to have been violated along with the allegation that the firearm was transported in commerce by the defendant in the Eastern District of Tennessee and elsewhere. The defendant may prefer to have greater specificity of the evidence against him written in the superseding indictment, but the government is not required to prove its case in the indictment. As the magistrate judge correctly pointed out, the government still must prove at trial that the defendant transported the firearm "in commerce."

To the extent that the defendant takes issue with Magistrate Judge Guyton's notation that "based upon the evidence presented at the suppression hearing . . . , the [d]efendant will not be surprised at trial by the evidence that the [g]overnment will seek to use to support this jurisdictional element[,]" the Court finds that such is irrelevant to Magistrate Judge Guyton's conclusion, with which this Court agrees. Indeed, Magistrate Judge Guyton even noted that such could not serve to cure any defect in the indictment.

The defendant also argues that the rule of lenity "has a role in analyzing whether the Superseding Indictment establishes federal jurisdiction" and cites *United States v. Debreczeny*, 69 F. App'x 702, 708 (6th Cir. 2003) (unpublished), and *United States v. Herrera*, 928 F.2d 769, 773 (6th Cir. 1991), in support [Doc. 67]. The Court notes that these cases do not address the rule of lenity. Nevertheless, the Court finds that such rule is

7

inapplicable to analyzing whether the superseding indictment establishes federal jurisdiction. To the extent that the defendant relies upon these cases to argue that the government is held to a higher standard in drafting documents related to criminal proceedings because of due process implications, the Court notes that these cases address such proposition with respect to plea agreement documents, not indictments, and therefore do not impact this case.

In sum, upon the Court's review of the R&R and the relevant law, the Court determines that it agrees with the magistrate judge's findings and conclusion regarding this issue. Accordingly, this objection is hereby overruled.

## III. Conclusion

For the reasons set forth above, the Court **OVERRULES** defendant's objections [Doc. 67] to the Report and Recommendation of Magistrate Judge Guyton and **ACCEPTS IN WHOLE** the Report and Recommendation [Doc. 64]. Accordingly, and because the Court has found no basis to dismiss either count of the indictment, defendant's motion to dismiss [Doc. 29] is **DENIED.**

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE