UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:10-CR-73 |
| | ) | (VARLAN/GUYTON) |
| DARREN WESLEY HUFF, | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION AND ORDER**

This criminal action is before the Court on the Report and Recommendation (the "R&R") [Doc. 68], issued by United States Magistrate Judge H. Bruce Guyton. The defendant, Darren Wesley Huff, is charged in a superseding indictment with the alleged offenses of transporting a firearm in furtherance of a civil disorder in violation of 18 U.S.C. § 231(a)(2) and using a firearm in relation to a felony crime of violence in violation of 18 U.S.C. § 924(c)(1)(A) [Doc. 19].

The defendant filed a motion to dismiss the indictment because the statute upon which the charges are based is unconstitutionally overbroad and vague [Doc. 33]. The United States filed a response in opposition [Doc. 46]. The parties then appeared before Magistrate Judge Guyton for a hearing, and after hearing the arguments of the parties, Magistrate Judge Guyton took the matter under advisement [Doc. 68].

In the R&R, Magistrate Judge Guyton rejects the defendant's arguments and recommends that the defendant's motion be denied [Doc. 68]. The defendant filed objections to the R&R [Doc. 73], to which the government responded [Doc. 74].

I.  **Standard of Review**

As required by 28 U.S.C. § 636(b)(1) and Rule 59(b) of the Federal Rules of Criminal Procedure, the Court has undertaken a *de novo* review of those portions of the R&R to which defendant has objected. In doing so, the Court has carefully considered Magistrate Judge Guyton's R&R [Doc. 68], the underlying and supporting briefs [Docs. 33, 46, and 50], and the parties' briefs on the pending objections [Docs. 73 and 74], all in light of the relevant law. For the reasons set forth herein, the Court will overrule defendant's objections, accept in whole the R&R, and deny the motion to dismiss.

II.  **Analysis**

   A.  **The Defendant's Argument**

In his motion, the defendant argues that section 231(a)(2) is overly broad and void for vagueness [Doc. 33]. He asserts that the statute is overbroad because it criminalizes constitutionally protected activities, namely the freedom of speech, the right to associate, and the right to possess firearms, while possessing a certain intent, regardless of whether any harm was threatened or effected [*Id.*]. He asserts that the statute is vague because it permits arbitrary enforcement and contains vague terms that do not provide sufficient notice of the conduct that the statute seeks to punish [*Id.*].

**B.     The Report & Recommendation of Magistrate Judge Guyton**

With respect to the defendant's argument that the statute is overly broad, Magistrate Judge Guyton finds that section 231(a)(2) is not overly broad because it does not prohibit speech or assemblies of persons seeking to engage in speech nor the possession of firearms in and of itself, but instead prohibits the bringing of a gun, bomb, or incendiary device to further a civil disorder [Doc. 68].  In so finding, Magistrate Judge Guyton relies upon *United States v. Mechanic*, 454 F.2d 849 (8th Cir. 1971), a case in which the defendants argued that section 231(a)(3) prohibits constitutionally protected speech [*Id.*].  The Eighth Circuit disagreed, finding that the statute has no application to speech, but instead applies only to violent physical acts [*Id.*].  It further noted that the "term 'civil disorder' simply describes the environment in which the act must be committed in order to be subject to prosecution under § 231(a)(3)" [*Id.*].  Likewise, Magistrate Judge Guyton finds that the term "civil disorder" is the environment into which the firearm must be transported by someone with the intention to use the firearm to promote acts of violence [*Id.*].

Magistrate Judge Guyton also rejects the defendant's argument that section 231(a)(2) punishes protected activity undertaken while having a certain intent without regard to whether any real acts of violence occur because, by definition, a civil disorder requires acts of violence, even if those violent acts only imminently threaten, rather than actually result in, personal injury or property damage [*Id.*].  He further finds that section 231(a)(2) does not punish intent alone but, rather, the act of transporting a firearm in commerce for a specific purpose (*i.e.*, the unlawful use of a firearm in furtherance of a civil disorder) while having

a certain intent (*i.e.*, knowing or having reason to know or intending that the firearm will be so used) [*Id.*].

