IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 3:10-CR-73 |
| | ) | VARLAN/GUYTON |
| DARREN WESLEY HUFF | ) | |
| Defendant. | ) | |

**<u>DEFENDANT'S OBJECTION TO THE REPORT AND RECOMMENDATION (Doc. 76)
REGARDING DEFENDANT'S MOTION TO DISMISS COUNT TWO BECAUSE ITS
PREDICATE CRIME IS NOT A "CRIME OF VIOLENCE"</u>**

Comes the defendant, DARREN WESLEY HUFF, by and through counsel, who respectfully objects to the <u>Report and Recommendation</u> (Doc. 76) at pages 23-32 which references Mr. Huff's motion to dismiss count two of the superceding indictment because the predicate crime set forth in count one is not a "crime of violence." Mr. Huff specifically objects to the United States Magistrate Judge's recommendation that the defendant's motion should be denied. Mr. Huff specifically objects to the failure of the <u>Report and Recommendation</u> to properly consider, or to apply at all, relevant, recent case law of the United States Supreme Court which has been previously cited at length on this issue. As such, defendant objects to the legal analysis employed by the Magistrate Judge and asserts that a proper analysis of the relevant Supreme Court case law, and Circuit Court case law, leads to the conclusion that Count One of the Indictment is not a "crime of violence" for purposes of 18 U.S.C. § 924(c) and that Count Two of the Indictment should be dismissed.

Mr. Huff incorporates his previously filed Motion to Dismiss Count Two Because It's Predicate Crime is Not a "Crime of Violence" (Doc. 30) and Reply to the Response to that motion (Doc. 54) as if specifically set forth herein.

1

I.       The Findings of The Report and Recommendation.

The definition of "crime of violence" found at 18 U.S.C. § 16(b) and 18 U.S.C. § 924(c)(3)(B), the definition claimed by the government to apply to the crime charged in count one of the superceding indictment, is "felony ... that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." The parties have agreed, and the Magistrate Judge found at p. 24 of his Report, that 18 U.S.C. § 16(a) and 18 U.S.C. § 924(c)(3)(a) do not apply because none of the elements of 18 U.S.C. § 231(a)(2) requires the use of physical force.

The analysis used in the Report and Recommendation runs off the track quickly when the Magistrate Judge found that the Begay v. United States, 553 U.S. 137 (2008) line of cases were not pertinent to the present inquiry. Report p. 27-28. The Magistrate Judge correctly found that the clause "used in the course of committing the offense" does not appear in the ACCA cases and appears in section 16(b) and he correctly notes that the language of section 16(b) is *narrower* than the language of the ACCA language central to the Begay analysis. Report p. 27. At the next step of his analysis however, the Magistrate Judge abandons clearly established Supreme Court case law which has been set forth to determine whether an offense should be deemed a "crime of violence."

> Finally, the Supreme Court in Leocal has remarked that the definition of a "crime of violence" under section 16 is more restrictive than the definition of crime of violence under the sentencing guidelines, which mirrors the definition in the ACCA, because the former requires a "substantial risk" of force, while the latter requires a "serious potential risk" of injury. 543 U.S. at 10 & n.7. Accordingly the Court agrees with the Government that the cases cited by the Defendant under Begay, the ACCA, and section 4B1.2(a)(2) of the sentencing guidelines are not pertinent to the present analysis of whether an offense is a crime of violence under section 924(c)(3).

2

Report p. 28.

II. The Magistrate Judge Employed An Analysis Which Has Been Rejected By a Number of Courts Including the Sixth Circuit

In reaching this conclusion, the Report, at note 12, attempts to compartmentalize the Sixth Circuit decision in Van Don Nguyen v. Holder, 571 F.3d 524, 529 (6th Cir. 2009) and states that the Begay test was not applied. To the contrary, the Van Don Nguyen court stated, in a case involving section 16(b) that "[t]he Supreme Court's decisions in Begay v. United States, ___ U.S. ___, 128 S.Ct. 1581, 170 L.Ed.2d 490 (2008) (DUI did not constitute a violent felony under the Armed Career Criminal Act because breaking such laws do not typically involve `purposeful, violent and aggressive conduct') and Chambers v. United States, ___ U.S. ___, 129 S.Ct. 687, 172 L.Ed.2d 484 (2009), are contrary to the Board's decision in this case." Van Don Nguyen, 571 F.3d at 529. The Court then stated that "[i]n determining whether a prior offense is a `crime of violence" under § 16(b), the court must `consider the offense generically, that is to say, ... examine [sic] it in terms of how the law defines the offense, not in terms of how the individual offender might have committed it on a particular occasion.'" Id. citing Begay v. United States, 128 S.Ct. at 1584 and Leocal v. Ashcroft, 543 U.S. 1, 7 (2004). Soon thereafter, the Court stated "[t]he proper inquiry is one that contemplates the risk associated with the proscribed conduct in the mainstream of prosecutions brought under the statute" and cited James v. United States, 550 U.S. 192 (2007) which is another decision of the United States Supreme Court which further clarifies the categorical approach first under taken in Taylor and Shepard and later modified in Begay and Chambers v. United States.[1]

