UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No.: | 3:10-CR-73 |
| | ) | | (VARLAN/GUYTON) |
| DARREN WESLEY HUFF, | ) | | |
| | ) | | |
| Defendant. | ) | | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

This criminal action is before the Court on the Report and Recommendation (the "R&R") [Doc. 76], issued by United States Magistrate Judge H. Bruce Guyton.[1] The defendant, Darren Wesley Huff, is charged in a superseding indictment with the alleged offenses of transporting a firearm in furtherance of a civil disorder in violation of 18 U.S.C. § 231(a)(2) and using a firearm in relation to a felony crime of violence in violation of 18 U.S.C. § 924(c)(1)(A) [Doc. 19].

The defendant filed a motion to dismiss the indictment, arguing that there are no disputed issues of fact and that the government cannot prove that the defendant violated 18

---

[1] The Court notes that the R&R addresses four motions to dismiss filed by the defendant: one to dismiss count two based on the argument that the predicate crime is not a "crime of violence" [Doc. 30]; one to dismiss the indictment based on the argument that there are no disputed issues of fact and the government cannot prove the defendant violated the statutes [Doc. 31]; one to dismiss the indictment based on the argument that the indictment is constitutionally insufficient [Doc. 32]; and one to dismiss the indictment based on the argument that it violates the prohibition against double jeopardy [Doc. 34]. Although the magistrate judge addressed these motions in one document, the defendant chose to file his objections regarding each motion in separate documents [*See* Docs. 85-88]. The government has chosen to do the same, and the Court does so as well.

U.S.C. § 321(a)(2) (hereinafter, "the motion to dismiss") [Doc. 31]. The United States filed a response in opposition [Doc. 41]. The parties then appeared before Magistrate Judge Guyton for a hearing, and, after hearing the arguments of the parties, Magistrate Judge Guyton took the matter under advisement [Doc. 76].

In the R&R, Magistrate Judge Guyton rejects the defendant's arguments and recommends that the defendant's motion to dismiss be denied [Doc. 76]. The defendant filed objections to the R&R [Doc. 88], to which the government responded [Doc. 91].

**I.   Standard of Review**

As required by 28 U.S.C. § 636(b)(1) and Rule 59(b) of the Federal Rules of Criminal Procedure, the Court has undertaken a *de novo* review of those portions of the R&R to which defendant has objected. In doing so, the Court has carefully considered Magistrate Judge Guyton's R&R [Doc. 76], the underlying and supporting briefs [Docs. 31, 41], and the parties' briefs on the pending objection [Docs. 88, 91], all in light of the relevant law. For the reasons set forth herein, the Court will overrule defendant's objection, accept in whole the R&R as it pertains to the defendant's motion to dismiss, and deny the motion to dismiss.

**II.  Analysis**

    **A.   The Defendant's Argument and the Government's Response**

The defendant's motion to dismiss is grounded on the assertion that the government cannot prove, as a matter of law and in light of undisputed facts, that he had the requisite intent required by the statute [Doc. 31]. In particular, the defendant asserts that the undisputed evidence reveals that the government cannot prove that he transported a firearm

with the intent that it be used unlawfully in furtherance of a civil disorder because his statements prior to, during, and after his trip to Madisonville, Tennessee on April 20, 2010 demonstrate his lack of knowledge or intent to use his gun in furtherance of any violence which could constitute a civil disorder [*Id.*].[2] The government responded by arguing that the particular relief sought by the defendant is neither legally required nor appropriate as there are a number of significant facts in dispute that warrant submission to a jury and are not capable of resolution through motion before the Court [Doc. 41].

**B.     The Report and Recommendation of Magistrate Judge Guyton**

Considering Rule 12(b) of the Federal Rules of Criminal Procedure and cases addressing it, Magistrate Judge Guyton distills two requirements for addressing a motion to dismiss an indictment on the ground that the government cannot establish the offense charged as a matter of law: "(1) the issue raised must be a question of law and (2) the relevant facts must be undisputed" [Doc. 76 (citations omitted)].  He also states that "[t]he undisputed nature of the evidence is an important predicate to a court's determination of a motion to dismiss the indictment" because "[i]f the evidence relating to the issue raised by the parties is disputed, the court runs the risk of treading upon the role of the grand jury" [*Id.* (citing *United States v. Short*, 671 F.2d 178, 183 (6th Cir. 1982), and *United States v. Levine*, 973 F.2d 463, 470 (6th Cir. 1992)].

