UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:10-CR-73 |
| | ) | (VARLAN/GUYTON) |
| DARREN WESLEY HUFF, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

This criminal action is before the Court on the Report and Recommendation (the "R&R") [Doc. 76], issued by United States Magistrate Judge H. Bruce Guyton.[1] The defendant, Darren Wesley Huff, is charged in a superseding indictment with the alleged offenses of transporting a firearm in furtherance of a civil disorder in violation of 18 U.S.C. § 231(a)(2) and using a firearm in relation to a felony crime of violence in violation of 18 U.S.C. § 924(c)(1)(A) [Doc. 19].

The defendant filed a motion to dismiss count two, which alleges violation of 18 U.S.C. § 924(c), asserting that its predicate crime is not a "crime of violence" (hereinafter,

---

[1] The Court notes that the R&R addresses four motions to dismiss filed by the defendant: one to dismiss count two based on the argument that the predicate crime is not a "crime of violence" [Doc. 30]; one to dismiss the indictment based on the argument that there are no disputed issues of fact and the government cannot prove the defendant violated the statutes [Doc. 31]; one to dismiss the indictment based on the argument that the indictment is constitutionally insufficient [Doc. 32]; and one to dismiss the indictment based on the argument that it violates the prohibition against double jeopardy [Doc. 34]. Although the magistrate judge addressed these motions in one document, the defendant chose to file his objections regarding each motion in separate documents [*See* Docs. 85-88]. The government has chosen to do the same, and the Court does so as well.

"the motion to dismiss") [Doc. 30]. The United States filed a response in opposition [Doc. 42], and the defendant filed a reply [Doc. 54]. The parties then appeared before Magistrate Judge Guyton for a hearing, and, after hearing the arguments of the parties, Magistrate Judge Guyton took the matter under advisement [Doc. 76].

In the R&R, Magistrate Judge Guyton rejects the defendant's arguments and recommends that the defendant's motion to dismiss be denied [*Id.*]. The defendant filed objections to the R&R [Doc. 85], to which the government responded [Doc. 89].

## I. Standard of Review

As required by 28 U.S.C. § 636(b)(1) and Rule 59(b) of the Federal Rules of Criminal Procedure, the Court has undertaken a *de novo* review of those portions of the R&R to which defendant has objected. In doing so, the Court has carefully considered Magistrate Judge Guyton's R&R [Doc. 76], the underlying and supporting briefs, and the parties' briefs on the pending objection, all in light of the relevant law. For the reasons set forth herein, the Court will overrule defendant's objection, accept in whole the R&R as it pertains to the motion to dismiss, and deny the motion.

## II. Analysis

### A. The Defendant's Argument

In his motion, the defendant argues that count two the superseding indictment, alleging a violation of 18 U.S.C. § 924(c), should be dismissed because transporting a firearm in furtherance of a civil disorder in violation of 18 U.S.C. § 231(a)(2) is not a "crime of violence" [Docs. 30, 54]. More particularly, the defendant asserts that § 231(a)(2) is not

a "crime of violence" because violent force is not one of the elements of a § 231(a)(2) violation and because no substantial risk of physical force arises during the commission of a § 231(a)(2) offense [*Id.*]. He further argues that the commission of the offense does not create a substantial risk of physical force because the civil disorder may not even occur [*Id.*]. He also likens § 231(a)(2) to other crimes that courts have determined are not crimes of violence or violent felonies under the Armed Career Criminal Act (the "ACCA") and the Guidelines [*Id.*].

B. **The Report and Recommendation of Magistrate Judge Guyton**

Noting that the issue of whether violation of 18 U.S.C. § 231(a)(2) is a "crime of violence" is one of first impression, Magistrate Judge Guyton recognizes that, for purposes of 18 U.S.C. § 924(c), a "crime of violence" is one "(A) [that] has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" [Doc. 76 (citing 18 U.S.C. § 924(c)(3))]. Because the parties agreed at the hearing that "none of the elements of section 231(a)(2) requires the use of physical force," he addresses only the question of whether § 231(a)(2) "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" [*Id.*].

