UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:10-CR-73 |
| | ) | (VARLAN/GUYTON) |
| DARREN WESLEY HUFF, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

This criminal action is before the Court on the Report and Recommendation (the "R&R") [Doc. 76] issued by United States Magistrate Judge H. Bruce Guyton.[1] The defendant, Darren Wesley Huff, is charged in a superseding indictment with the alleged offenses of transporting a firearm in furtherance of a civil disorder in violation of 18 U.S.C. § 231(a)(2) and using a firearm in relation to a felony crime of violence in violation of 18 U.S.C. § 924(c)(1)(A) [Doc. 19].

The defendant filed a motion to dismiss the indictment, arguing that the indictment violates the prohibition against double jeopardy (hereinafter, "the motion to dismiss") [Doc.

---

[1] The Court notes that the R&R addresses four motions to dismiss filed by the defendant: one to dismiss count two based on the argument that the predicate crime is not a "crime of violence" [Doc. 30]; one to dismiss the indictment based on the argument that there are no disputed issues of fact and the government cannot prove the defendant violated the statutes [Doc. 31]; one to dismiss the indictment based on the argument that the indictment is constitutionally insufficient [Doc. 32]; and one to dismiss the indictment based on the argument that it violates the prohibition against double jeopardy [Doc. 34]. Although the magistrate judge addressed these motions in one document, the defendant chose to file his objections regarding each motion in separate documents [*See* Docs. 85–88]. The government has chosen to do the same, and the Court does so as well.

34]. The United States filed a response in opposition [Doc. 44], and the defendant filed a reply [Doc. 51]. The parties then appeared before Magistrate Judge Guyton for a hearing, and, after hearing the arguments of the parties, Magistrate Judge Guyton took the matter under advisement [Doc. 76].

In the R&R, Magistrate Judge Guyton rejects the defendant's arguments and recommends that the defendant's motion to dismiss be denied [Doc. 76]. The defendant filed objections to the R&R [Doc. 86], to which the government responded [Doc. 99].

## I. Standard of Review

As required by 28 U.S.C. § 636(b)(1) and Rule 59(b) of the Federal Rules of Criminal Procedure, the Court has undertaken a *de novo* review of those portions of the R&R to which defendant has objected. In doing so, the Court has carefully considered Magistrate Judge Guyton's R&R [Doc. 76], the underlying and supporting briefs [Docs. 34, 44, 51], and the parties' briefs on the pending objection [Docs. 86, 99], all in light of the relevant law. For the reasons set forth herein, the Court will overrule defendant's objection, accept in whole the R&R as it pertains to the defendant's motion to dismiss, and deny the motion to dismiss.

## II. Analysis

### A. The Defendant's Argument

In the motion to dismiss, the defendant argues that count one and count two of the superseding indictment are multiplicitous because they seek to punish him twice for the same offense. The defendant also argues that count two, which charges him with violating 18 U.S.C. § 924(c), is duplicitous because the elements of the predicate offense, violation of 18

U.S.C. § 231(a)(2), mirror the elements of the section 924(c) charge. The defendant further argues that the rule of lenity applies to resolve any doubts about the validity of the charges.

B. **The Report and Recommendation of Magistrate Judge Guyton**

With respect to the defendant's argument that counts one and two are multiplicitous, Magistrate Judge Guyton rejects the argument, citing the Sixth Circuit's decisions in *United States v. Gibbons*, 994 F.2d 299 (6th Cir. 1993), and *United States v. Davis*, 306 F.3d 398 (6th Cir. 2002). The magistrate judge finds that those cases found that "Congress made itself unequivocally clear that punishment for violation of [section 924(c)] was to be imposed in addition to punishment for committing the predicate offense" [Doc. 76 (citation omitted)]. Moreover, he notes that those cases held that a section 924(c) charge "will never require proof of an additional fact beyond that required for the predicate felony," thus the analysis set forth in *Blockburger v. United States*, 284 U.S. 299 (1932), which asks whether each offense requires proof of an element not required by the other and which normally applies in determining whether a defendant is charged in violation of the double jeopardy clause, "gives way to plain congressional intent" [*Id.* (citations omitted)].

With respect to the defendant's argument that count two is duplicitous, Magistrate Judge Guyton characterizes the defendant's argument as follows:

> [T]he instant Defendant argues that Count Two is duplicitous because it charges that he "did use and carry a firearm during and in relation to" Count One, which in turn charges him with the "transportation of a firearm . . . used . . . in furtherance of a civil disorder[.]" He contends that because Count One also involves a firearm and contains the "in furtherance of" language, charging a section 924(c) offense in combination with a section 231(a)(2) offense is tantamount to charging both section 924(c) offenses in the same count.

3

[*Id*.]. Accordingly, he refers to *United States v. Combs*, 369 F.3d 924 (6th Cir. 2004), which found that section 924(c) sets forth two offenses—one for using or carrying a firearm during and in relation to a crime of violence or drug trafficking crime and one for possessing a firearm in furtherance of a crime of violence or drug trafficking crime—and that different proof is required for each offense [Doc. 76]. He also notes that, as a result, those counts charging both a "using/carrying" section 924(c) offense and a "possessing" section 924(c) offense have been deemed duplicitous [*Id*. (citation omitted)]. Magistrate Judge Guyton finds, however, that *Combs* belies the defendant's argument because, in that case, the Sixth Circuit found that "in furtherance of" requires "a different and higher showing than 'during and in relation to'" [*Id*.]. Thus, he finds that the predicate offense in this case, which uses the "in furtherance of" language, does not duplicate the using/carrying "in relation to" section 924(c) offense set forth in count two [*Id*.].

