UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:10-CR-73 |
| | ) | (VARLAN/GUYTON) |
| DARREN WESLEY HUFF, | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION AND ORDER**

This criminal action is before the Court on the Report and Recommendation (the "R&R") [Doc. 76], issued by United States Magistrate Judge H. Bruce Guyton.[1] The defendant, Darren Wesley Huff, is charged in a superseding indictment with the alleged offenses of transporting a firearm in furtherance of a civil disorder in violation of 18 U.S.C. § 231(a)(2) and using a firearm in relation to a felony crime of violence in violation of 18 U.S.C. § 924(c)(1)(A) [Doc. 19].

The defendant filed a motion to dismiss the superseding indictment, arguing that it is constitutionally insufficient (hereinafter, "the motion to dismiss") [Doc. 32]. The United

---

[1] The Court notes that the R&R addresses four motions to dismiss filed by the defendant: one to dismiss count two based on the argument that the predicate crime is not a "crime of violence" [Doc. 30]; one to dismiss the indictment based on the argument that there are no disputed issues of fact and the government cannot prove the defendant violated the statutes [Doc. 31]; one to dismiss the indictment based on the argument that the indictment is constitutionally insufficient [Doc. 32]; and one to dismiss the indictment based on the argument that it violates the prohibition against double jeopardy [Doc. 34]. Although the magistrate judge addressed these motions in one document, the defendant chose to file his objections regarding each motion in separate documents [*See* Docs. 85-88]. The government has chosen to do the same, and the Court does so as well.

States filed a response in opposition [Doc. 43], and the defendant filed a reply [Doc. 52]. The parties then appeared before Magistrate Judge Guyton for a hearing, and, after hearing the arguments of the parties, Magistrate Judge Guyton took the matter under advisement [Doc. 76].

In the R&R, Magistrate Judge Guyton rejects the defendant's arguments and recommends that the defendant's motion to dismiss be denied [*Id.*]. The defendant filed objections to the R&R [Doc. 87], to which the government responded [Doc. 98].

**I.      Standard of Review**

As required by 28 U.S.C. § 636(b)(1) and Rule 59(b) of the Federal Rules of Criminal Procedure, the Court has undertaken a *de novo* review of those portions of the R&R to which defendant has objected. In doing so, the Court has carefully considered Magistrate Judge Guyton's R&R [Doc. 76], the underlying and supporting briefs, and the parties' briefs on the pending objection, all in light of the relevant law. For the reasons set forth herein, the Court will overrule defendant's objection, accept in whole the R&R as it pertains to the motion to dismiss, and deny the motion.

**II.     Analysis**

    **A.      The Defendant's Argument**

In his motion to dismiss, the defendant argues that the superseding indictment runs afoul of the Due Process and Double Jeopardy clauses of the Fifth Amendment and the Notice clause of the Sixth Amendment because it falls to state all of the elements of the

2

offenses and fails to state the essential facts constituting those elements [Doc. 32]. More particularly, the defendant makes nine allegations of insufficiency of notice:

> (1) The indictment fails because it lacks the necessary facts to support appropriate particularization and also fails to charge essential elements of the offenses.
>
> (2) The indictment does not allege and does not set forth any facts that would establish that there was a public disturbance involving acts of violence by assemblages of three or more persons, which caused an immediate danger of or resulted in damage or injury to the property or person of any other individual.
>
> (3) The indictment does not set forth any facts to establish the manner in which the firearm is alleged to have been transported "in commerce."
>
> (4) The indictment fails to set forth any facts that would establish that the alleged transportation of the unspecified firearm substantially affected interstate commerce, as is necessary to invoke federal jurisdiction.
>
> (5) The indictment does not set forth any facts to establish that Mr. Huff had the requisite intent to violate 18 U.S.C. § 231(a)(2), namely, that he knew, had reason to know, or intended that the unspecified firearm would be used unlawfully in furtherance of a civil disorder.
>
> (6) The indictment does not set forth any facts to establish the reason such alleged transportation of a firearm was "unlawful."
>
> (7) The indictment does not set forth any facts to establish that Mr. Huff transported, used, or carried a firearm.
>
> (8) The indictment fails to set forth any element of a crime that constitutes the use, attempted use, or threatened use of physical force against the person or property of another.
>
> (9) The indictment fails to set forth any offense that by its nature involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

[Doc. 87 (citations omitted)].

