UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 3:10-CR-73 (VARLAN/GUYTON) |
| DARREN WESLEY HUFF, | ) ) | |
| Defendant. | ) ) ) | |

# MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. The parties appeared before the undersigned on August 2, 2011, for a scheduled pretrial conference and motion hearing on Attorney Paula R. Voss's Motion to Withdraw [Doc. 104], filed on July 19, 2011. Attorneys Jonathan A. Moffatt, Paula R. Voss, and Anne E. Passino, were all present for Defendant Huff, who was also present. Assistant United States Attorneys A. William Mackie and Jeffrey E. Theodore appeared on behalf of the Government.

In the motion, Attorney Voss states the attorney-client relationship has deteriorated to such a point that defense counsel is no longer able to provide effective representation. Due to the current state of the attorney-client relationship, Ms. Voss, Mr. Moffatt, and Ms. Passino ask that the Court allow them to withdraw from the representation of the Defendant in this matter. At the hearing, Attorney Moffatt stated that the Defendant and his attorneys were experiencing trust and communication issues resulting from a severe disagreement over the course of this case. In addition,

1

Attorney Moffatt asserted that the Defendant's *pro se* Motion to Dismiss for Ineffective Assistance of Counsel [Doc. 102] had created a conflict with his attorneys continuing to represent him in this matter. The Defendant stated that he had no objection to the motion to withdraw. The Government asserted that it took no position on the motion. The Court then conducted a sealed, *ex parte* hearing with the Defendant and his attorneys to learn the nature and extent of the problems between them.

Based upon the representations in the motion and by the Defendant and his attorneys during the *ex parte* hearing, the Court finds good cause exists to permit Ms. Voss, Mr. Moffatt, and Ms. Passino to withdraw. The Court concludes that the trust necessary for an adequate defense no longer exists in the attorney-client relationship, that there has been a breakdown in communication between the Defendant and his attorneys, and that the situation is unlikely to improve. Based upon good cause shown, the Motion to Withdraw [**Doc. 104**] is **GRANTED**, and Ms. Voss, Mr. Moffatt, and Ms. Passino are relieved as counsel for the Defendant. See Wilson v. Mintzes, 761 F.2d 275, 280 (6th Cir. 1985) (holding that a defendant seeking to substitute counsel must show good cause).

The Court recognizes the need for the Defendant to be continuously represented by conflict-free counsel. At the August 2, 2011 hearing, Attorney G. Scott Green appeared and agreed to accept representation of the Defendant. The Defendant acknowledged that he had the opportunity to meet with Attorney Green, and stated that he had no objection to Mr. Green representing him in this matter. The Court therefore and hereby **SUBSTITUTES** and **APPOINTS** Mr. Green under the Civil Justice Act (CJA) as counsel of record for Defendant Huff.

After his appointment, Mr. Green made an oral motion to continue the August 16, 2011 trial date so that he might have time to prepare. The Government did not object to this request. The Court finds that the oral motion to continue the trial to be well taken and that the ends of justice

2

served by granting the motion outweigh the best interest of the public and the Defendant in a speedy trial. See 18 U.S.C. § 3161(h)(8)(A). The Court notes that new defense counsel has just taken over the case for the Defendant Huff. He will need time to review the discovery, meet with the Defendant, and determine whether to pursue the Defendant's *pro se* motions [Docs. 102 and 107]. See 18 U.S.C. § 3161(h)(1)(F). The Court finds that all of this cannot take place before the August 16, 2011 trial date despite Mr. Green's exercise of due diligence. See 18 U.S.C. 3161(h)(8)(B)(iv).

Accordingly, the Court **GRANTS** Mr. Green's oral motion to continue the trial date, and the trial of this matter is reset for **October 18, 2011.** The Court finds that the period of time between the **August 3, 2011** hearing and the new trial date of **October 18, 2011**, is fully excludable as provided by the Speedy Trial Act. See 18 U.S.C. § 3161(h)(1)(F), -(J), -(8)(A)-(B). With regard to further scheduling, the Court will hold the Defendant's *pro se* motions [Docs. 102 and 107] in abeyance until **August 23, 2011**, in order to allow Attorney Green time to review the motions, discuss the motions with the Defendant, and determine whether to pursue the motions. This date will also be the motion-filing deadline. The parties are to appear before the undersigned for a final pretrial conference on **October 4, 2011, at 11:30 a.m.** This date shall also be the deadline for concluding plea negotiations. The Court instructs the parties that all motions *in limine* must be filed no later than **October 3, 2011**. Special requests for jury instructions shall be submitted to the District Court no later than **October 10, 2011**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED:**

(1) The Motion to Withdraw [**Doc. 104**] is **GRANTED**. Mr. Moffatt, Ms. Voss, and Ms. Passino are **RELIEVED** of any further representation of the Defendant;

(2) Attorney G. Scott Green is **APPOINTED** as the counsel of record for the Defendant;

(3) Mr. Green's oral motion to continue the trial date is **GRANTED**;

(4) The trial is reset to commence on **October 18, 2011, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(5) All time between the **August 2, 2011** hearing and the **October 18, 2011** trial date is fully excludable time under the Speedy Trial Act as set forth above;

(6) The Court will hold the Defendant's *pro se* motions [Docs. 102 and 107] in abeyance until **August 23, 2011**. This date will also be the motion-filing deadline;

(7) The parties are to appear before the undersigned for a final pretrial conference on **October 4, 2011, at 11:30 a.m.** This shall also be the date for concluding plea negotiations in this case;

(8) The Court instructs the parties that all motions *in limine* must be filed no later than **October 3, 2011**; and

(9) Special requests for jury instructions shall be submitted to the District Court no later than **October 10, 2011**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

**IT IS SO ORDERED.**

ENTER:

    s/ H. Bruce Guyton
United States Magistrate Judge