# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT KNOXVILLE

UNITED STATES OF AMERICA  )
           )
v.            )  No. 3:10-CR-73
           )
DARREN WESLEY HUFF   )  (VARLAN/GUYTON)

## GOVERNMENT'S RESPONSE TO DEFENDANT'S
## MOTION FOR RETURN OF PROPERTY

Now comes the United States of America, by and through the United States

Attorney for the Eastern District of Tennessee, William C. Killian, and, in response to

Defendant Darren Wesley Huff's Motion for Return of Property states that the motion

should be denied.  In support thereof, the government states the following:

The defendant contends that personal items seized from his vehicle and his

residence that are not contraband or evidence for trial should be returned.

Rule 41(g), Federal Rules of Criminal Procedure, provides:

> Motion to Return Property.  A person aggrieved by an
> unlawful search and seizure of property or by the deprivation
> of property may move for the property's return.  The motion
> must be filed in the district where the property was seized.
> The court must receive evidence on any factual issue
> necessary to decide the motion.  If it grants the motion, the
> court must return the property to the movant, but may
> impose reasonable conditions to protect access to the
> property and its use in later proceedings.

Fed. R. Crim. P. 41(g).

The government contends that it has returned to the defendant all items seized

from his vehicle and person at the time of his arrest which were not deemed to be

contraband or potential evidence.  (See Attachments 1, 2, and 3, listing returned property.[1])

The government submits that all other items seized from his vehicle and person are potential evidence in this case.  The government has always stood ready to make these seized items available for inspection, photographing and copying.  If the defendant believes that there are non-evidentiary/non-contraband personal items in the possession of the government, the defendant should specify with particularity what those items are.  If so specified, the government will review those items again for evidentiary value.

The defendant also seeks the return of property seized from his residence in Dallas, Georgia.  That evidence was seized pursuant to a search warrant issued by the U.S. District Court in the Northern District of Georgia.  Thus, pursuant Fed. R. Crim. P. 41(g), any motion for return of property for those items must be brought in the Northern District of Georgia.  The government notes, however, that the items seized from the defendant's residence consist of an AK-47 rifle with four magazines and ammunition.  (See Attachment 4, listing items seized from residence.)  These items are clearly evidence of the charged offenses and should not be returned.

---

[1]  These items were seized in the Eastern District of Tennessee.

WHEREFORE, the government respectfully requests this Honorable Court to deny the defendant's motion for return of property.

Respectfully submitted this 12th day of September, 2011.

WILLIAM C. KILLIAN
UNITED STATES ATTORNEY

By:  *s/ Jeffrey E. Theodore*
Jeffrey E. Theodore
A. William Mackie
Assistant United States Attorneys
800 Market Street, Suite 211
Knoxville, Tennessee 37902
Telephone: (865) 545-4167

## CERTIFICATE OF SERVICE

I hereby certify that on September 12, 2011, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

*s/ Jeffrey E. Theodore*
Jeffrey E. Theodore
Assistant United States Attorney