In addition, Magistrate Judge Guyton rejects the defendant's argument that the statute is overly broad as applied to the defendant because the civil disorder referenced in the indictment did not occur [*Id.*]. In so finding, Magistrate Judge Guyton relies upon *United States v. Featherston*, 461 F.2d 1119 (5th Cir. 1971), a case in which the Fifth Circuit entertained a similar challenge to section 231(a)(1) [*Id.*]. In *Featherston*, the defendant argued that section 231(a)(1) was unconstitutional as applied because the government failed to prove the happening or pendency of a particular civil disorder and thus failed to show a clear and present danger justifying an interference with activity protected by the First Amendment [*Id.*]. The Fifth Circuit found that the government need not wait until planned illegal activity comes to fruition to take action [*Id.*].

With respect to the defendant's argument that section 231(a)(2) is unconstitutionally vague on its face and as applied to him, Magistrate Judge Guyton finds that the statute is not unconstitutionally vague [*Id.*]. In doing so, the magistrate judge rejects each of the four arguments made by the defendant.

First, Magistrate Judge Guyton rejects the defendant's contention that the scienter requirement "having reason to know" is vague. In support, he relies upon *Featherston*, where the defendants argued that the same language appearing in section 231(a)(1) was unconstitutionally vague because a person of common intelligence must guess at its meaning and application [*Id.*]. The appellate court found that the Supreme Court had upheld the

4

similar language "with intent or reason to believe" against a vagueness challenge because those words require those prosecuted to have acted in bad faith [*Id.*].

Second, Magistrate Judge Guyton rejects the defendant's argument that the term "unlawfully" is too vague to support criminal liability because the statute does not indicate the source of the illegality and, if based on state law, the same conduct could violate section 231(a)(2) in one state but not another [*Id.*]. In doing so, Magistrate Judge Guyton notes that Congress may enact laws that rely upon or incorporate state law and that the Sixth Circuit has determined that having the violation of state law as an element of a federal crime does not render that federal statute unconstitutionally vague [*Id.*]. The magistrate judge also finds *United States v. Stevens*, a case relied upon by the defendant, inapposite because the Supreme Court did not find the term "illegal" in the statute at issue to be vague but held that the depiction of an illegal treatment of an animal did not necessarily constitute a depiction of cruel treatment [*Id.*].

Third, Magistrate Judge Guyton rejects the defendant's argument that the term "civil disorder" is vague, even though it is defined by the statute, on the basis of *Mechanic*, in which the Fifth Circuit rejected the very same argument with respect to section 231(a)(3), which also employs the term "civil disorder" [*Id.*].

Finally, Magistrate Judge Guyton rejects the defendant's argument that section 231(a)(2) is vague because it is used infrequently in federal prosecutions [*Id.*]. Although he recognizes that the obscurity of a law can be relevant when the law reaches those engaged in apparently innocent conduct, the magistrate judge finds that section 231(a)(2) is neither

obscure nor impinges upon innocent conduct [*Id.*]. He notes that the law has been in existence for over forty years and the cases addressing the constitutionality of the Civil Obedience Act of 1968, of which section 231(a)(2) is a part, *Mechanic* and *Featherston*, date back to 1971 [*Id.*].

Magistrate Judge Guyton also rejects the defendant's argument that the rule of lenity should apply to resolve any doubts about section 231(a)(2)'s validity in his favor because of his finding that the scope of the statute is clear and unambiguous [*Id.*].