---

[1] It is clear from the Magistrate Judge's Report that all opinions which deal with the ACCA have explicitly not been applied to the case and none of the opinions in this string of cases are cited in the Report despite specific arguments regarding not only Begay but also

3

Notably, the Van Don Nguyen case also references an analysis of United States v. Williams, 537 F.3d 969, 974 (8th Cir. 2008), which is a case analyzing a specific crime as a "crime of violence" under the sentencing guidelines, in considering the crime at issue in Van Don Nguyen. Van Don Nguyen, 571 F.3d at 530.

The conclusion that Begay and other decisions under the ACCA are "not pertinent" to the issues before the Court is directly contrary to the analysis employed in Van Don Nguyen. Other cases seeking to interpret § 16(b) have relied heavily on the James and Begay cases and their progeny as cases which explain the analysis to be utilized by the courts.

In Jiminez-Gonzalez v. Mukasey, 548 F.3d 557, 562 (7th Cir. 2008), the Seventh Circuit noted that the definition of "crime of violence" under Section 16(b) is slightly different from the residual clause of the ACCA in that section 16(b) requires a substantial likelihood that *force* will be used in the commission of the offense and that the residual clause, by contrast, requires a substantial likelihood of *physical injury*. (citations omitted) (emphasis in original). The court found that "[d]espite the slightly different definitions, the Supreme Court's holding in Begay perfectly mirrored the analysis in Leocal regarding whether drunk driving was a crime of violence under section 16(b)." *Id*. The Begay decision was cited as a "useful cross-light on the interpretive task before [the court]" in a case brought under section 16(b) only. *Id*.

In Addo v. Attorney General of United States, 355 Fed.Appx. 672, 2009 WL 4755712 (3rd Cir. 2009), the Third Circuit considered whether Addo's escape conviction was a "crime of violence" under 18 U.S.C. § 16(b). The court stated:

---

Chambers and James having been made on behalf of Mr. Huff.

4

The BIA here found that Addo's escape was a crime of violence under 18 U.S.C. § 16(b), which requires that the crime be one that "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." But the Supreme Court found that a failure to report crime does not involve a "serious potential risk of physical injury," Chambers, 129 S.Ct. at 692. **The inquiry under § 16(b) and under the ACCA are analogous - if there is no serious potential risk of physical injury, there is not likely to be a serious risk that physical force will be used.** See Jiminez-Gonzalez v. Mukasey, 548 F.3d 557, 562 (7th Cir. 2008) (noting that "despite the slightly different definitions" the Supreme Court used similar logic in finding in Leocal v. Ashcroft, 543 U.S. 1 (2004), that drunk driving is not a crime of violence under § 16(b), and in finding in Begay v. United States, 553 U.S. 137 (2008), that drunk driving was not a violent felony under the ACCA).

Addo, 2009 WL 4755712 at *5 (emphasis added).

The second circuit recently reached a similar conclusion in United States v. Daye, 571 F.3d 225, 233 n.9 (2nd Cir. 2009) where the Court sought guidance as to whether a particular crime was a violent offense" under the ACCA by looking to recent decisions interpreting the same crime under § 16(b). The court found:

> Daye contends that any reliance upon cases construing § 16(b) is in error in light of the differences in statutory language between § 924(e)(2)(b)(ii) and § 16(b). Although we recognize that such differences exist and that our previous decisions regarding § 16(b) do not control our decision in this case, we still find examinations of our previous analysis of § 16(b) to be helpful in applying § 924(e)(2)(B)(ii), particularly in light of the similar standards articulated by the Supreme Court in Leocal and Begay.

Id.