---

[2] In light of the many reports and recommendations and orders entered in this case, the Court presumes familiarity with the facts [*See* Docs. 62, 64, 68, 80, 83, 84].

Magistrate Judge Guyton then explains that the affidavit in support of the criminal complaint filed in this case provides "that on April 15, 2010, the [d]efendant told Robert Shane Longmire that he and eight or nine other Georgia militia groups were planning to travel to Madisonville on April 20 to 'take over the city'" and that "following a traffic stop on April 20, 2010, the [d]efendant told Lieutenant Don Williams of the Tenth Judicial District Drug Task Force that if enough people were present in Madisonville, they were going to take over the Monroe County Courthouse" [*Id.*]. On the basis of these statements, and considering the defendant's argument that the defendant's statements prior to, during, and after his trip to Madisonville show a lack of intent to use his gun in furtherance of any violence which could constitute a civil disorder, Magistrate Judge Guyton concludes that the "[d]efendant's intent is a disputed issue of fact for the jury to determine" [*Id.*]. He further concludes that "because the dispute turns upon purely factual issues, if this Court were to hold an evidentiary hearing to resolve the matter as requested by the [d]efendant, it would be treading upon the grand jury's probable cause determination and usurping the province of the jury" [*Id.*]. Thus, Magistrate Judge Guyton recommends the defendant's motion to dismiss be denied [*Id.*].

### C. The Defendant's Objection

In his objection, the defendant argues that Magistrate Judge Guyton erred in finding that there are disputed facts in this case that "would invade the province of the ultimate finder of fact" [Doc. 88 (citation and internal quotation marks omitted)]. Defendant also argues that the magistrate judge erred in relying "solely on the affidavit in support of the criminal

4

complaint filed by the government at the outset of this case" and by ignoring or disregarding "all other statements by [the defendant] regarding his lack of intent" as well as other statements of Mr. Longmire indicating that he "*believed* that [the defendant] stated that he 'intended to take over the city of Madisonville'" and clarifying "that [the defendant] never indicated that violence would be used during his trip to Madisonville, nor had he ever suggested violence as a tool to Longmire at any other time" [*Id*. (emphasis in original)].

The Court finds that defendant's objection is essentially a reiteration of the arguments the defendant set forth in his memorandum in support of the motion to dismiss [*See* Doc. 31]. Upon the Court's review of the motion to dismiss, R&R, and the relevant law, the Court determines that the magistrate judge has already considered these arguments fully. And, this Court agrees with the magistrate judge's analysis and findings regarding the motion to dismiss.

To the extent that the defendant argues that Magistrate Judge Guyton ignored the defendant's statements and certain statements of Mr. Longmire, the Court finds such argument without merit. Although the magistrate judge did not specifically recite the many statements the defendant submitted in support of his motion, the magistrate judge recognized them in conjunction with the discussion concerning the statements set forth in the affidavit and found that the they were in dispute.

Moreover, it appears that the defendant's objection is an argument that the weight of the evidence weighs in his favor [*See* Doc. 88 (arguing that, "[i]f the only evidence . . . is the statement of one witness . . . then the proof fails" "when weighted against the bulk of the

5

evidence")]. As the government points out, such an argument only underscores the magistrate judge's finding that facts are in dispute. Accordingly, the defendant's objection will be overruled.[3]

## III. Conclusion

For the reasons set forth above, the Court **OVERRULES** defendant's objection [Doc. 88] to the Report and Recommendation of Magistrate Judge Guyton and **ACCEPTS IN WHOLE** the Report and Recommendation [Doc. 76] as it pertains to the defendant's motion to dismiss [Doc. 31]. Accordingly, defendant's motion to dismiss [Doc. 31] is **DENIED.**

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

---

[3] The defendant suggests that an evidentiary hearing may be appropriate "to assist the Court in making the necessary preliminary factual determinations to make a proper ruling on this motion" [Doc. 88]. This Court finds, like Magistrate Judge Guyton, that holding an evidentiary hearing under the circumstances of this case "would be treading upon the grand jury's probable cause determination and usurping the province of the jury" [Doc. 76].