In doing so, Magistrate Judge Guyton first outlines the law he finds relevant to determining whether § 231(a)(2) is a crime of violence [*Id.*]. He begins with *Leocal v. Ashcroft*, 543 U.S. 1, 8 (2004), which analyzed 18 U.S.C. § 16(b), a statute containing the

3

very same definition of "crime of violence" set forth in § 924(c)(3) [*Id.*].[2] Pursuant to *Leocal*, the magistrate judge finds that whether an offense is a "crime of violence" under § 924(c)(3) requires a court to examine an offense in the abstract, not how it occurred in a particular case [*Id.*]. He then goes on to find that a crime that, by its nature, involves a substantial risk of physical force against the person or property of another may be used in the course of committing the offense covers:

> offenses that naturally involve a person acting in disregard of the risk that physical force might be used against another in committing an offense. The reckless disregard in § 16 relates not to the general conduct or to the possibility that harm will result from a person's conduct, but to the risk that the use of physical force against another might be required in committing a crime. The classic example is burglary. A burglary would be covered under § 16(b) not because the offense can be committed in a generally reckless way or because someone may be injured, but because burglary, by its nature, involves a substantial risk that the burglar will use force against a victim in completing the crime.

[*Id.* (citing *Leocal*, 543 U.S. at 10)]. Further, he finds that the Supreme Court has observed that the ordinary meaning of the term "crime of violence" suggests "a category of violent, active crimes" [*Id.* (citations omitted)].

---

[2] Section 16 provides that the term "crime of violence" means:

(a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 16.

Magistrate Judge Guyton also rejects the defendant's argument that, pursuant to *Begay v. United States*, 553 U.S. 137 (2008), which held that driving under the influence is not a "violent felony" under the ACCA because it is a strict liability crime and does not involve purposeful conduct, a crime of violence is one that involves "purposeful, violent, and aggressive conduct" [*Id.*]. He finds that *Begay* and its progeny, the ACCA, and § 4B1.2(a)(2) of the Guidelines "are not pertinent to the present analysis of whether an offense is a crime of violence under section 924(c)" [*Id.*].[3]

---

[3] The ACCA imposes an additional punishment on one convicted of an offense under 18 U.S.C. § 922(g) who also has three prior violent felonies or serious drug offenses. 18 U.S.C. § 924(e)(1). A "violent felony" under the ACCA is defined as a felony that

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B). Section 4B1.1 of the Guidelines likewise provides an enhancement for those defendants who are categorized as career offenders, which applies "if . . . (2) the instant offense of conviction is a felony that is either a crime of violence . . . ; and (3) the defendant has at least two prior felony convictions of either a crime of violence . . . ." U.S. Sentencing Guidelines Manual § 4B1.1(a). The Application Notes for § 4B1.1 explain that "crime of violence" is defined as set forth in § 4B1.2, which provides that a "crime of violence" includes those offenses that

> (1) has as an element, the use, attempted use or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S. Sentencing Guidelines Manual §§ 4B1.1 app. note 1, 4B1.2(a). Thus, the two definitions are the same.

In rejecting the defendant's argument, Magistrate Judge Guyton relies on his conclusion that the definition of a "violent felony" under the ACCA and the Guidelines—that the offense "involves conduct that presents a serious risk of physical injury to another"—differs significantly from the definition of "crime of violence" under § 16(b) and § 924(c)(3) [*Id*.]. He cites to *United States v. Seafin*, 562 F.3d 1105 (10th Cir. 2009), a case in which the Tenth Circuit explained the "important differences in statutory text and penological objectives" between the two definitions [*Id*.].[4] He also cites *Leocal*, which "remarked that the definition of 'crime of violence' under section 16 is more restrictive than the definition of crime of violence under the sentencing guidelines, which mirrors the definition in the ACCA, because the former requires a 'substantial risk' of force, while the latter requires a 'serious potential risk' of injury" [*Id*.]. Further, he relies on the fact that the Court of Appeals for the Sixth Circuit has declined to apply the definition of "crime of violence" set forth in § 16 when determining whether possession of a sawed-off shotgun is a violent felony under the ACCA [*Id.* (citing *United States v. Amos*, 501 F.3d 524, 527 (6th Cir. 2007)].