With respect to the defendant's argument regarding the rule of lenity, Magistrate Judge Guyton finds that "[t]he ambiguity the defendant seeks to show is not there. Thus, the Court finds no reason to deviate from the expression of clear congressional intent with regard to imposing multiple punishments found in the statutory language" [*Id*.].

  C. **The Defendant's Objection**

    1. **The Multiplicity Argument**

The defendant argues that Magistrate Judge Guyton erred in relying upon *Gibbons* and *Davis* because they do not address the situation involved in this case, that is "when § 924(c) and the separately-charged predicate offense are nearly indistinguishable" [Doc. 86]. He

asserts that in those cases "there were separate offenses with other elements," but here the "only allegation in the two counts, repeated three times, is that [the defendant] transported, carried, and used a firearm in connection with an attributed intent and relative to a civil disorder or event of violence that did not occur" [*Id.*]. The Court disagrees and finds that Magistrate Judge Guyton's analysis and recommendation is correct. First, the defendant fails to point to any case law supporting the contention that *Gibbons* and *Davis* do not apply here. Second, in *Davis*, the defendant's argument was that the counts were based on the "same series of actions," which is similar to the argument here, and the Sixth Circuit nevertheless found:

> [T]he general double jeopardy tests cannot be applied to section 924(c) since a section 924(c) charge is always predicated upon the violation of another statutory offense . . . . The underlying crime of violence . . . [on] which a section 924(c) conviction is, by definition, based will never require proof of any fact for which section 924(c) itself does not require proof. Because Congress expressly provided that courts may impose punishment for a violation of § 924(c) in addition to the punishment imposed for the predicate felony, Defendant's double jeopardy arguments lack merit.

*Davis*, 306 F.3d at 418 (quotation marks and citations omitted). The same logic applies here, and the Court therefore overrules the defendant's objection to Magistrate Judge Guyton's recommendation concerning the multiplicity argument.

### 2. The Duplicity Argument

The defendant argues that Magistrate Judge Guyton misconstrued his argument concerning duplicity, and that the issue is: "whether, because charging both the use/carry and possession sections in a single count is duplicitous, effectively charging one as the predicate

5

for the other is proper, comports with congressional intent, or creates an ambiguity that should be resolved in [the defendant's] favor" [Doc. 86]. Put another way, the defendant seems to argue as follows: because charging both the use/carry and possession prongs of section 924(c)(1)(A) in the same count is duplicitous, then charging a section 924(c)(1)(A) count under the use/carry prong and having as its predicate offense one which uses the "in furtherance of" language amounts to charging both prongs of section 924(c)(1)(A) in count two [*See* Doc. 99].

The Court finds that Magistrate Judge Guyton correctly interpreted and understood the defendant's argument and it agrees with his report and recommendation that count two is not duplicitous. Moreover, as the government points out, the defendant does not demonstrate "how Count Two contains within its single charge two separate and distinct offenses, which is necessary to show that it is duplicitous" [Doc. 99]. Although the Court appreciates the defendant's novel argument, the defendant provides no compelling reason for it to conclude that the magistrate judge's recommendation should not be adopted. The defendant's objection related to Magistrate Judge Guyton's recommendation concerning the duplicity argument is therefore overruled.

### 3. The Rule of Lenity Argument

With respect to the rule of lenity, the defendant further asserts that "there is ambiguity about whether Congress intended to punish the same offense multiple times" [Doc. 86]. The defendant argues that Magistrate Judge Guyton erred in not discussing the rule of lenity,

6

"having concluded that there was no ambiguity about whether the charges in the Superseding Indictment are proper or prejudicial" [*Id.*].

The Court cannot find that the magistrate judge erred in not applying the rule of lenity because it agrees that the statutes at issue are not ambiguous. As Magistrate Judge Guyton points out in the R&R, "Congress made itself unequivocally clear that punishment for violation of [section 924(c)] was to be imposed in addition to punishment for committing the predicate offense" [Doc. 76 (citation omitted)]. And the cases the defendant cites in support of his argument do not persuade the Court to conclude that there is ambiguity Congress's intent about punishment in a case similar to this one. Accordingly, the defendant's objection related to the rule of lenity is overruled.

### III. Conclusion

For the reasons set forth above, the Court **OVERRULES** defendant's objection [Doc. 86] to the Report and Recommendation of Magistrate Judge Guyton and **ACCEPTS IN WHOLE** the Report and Recommendation [Doc. 76] as it pertains to the defendant's motion to dismiss [Doc. 34]. Accordingly, defendant's motion to dismiss [Doc. 34] is **DENIED.**

IT IS SO ORDERED.

    s/ Thomas A. Varlan
    UNITED STATES DISTRICT JUDGE