**B.     The Report and Recommendation of Magistrate Judge Guyton**

Magistrate Judge Guyton first addresses the defendant's contentions relating to the insufficiency of the elements of the charged offenses. With respect to the first count, which charges the defendant with violation of 18 U.S.C. § 231(a)(2), he finds that it is constitutionally sufficient because it tracks the statutory language, alleges each of the necessary elements, and adds additional details concerning the date and location of the charge [Doc. 76]. Further, the magistrate judge likens the term "civil disorder" to the terms "obscene" and "attempt," which have been identified as legal terms of art, and finds it too is a legal term of art and thus is neither uncertain nor ambiguous [*Id.* (citing *United States v. Resendiz-Ponce*, 549 U.S. 102, 107 (2007); *Hamling v. United States*, 418 U.S. 87, 118 (1974))]. Accordingly, he discredits the defendant's contention that the definition of "civil disorder" should be alleged in the superseding indictment. Magistrate Judge Guyton also concludes that the defendant is able to know the nature of the charge he faces from the allegation itself.

With respect to the second count, Magistrate Judge Guyton likewise finds that it is constitutionally sufficient because it alleges the necessary elements for violation of 18 U.S.C. § 924(c)(1)(A), "sets out the elements of the specific crime of violence alleged," and details the date and location of the crime [*Id.*]. Further, he finds that the definition of "crime of violence" need not be included because it is neither uncertain nor ambiguous as it is defined in the statute. Thus, he concludes that the count sufficiently informs the defendant of the nature of the charge he faces and serves to protect against a Double Jeopardy violation.

With respect to the defendant's argument that the indictment fails to state the essential facts constituting the elements of each offense charged, Magistrate Judge Guyton uses "a common sense construction to determine whether the indictment gives the Defendant fair notice of the charges" [*Id.* (citation and quotation marks omitted)]. Regarding the defendant's contention that the indictment fails to allege a specific date and place "presumably because of the language '[o]n or about' with regard to April 20, 2010, and 'and elsewhere' in relation to Monroe County," the magistrate judge finds that the date and place of the crime alleged are equally specific as the allegations upheld in *Resendiz-Ponce* [*Id.*]. There, the "Supreme Court determined that the use of the word attempt, coupled with the specification of the time and place of respondent's attempted illegal reentry, satisfied the constitutional requirements that the indictment fairly inform the defendant of the charge and permit him to defend against a Double Jeopardy violation" [*Id.* (citing *Resendiz-Ponce*, 549 U.S. at 108) (quotation mark omitted)]. The indictment in that case "also contained the language '[o]n or about' a certain date and stated that the attempt to reenter occurred 'at or near San Luis in the District of Arizona'" [*Id.* (citation omitted)]. Comparing the indictment in the present case with the indictment in *Resendiz-Ponce*, the magistrate judge concludes that the present indictment "contains the same language with regard to the date, and although the secondary location of 'and elsewhere' is not specific, Monroe County is more specific than 'at or near San Luis'" [*Id.*]. The magistrate judge further points out that "allegations that the crime took place within the district are generally sufficient" [*Id.* (citing 1 Charles Alan Wright and Andrew D. Leipold, *Federal Practice and Procedure* § 125 (4th ed. 2008)].

Magistrate Judge Guyton groups the defendant's remaining contentions regarding whether the superseding indictment alleges the circumstances of the crimes with reasonable particularity into four general categories: that "(1) the Indictment fails to allege facts to support the jurisdictional element, (2) the Indictment fails to allege facts showing the civil disorder, (3) the Indictment fails to allege facts regarding the firearm, and (4) the Indictment fails to allege facts that would establish that he had the required mental state" [*Id.*].