### C. The Defendant's Objections

The defendant objects to the R&R's finding that 18 U.S.C. § 321(a)(2) is constitutional both in scope and application in the instant case because it is neither overbroad nor unconstitutionally vague [Doc. 73]. The defendant also sets forth specific objections to the following findings:

> (1) that it does not matter that no civil disorder was alleged or occurred because "the Government does not have to wait until the violent acts are occurring to prosecute someone for acting to further those violent acts"; (2) that "section 231(a)(2) is not overly broad because it is not directed toward constitutionally protected conduct but, instead, seeks to prohibit illegal acts"; (3) that "section 231(a)(2) prohibits an act, that of transporting a firearm in commerce, for a specific purpose, that of unlawful use in furtherance of a civil disorder, while the individual has a certain intent, that of 'knowing or having reason to know or intending that' the firearm will be so used"; (4) that "having reason to know" is a sufficient mental state upon which to base criminal liability; (5) that "the term 'unlawful' is [not] vague within the statute"; (6) that "congress may constitutionally enact laws that rely upon or incorporate state law"; (7) that because "the defendant chooses the jurisdiction into which he or she transports the firearm . . . With the intent that it be used to further a civil disorder" that "the defendant should be charged with knowledge of what conduct violates the law in that jurisdiction"; (8) that "this definition [for civil disorder] is sufficient to provide a person of ordinary intelligence with fair

6

notice that his or her actions come within the ambit of the statute"; (9) that section 231(a)(2) is not obscure; and (10) that "the scope of the statute is clear and unambiguous" and thus "the rule of lenity is not applicable[.]"

[*Id*. (citations omitted)]. The defendant breaks down these ten objections into three broader objections: (1)"Mr. Huff objects to the findings that 18 U.S.C. § 231(a)(2) does not infringe protected rights and is not overbroad[;]" (2) "Mr. Huff objects to the finding that 18 U.S.C. § 231(a)(2) is not void for vagueness because it encourages arbitrary and discriminatory enforcement of the law[;]" and (3) Mr. Huff objects to the findings related to the rule of lenity [*Id*.].

### 1. The Defendant's Objection to the Findings that 18 U.S.C. § 231(a)(2) Does Not Infringe Protected Rights and Is Not Overbroad

The defendant's objection to the finding that 18 U.S.C. § 231(a)(2) does not infringe protected rights and is not overbroad is a reiteration of the arguments the defendant set forth in his memorandum in support of the motion to dismiss [*See* Doc. 33]. In his objection, the defendant merely takes issue with the magistrate judge's conclusion and interpretation of case law, but he does not cite to any particular finding of fact or any conclusion of law that is contrary to existing precedent. At best, the defendant argues that the magistrate judge did not give sufficient weight to the fact that no civil disorder occurred in this case and argues that "[i]f the [R&R] is correct to find that § 231(a)(2) is not overbroad because it prohibits civil disorders and because the term civil disorder means 'public disturbances involving acts of violence,' it logically follows that proof of a civil disorder must exist if one's conduct is to be removed from constitutional protection and made criminal by § 231(a)(2)" [Doc. 73].

7

This argument, however, lacks merit under *Featherston*, and the fact that *Featherston* involves section 231(a)(1) is not reason, as defendant suggests, to ignore its instruction that the government need not wait until the civil disorder is executed to take action. Moreover, the defendant has given the Court no other reason to ignore or discredit *Featherston*.

The Court has reviewed this portion of the R&R and the relevant law, and the Court determines that the magistrate judge has fully considered the defendant's arguments relating to the statute being overly broad. Moreover, this Court agrees with the magistrate judge's analysis and findings regarding this issue. This objection, therefore, is hereby overruled.

    **2.**    **The Defendant's Objection to the Finding that 18 U.S.C. § 231(a)(2) Is Not Void For Vagueness Because it Encourages Arbitrary and Discriminatory Enforcement of the Law**

The defendant's objection to the finding that 18 U.S.C. § 231(a)(2) is not void for vagueness because it encourages arbitrary and discriminatory enforcement of the law also is a reiteration of the arguments the defendant set forth in his memorandum in support of the motion to dismiss [*See* Doc. 33]. The defendant attempts to pinpoint errors of the magistrate judge, but for the reasons explained below, the Court believes that Magistrate Judge Guyton's conclusion on this issue is correct.