Several Fifth Circuit cases make it clear that it is the categorical approach from recent ACCA cases of the Supreme Court which is applied to determinations of a "crime of violence" under § 16(b). In United States v. Echeverria-Gomez, 627 F.3d 971, 975 n.13 (5th Cir. 2010), the court stated: "James and Rose interpret, respectively, the Armed Career Criminal Act, 18 U.S.C. §924(e)(2)(B), and the Career Offender Statute, 18 U.S.C. §3559(c). But we use the same

5

categorical approach to classify offenses under those statutes that we use to classify offenses under 18 U.S.C. §16(b)." In Serna-Guerra v. Holder, 354 Fed. Appx. 929, 930, 2009 WL 4609835 (5th Cir. 2009), a case which involved a determination of whether an offense was categorized as a "crime of violence" under section 16(b) (see Serna-Guerra v. Mukasey, 285 Fed.Appx. 110, 111-112, 2008 WL 2228868 (5th Cir. 2008) for underlying facts of case and discussion of section 16(b)), after a remand from the Supreme Court based on Chambers v. United States,, 555 U.S. ___ (2009) (see Serna-Guerra v. Holder, 129 S.Ct. 2764 (2009)), the Fifth Circuit found that "[u]nder Chambers and Begay v. United States, 553 U.S. 137, 128 S.Ct. 1581, 170 L.Ed.2d 490 (2008), `the generic crime of violence or aggravated felony must itself involve purposeful, violent and aggressive conduct.'" United States v. Sanchez, 630 F.3d 447, 450-51 (5th Cir. 2011) is yet another case involving an interpretation of 16(b) in which the court relied heavily on an analysis of Begay and Chambers in reaching its conclusions regarding whether the offense at issue was a "crime of violence."

III.     The Report and Recommendation Fails to Recognize the Proper Effect of the Local Decision and Reaches an Incorrect Conclusion

The government and the Report and Recommendation attempt to distance themselves from post-Begay cases interpreting the terms of "crime of violence" and "violent felony" despite the fact that United States v. Serafin, 562 F.3d 1105, 1009 (10th Cir. 2009), a principal case on which the government hangs its hat, clarifies that the Supreme Court's decision in Leocal stands for the proposition that the definition of a "crime of violence" under §16(b) is **narrower** than that in U.S.S.G. §4B1.2. "For an offense to qualify as a § 16(b) crime of violence, the risk of force must arise in the course of *committing* the crime and not merely as a *possible result*. *Id*. citing Leocal v. Ashcroft, 543 U.S. 1, 10 n.7 (2004). Courts such as the Third Circuit in Addo v.

6

Attorney General of United States, 355 Fed.Appx. 672, 2009 WL 4755712 (3rd Cir. 2009) recognize that the fact that section 16(b) is narrower than the ACCA provision means that **fewer crimes**, **not more crimes** should be found to be crimes of violence under section 16(b) than the provisions of the ACCA and the guidelines career offender provision. The Report and Recommendation, conversely, uses this fact to free itself from the categorical approach of the Supreme Court such that individual judgment supplants a clear legal test.

The arguments of the government, as adopted by the Magistrate Judge, has allowed important rules handed down by the Supreme Court regarding the categorical approach to be ignored to an extent that it is absolutely unclear what judicial test, if any, has been employed in the Report and Recommendation. The main case relied upon, Henry v. Bureau of Immigration and Customs Enforcement, 493 F.3d 303 (3rd Cir. 2007), is a Third Circuit case decided **before** Begay or Chambers was decided. The Third Circuit is among the courts that has showed deference to these decisions in recent determinations of "crimes of violence" under section 16(b). As such, the case is on less than firm footing to say the least and would quite possibly be decided differently today. Moreover, the Henry case states that the "categorical" approach is being used (Henry, 493 F.3d at 306) and the case relies upon an analysis of Taylor and James, two armed career criminal cases, in making its determination (Henry, 493 F.3d at 310). Begay and Chambers are, of course, not cited because they had not been ruled upon at the time of Henry's release. Defendant would show that the Addo case, if nothing else, shows that the Third Circuit today would not "cut-off" the categorical approach with the Leocal decision in analyzing section 231(a)(2) under an analysis of whether it is a "crime of violence."

Leocal v. Ashcroft, 543 U.S. 1, 10 n.7 (2004), states that "[t]he substantial in §16(b) relates to the use of force, not to the possible effect of a person's conduct." The Magistrate Judge did find that "a person can be prosecuted for violating section 231(a)(2), even if the civil disorder does not ultimately occur" but finds that because the crime is an intent crime, no further analysis is necessary. Report pp. 31-32. The issue of "intent" does not detract from the finding of Leocal cited above. It is the "possible effect of a person's conduct" that the Magistrate Judge has focused on when he states "because the actor intends to further a civil disorder, section 231(a)(2) involves a substantial risk that physical force against another or against property will occur." Report p. 32. The only case known to either party or the Court which deals with this statute is this case, where no civil disorder occurred and no force of any kind even remotely occurred. The Magistrate Judge avoided the effect of the Chambers decision and its analysis of results under the statute and the burden to be applied to the government with its finding that ACCA case were "not pertinent."