---

[4] In particular, *Serafin* provides:

> While § 924(c)(1) addresses the use of firearms in furtherance of a crime of violence or drug trafficking, the ACCA and § 4B1.2 enhance the punishment imposed for repeat offenders. These differences help explain why courts have reached seemingly different conclusions about what conduct constitutes a crime of violence under each provision.

[Doc. 76 (citing *Serafin*, 562 F.3d at 1109)].

Magistrate Judge Guyton then recognizes that "[g]enerally, crimes focused on the possession of firearms are not, by nature, crimes of violence," but that an intent element can transform a possession offense into a crime of violence [*Id.* (discussing *Henry v. Bureau of Immigration and Customs Enforcement*, 493 F.3d 303 (3d Cir. 2007))]. He accordingly concludes that transporting a firearm in commerce while having the intent to further a civil disorder is a "crime of violence" for purposes of § 924(c)(3) because civil disorder, by definition, "involves violent acts and immediate danger to another's person or property" [*Id.*].[5] He further concludes that the fact that a civil disorder does not occur is irrelevant because one can be prosecuted for violation § 231(a)(2) even if the civil disorder does not occur [*Id.*].

### C. The Defendant's Objection

The defendant objects to the magistrate judge's recommendation arguing that the magistrate judge fails to "properly consider, or to apply at all, relevant recent case law of the United States Supreme Court which has been previously cited at length on this issue" [Doc. 85]. As an initial matter, and much like the defendant's other objections to reports and recommendations in this case, the defendant's objection essentially is a reiteration of the arguments the defendant set forth in his memorandum in support of the motion to dismiss [*See* Docs. 30, 54]. Upon the Court's review of the motion to dismiss, R&R, and the relevant

---

[5] "Civil disorder" is defined as "any public disturbance involving acts of violence by assemblages of three or more persons, which causes an immediate danger of or results in damage or injury to the property or person of any other individual." 18 U.S.C. § 232(1).

law, the Court determines that the magistrate judge correctly considered the arguments raised in the motion to dismiss and, correspondingly, will overrule the defendant's objection.

As to the defendant's specific contention that the magistrate judge "abandons clearly established case law which has been set forth to determine whether an offense should be deemed a 'crime of violence'" and "runs off the track" in finding that *Begay* and its progeny are not controlling, the Court disagrees. The Court finds Magistrate Judge Guyton's consideration of *Leocal* and the cases addressing 18 U.S.C. § 16, a statute identical to the one at issue in this case, appropriate and accurate. Moreover, with respect the defendant's assertion that the magistrate judge "runs off the track" by finding that *Begay* and its progeny were not pertinent to the present inquiry, the Court finds that Magistrate Judge Guyton was correct in so finding in light of the differences, both in text and penological objectives, between § 924(c)(3) and the ACCA and § 4B1.2 of the Guidelines. Finally, as to the defendant's argument that the magistrate judge employs an analysis which has been rejected by a number of courts, the Court notes that it has reviewed the cases by the defendant in support of this contention and finds that they do not dictate a result different from Magistrate Judge Guyton's recommendation.

In sum, because the Court finds the defendant's objections lacking in merit and because the Court finds that the magistrate judge correctly addressed the issues raised in the defendant's motion to dismiss, the defendant's objection will be overruled.

### III. Conclusion

For the reasons set forth above, the Court **OVERRULES** defendant's objection [Doc. 85] to the Report and Recommendation of Magistrate Judge Guyton and **ACCEPTS IN WHOLE** the Report and Recommendation [Doc. 76] as it pertains to the defendant's motion to dismiss count two [Doc. 30]. Accordingly, defendant's motion to dismiss [Doc. 30] is **DENIED.**

IT IS SO ORDERED.

                                                         s/ Thomas A. Varlan
                                                         UNITED STATES DISTRICT JUDGE