With respect to the argument that the superseding indictment fails to allege facts relating to the manner in which the firearm was transported in commerce and to the effect of the transportation of the firearm on interstate commerce, Magistrate Judge Guyton finds that the facts alleging the jurisdictional element are constitutionally sufficient [*Id.*]. He points out that "generally[,] . . . such factual assertions regarding the interstate nexus of a crime are not always necessary to provide fair notice" [*Id.* (citation omitted)]. He further points out that he addressed the defendant's arguments in his report and recommendation concerning the defendant's motion to dismiss for failure to establish interstate commerce jurisdiction [*Id.*].

Regarding the defendant's contention that the superseding indictment fails to give fair notice of the charges because it does not allege any facts about the civil disorder, Magistrate Judge Guyton finds that "the Indictment's allegation that the Defendant transported a firearm unlawfully in furtherance of a civil disorder is constitutionally sufficient to give the Defendant fair notice of the charge against which he must defend and to serve as a bar for a Double Jeopardy violation, when coupled with the date and location alleged in the

6

Indictment" [*Id*.]. He notes that an indictment "need not list the evidentiary facts and details necessary to prove each of the elements of the offense charged," and indictments "are not constitutionally insufficient simply because they could have been made more precise" [*Id*. (citations omitted)]. Further, he repeats his conclusion that the term "civil disorder" is not ambiguous and "fairly informs the Defendant of the offenses charged" [*Id*. (citation omitted)].

As for the defendant's contention regarding the firearm allegations, the magistrate judge finds them without merit. First, with respect to the defendant's argument that the superseding indictment does not allege facts showing that he transported, used, or carried a firearm, Magistrate Judge Guyton concludes that the "use of the language of the statute with respect to the transportation, use and carrying of the firearm is sufficient to give the Defendant fair notice and to protect his Fifth Amendment right to an indictment, without further factual elaboration" because the Sixth Circuit Court of Appeals "has held that when the statute alleged to be violated does not enhance the punishment for the type of firearm involved, the indictment's failure to state the type of firearm alleged to be used does not render the indictment constitutionally insufficient" [*Id*. (citing *United States v. Davis*, 306 F.3d 398, 411 (6th Cir. 2000)]. Second, with respect to the argument that the indictment does not identify the firearm but should because the defendant was associated with two firearms on April 20, 2010, the magistrate judge finds that the indictment's failure to identify which firearm forms the basis of the charges does not compel dismissal because the specific type of firearm is not an essential element of either crime charged [*Id*. (citations omitted)].

Finally, regarding the defendant's argument that the superseding indictment fails to allege facts demonstrating the defendant had the requisite mental state to commit the crime alleged in count one, Magistrate Judge Guyton finds that the count expressly alleges the *mens rea* because "the use of the language of the statute . . . directly and fully informs him of what his mental state is alleged to have been and is not uncertain or ambiguous" [*Id.* (citing *United States v. Carll*, 105 U.S. 611, 612 (1881)].

In sum, viewing the superseding indictment with a common sense construction and as a whole, Magistrate Judge Guyton finds it constitutionally sufficient because "it gives the Defendant fair notice of the charges he faces, permits him to plead an acquittal or conviction to bar a Double Jeopardy violation, and asserts all of the facts that, if proven, would establish a prima facie case that the Defendant had committed the offenses alleged" [*Id.*]. He thus recommends that the motion to dismiss be denied [*Id.*].

### C. The Defendant's Objection

The defendant's objection contends that Magistrate Judge Guyton erred in finding the following: (1) that the term "civil disorder" is a legal term of art and is not "uncertain or ambiguous" requiring further factual assertions in the indictment; (2) that the indictment sufficiently alleges the interstate commerce jurisdictional element; (3) that the indictment is sufficient in stating, "firearm" and not specifically identifying the particular firearm; and (4) that the indictment sufficiently alleges *mens rea* [*See* Doc. 87].