With respect to Magistrate Judge Guyton's finding that "having reason to know" is a sufficient mental state for criminal liability, the defendant appears to take issue with the magistrate judge's reliance upon *Featherston* because, in that case, the Fifth Circuit noted that "the district court instructed the jury that in order to convict the defendants, they must find that at the time and place in question, the defendants knew and intended the incendiary

8

devices to be unlawfully employed for use in, or in furtherance of, a civil disorder" [Doc. 73 (citing *Featherston*, 461 F.2d at 1121-22 (emphasis removed))]. The Court finds that this argument lacks merit and that the magistrate judge appropriately relied upon *Featherston* in making this determination because that decision considered the same constitutional challenge as the defendant asserts here.

With respect to Magistrate Judge Guyton's finding that the use of "unlawful" in the statute is not vague and that *United States v. Stevens* is inapposite to an analysis of whether such term renders the statute vague, the defendant asserts that his argument and his citation of *Stevens* was to make the point that terms like "unlawfully" or "contrary to the law" can render a statute vague for reasons including but not limited to the differences in what constitutes unlawful conduct among the states [*Id.*]. The Court finds that this objection also lacks merit and notes that, even if such terms may render a statute vague, the use of "unlawful" in section 231(a)(2) does not for the reasons explained by Magistrate Judge Guyton.

With respect to the Magistrate Judge Guyton's finding that the term "civil disorder" is not vague, the defendant merely "renews his objection that a prosecution may proceed without the allegation that there was a civil disorder" [*Id.*]. For the reasons explained herein and by Magistrate Judge Guyton, the Court finds that this argument lacks merit as well.

With respect to Magistrate Judge Guyton's rejection of the defendant's argument that section 231(a)(2) is vague because it is used infrequently in federal prosecutions, the defendant reiterates his argument that, because there is little case law addressing section

9

231(a)(2), a person in the defendant's position would not be on notice that such conduct would be criminal [Doc. 73]. He also takes issue with the magistrate judge's reliance on *Mechanic* and *Featherston* because they "are from 40 years ago" and involve different subsections of section 231(a) [*Id.*]. This Court finds the defendant's objection without merit. First, the defendant cites nothing to support its proposition that "whether a law is standardless and vague for due process purposes is related to how frequently it is used." Second, nothing submitted by the defendant leads this Court to believe that *Featherston* and *Mechanic* should be ignored. Finally, the magistrate judge aptly noted that the defendant's "assertion [that section 231(a)(3) is largely unused] fails to account for the federal prosecutions under the statute that were not the subject to a legal challenge" [*See* Doc. 68].

In sum, upon the Court's review of the R&R and the relevant law, the Court determines that it agrees with the magistrate judge's findings and conclusion regarding this issue. Accordingly, this objection is hereby overruled.

### 3. The Defendant's Objection to the Findings Related to the Rule of Lenity

The defendant objects to the findings of the R&R on the basis of the rule of lenity. The defendant argues that section 231(a)(2) is ambiguous in "scope and meaning (i.e., whether there must be proof of a civil disorder to render the prohibited conduct outside the scope of constitutionally protected conduct, or whether otherwise protected conduct may be criminalized based on an allegation of a theoretical disorder)" and that the Court should use the rule to resolve any doubts about the validity of the statute in favor of the defendant [Doc.

10

73]. This argument reiterates the argument made by the defendant in his motion to dismiss [*See* Doc. 33].

The Court has reviewed the portion of the R&R addressing this argument, as well as the relevant law, and the Court determines that the magistrate judge fully considered the defendant's argument. Moreover, this Court agrees with the magistrate judge's analysis and findings regarding this issue. This objection, therefore, is hereby overruled.

### III. Conclusion

For the reasons set forth above, the Court **OVERRULES** defendant's objections [Doc. 73] to the Report and Recommendation of Magistrate Judge Guyton and **ACCEPTS IN WHOLE** the Report and Recommendation [Doc. 68]. Accordingly, and because the Court has found no basis to dismiss the indictment, defendant's motion to dismiss [Doc. 33] is **DENIED.**

IT IS SO ORDERED.

s/ Thomas A. Varlan  
UNITED STATES DISTRICT JUDGE