As previously argued, James noted that "the proper inquiry [under the categorical approach] is whether the conduct encompassed by the elements of the offense, in the ordinary case, presents a serious potential risk of injury to another." *Id.* at 208 (emphasis added). If a statute's elements permit a conviction for conduct that does not present a serious potential risk of injury to another, then it does not qualify as a predicate offense, even if the state typically invokes the statute to punish conduct that would qualify "in the ordinary case." *See id.* at 205 n.4 (listing cases finding that certain attempted burglary statutes did not qualify under ACCA because they could be based on such conduct as making a duplicate key, casing a building, obtaining floor plans, and possessing burglary tools). Although the Court stated that for an

8

offense not to qualify as a predicate, there must be a "realistic probability, not a theoretical possibility," that the statute covers conduct that does not present a serious potential risk of physical injury, *id.* at 208, a defendant may show the breadth of the statute by "pointing to his own case or other cases in which the state courts did in fact apply the statute" in such a manner. Gonzales v. Duenas-Alvarez, 549 U.S. 183, 193 (2007) (cited in James, 127 S. Ct. at 208). The Report and Recommendation does not meet this argument due to the finding that James, an ACCA case, is "not pertinent." Instead, the conclusion of the Magistrate Judge turns solely on the idea of "intent" and no analysis of whether the conduct covered by the elements of the offense presents a substantial risk of physical force during the commission of the offense. See James, 550 U.S. at 208.

After Begay v. United States, 553 U.S. 137, 140-44 (2008), the analysis for determining whether a prior offense is a "violent crime" for purposes of the ACCA, and whether an offense is a "crime of violence" under the Sentencing Guidelines, is: (1) whether the prior offense has as an element the use or threatened use of physical force against the person of another in accordance with 18 U.S.C. § 924(e)(2)(b)(ii); (2) whether the prior offense was burglary of a dwelling, arson, extortion, or involved the use of explosives under 18 U.S.C. § 924(e)(2)(b)(iii); and (3) whether the prior offense involved conduct that presented a serious potential risk of physical injury to another involving the same type of "purposeful, violent, and aggressive" conduct as burglary, arson, extortion, or the use of explosives. See Begay, 530 U.S. at 144-45. With regard to the last prong of this analysis, courts have interpreted Begay to mean an offense must satisfy two elements to fit the residual clause: (1) it must pose a serious potential risk of physical injury to another; and (2) it must be purposeful, violent and aggressive. See United States v. Williams,

9

537 F.3d 969, 971-72 (8th Cir. 2008). The test for a section 16(b) analysis is more restrictive. The only possible modifications to this test due to the slight differences in the definitions of "crime of violence" are that the risk involved is a "substantial" risk as opposed to a "serious potential risk," risks to property can be considered, and the risk of force must arise in the course of committing the offense and not simply as a possible result.

Further, even if this Court were to disagree with the various circuit court cases cited and find that the Supreme Court's ACCA cases are "not pertinent," under an analysis of Leocal alone Count one of the present indictment should not be found to be a "crime of violence." Leocal states that "§ 16's emphasis on the use of physical force against another person (or the risk of having to use such force in committing a crime), suggests a category of violent, active crimes ... ." Leocal, 543 U.S. at 11. The fact that "a person can be prosecuted for violating section 231(a)(2), even if the civil disorder does not ultimately occur" (Report p. 31-32), and there was no civil disorder in this case, and no civil disorder in any other case under this statute cited to this Court, shows that this is not the sort of "violent, active crime" as to qualify as a "crime of violence" for purposes on 18 U.S.C. § 924(c).

IV.     Conclusion.

Accordingly, for the reasons set forth herein and his previous two filings on the issue, Defendant prays that the Report and Recommendation be overruled with regard to its recommendation regarding the defendant's motion and that the Court enter an Order dismissing Count Two of the indictment.

Respectfully submitted this the 20th day of April, 2011.

10

<pre>
                              FEDERAL DEFENDER SERVICES OF
                              EASTERN TENNESSEE, INC.

                       By:    s/ Jonathan A. Moffatt
                              Paula Voss
                              Jonathan A. Moffatt
                              Asst. Federal Community Defenders
                              800 S. Gay Street, Suite 2400
                              Knoxville, TN 37902
                              (865) 637-7979
                              BOPR No. 18137

                              s/ Anne E. Passino
                              Anne E. Passino [BPR No. 027456]
                              Ritchie, Dillard & Davies, P.C.
                              606 W. Main St., Suite 300
                              Knoxville, TN 37901-1126
                              (865) 637-0661
</pre>

**COUNSEL FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

    I hereby certify that on April 20, 2011, a copy of the foregoing Objection was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

<pre>
                              s/Jonathan A. Moffatt
                              Jonathan A. Moffatt
</pre>

11