### 1. The "Civil Disorder" Objection

The defendant argues that Magistrate Judge Guyton erred in finding that the term "civil disorder" is a legal term of art and that it is not "uncertain or ambiguous" [Doc. 87]. The defendant contends that "civil disorder" is not a legal term of art but "is a specifically defined element of the offense which a jury must apply before a defendant is convicted under the statute" [*Id.*]. Further, the defendant submits that the indictment "contains no facts from which the Defendant can determine what 'public disturbance' is alleged, which persons are alleged to have been involved or which persons or property are alleged to have been in danger" [*Id.* (emphasis removed)].

The Court finds the defendant's arguments without merit. Magistrate Judge Guyton fully and correctly considered the defendant's arguments raised in this objection in considering the motion to dismiss as well as the relevant law. Moreover, the defendant does not point to any law that demonstrates the magistrate judge erred in his conclusion that the term "civil disorder" is a legal term of art. Accordingly, this objection is overruled.

### 2. The Interstate Commerce Objection

The defendant argues that Magistrate Judge Guyton erred in relying upon "the words 'and elsewhere' to provide a sufficient jurisdictional element to the superceding indictment" [Doc. 87]. The Court finds this objection without merit in light of the Court's order upholding the magistrate judge's recommendation that the superseding indictment sufficiently alleges the interstate commerce jurisdictional element [*See* Doc. 80]. Accordingly, this objection is overruled.

### 3. The Firearm Objection

The defendant argues that Magistrate Judge Guyton erred in finding that "the failure to identify the particular firearm alleged by the government is of no constitutional consequence" [Doc. 87]. The defendant submits that "[c]learly, the entire issue of the protection against double jeopardy being provided by the superceding indictment has not been properly considered" because "the government could simply try the case based on one firearm, and if the jury acquitted the defendant of the charge, attempt to re-indict the case using the other firearm" [*Id.*].

The Court finds this objection without merit. Magistrate Judge Guyton finds that neither of the crimes charged in this case have as an essential element the specific type of firearm used, a conclusion that properly follows Sixth Circuit case law holding that "when the statute alleged to be violated does not enhance the punishment for the type of firearm involved, the indictment's failure to state the type of firearm alleged to be used does not render the indictment constitutionally insufficient" [Doc. 76 (citing *United States v. Davis*, 306 F.3d 398, 411 (6th Cir. 2000)]. The defendant does not attempt to distinguish the cases relied upon by the magistrate judge, and he provides no support for his hypothetical. Indeed, the government notes that it "would not be able to overcome the prohibitions of *U.S. v. Blockburger*, 284 U.S. 299 (1932) with a subsequent prosecution for the same occurrence with a different firearm" because "[t]here would be only one transportation of a firearm, regardless of the weapon" [Doc. 98]. The Court believes Magistrate Judge Guyton fully and

correctly considered the defendant's arguments raised in this objection in considering the motion to dismiss. Accordingly, this objection is overruled.

### 4. The *Mens Rea* Objection

Magistrate Judge Guyton finds that the count expressly alleges the *mens rea* because "the use of the language of the statute . . . directly and fully informs him of what his mental state is alleged to have been and is not uncertain or ambiguous" [*Id.* (citation omitted)]. The defendant argues that Magistrate Judge Guyton erred in making this determination, but he cites nothing in support of his contention [*See* Doc. 87]. The Court has reviewed the record and relevant law and agrees with Magistrate Judge Guyton. Accordingly, this objection is overruled.

## III. Conclusion

For the reasons set forth above, the Court **OVERRULES** defendant's objection [Doc. 87] to the Report and Recommendation of Magistrate Judge Guyton and **ACCEPTS IN WHOLE** the Report and Recommendation [Doc. 76] as it pertains to the defendant's motion to dismiss [Doc. 32]. Accordingly, defendant's motion to dismiss [Doc. 32] is **DENIED.**

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE