**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TENNESSEE**
**AT KNOXVILLE**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                   Docket No: 3:10–CR-73
                                                                    Varlan/Guyton

DARREN WESLEY HUFF,

    Defendant.

**MOTION *IN LIMINE*
TO REQUIRE THE GOVERNMENT
TO DISCLOSE ANY STATEMENT BY
THE ACCUSED WHICH IT SEEKS TO
INTRODUCE AS AN ADMISSION**

      Comes the accused, Darren Wesley Huff, by and through his undersigned counsel, who respectfully moves this Honorable Court, *in limine,* to compel the United States to disclose any statement of the accused wherein the government alleges the same is an admission by a party opponent. Mr. Huff further moves this Court to (i) enter a pre-trial Order specifying whether any such statement is admissible as an admission pursuant to F.R.E. 801(d)(2); and (ii) for any such statement the Court admits as an admission, the extent and scope of statements by Mr. Huff which are admissible pursuant to the Rule of Completeness (Rules 106, and 611 F.R.E.). In support of the foregoing, Mr. Huff would show as follows:

1

1. Mr. Huff is indicted in a two count indictment which alleges he violated the previsions of 18 U.S.C. §231, and 18 U.S.C. §924(c).

2. A primary focus of this trial will be upon whether or not Mr. Huff's action(s) were in violation of these statutes based, in large part, upon the intent this accused citizen harbored when he traveled within the Eastern District of Tennessee on April 20, 2010.

3. It is anticipated the United States will seek introduction of oral statements Mr. Huff made to a number of different individuals in an attempt to establish an unlawful intent on Mr. Huff's part. An example of such statements will be the anticipated testimony of Robert Shane Longmire. For instance, if Mr. Longmire testifies consistently with what is found within an FBI 302, he will relate the following:

    > "Huff's comments include talk of taking back the government, big brother watching, no freedom of speech, and that government is not about the people anymore."

    > "On April 15, 2010, Huff advised Longmire that Lt. Fitzpatrick was falsely arrested in Madisonville, Tennessee, and Fitzpatrick was to be in trial at 9:00 a.m. on April 20, 2010. Huff advised he was with the Georgia Militia, and he along with eight or nine other militia groups would travel to Madisonville that morning to take over the city. Huff further advised that Longmire would see his acts on the 12:00 noon news."

4. As a threshold question, this Court must determine whether or not such statements are, in fact, admissions by a party opponent.

    Rule 801 (d)(2), F.R.E. states the following:

    > (d) Statements which are not hearsay. A statement is not hearsay if—
    >
    > (2) Admission by party-opponent. The statement is offered against

2

a party and is (A) the party's own statement, in either an individual or a representative capacity.

5. Assuming, *arguendo*, that this Court chooses to admit certain of Mr. Huff's statements as admissions, a second evidentiary concern arises within this same context. In isolation certain statements may arguably be deemed, "admissions", yet the meaning of the statement made will be drastically changed/modified when taken in context with the entirety of the communication. For instance, on April 19, 2010 Mr. Huff was interviewed at his residence by F.B.I. Agent, Charles G. Reed. According to an F.B.I 302 prepared by Agent Reed, Mr. Huff stated the following:

> "Huff wants to take back the country that was founded on constitutional principles and that if they can take back Madisonville, then they can take back Monroe County, they can take back Tennessee, and possibly take back the whole country. Huff indicated that this is a situation where it is us against them. Huff and others will do what we have to do."

These statements must be taken in context with the other statements Huff made within this same interview, to wit:

> "Huff told reporting agent that they did not anticipate any violence associated with Huff's travels to Madisonville, Tennessee. Huff did state there would be no violence unless they were provoked into violence. Huff hopes the National Guard will be present as well. Huff wishes the F.B.I. would be present so that when the (sic) effect a citizen's arrest, they will have someone to turn over their prisoners to."

It is self evident that the language set forth immediately preceding, greatly modifies and changes the meaning the jury may glean from Mr. Huff's comments about "taking back the country."

3

Case 3:10-cr-00073-TAV-HBG   Document 119   Filed 09/29/11   Page 3 of 6   PageID #: 873

6. These quoted portions of the statements attributed to Mr. Huff are but a fraction of those statements Mr. Huff anticipates the United States will seek to introduce against him. Unless this Court determines pre-trial which statements are admissible as admissions, as well as to what extent the entirety of each statement should be admitted, the trial will be unnecessarily prolonged by repetitive arguments regarding admissibility.[1]

7. Most significantly, disallowing the entirety of each conversation/interview unconstitutionally prevents Mr. Huff from presenting a complete defense. The Due Process clause and the Confrontation clause of the Constitution (after a proper balancing analysis) will always trump any evidentiary rule which infringes upon a citizen's right to present a complete defense. See generally, *Davis v. Alaska*, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974); *Holmes v. South Carolina*, 547 U.S. 319, 126 S.Ct. 1727, 164 L.Ed.2d 503 (2006). In this case the jury will be called upon to decide Mr. Huff's fate in large part based upon what intent Mr. Huff harbored when he traveled to Tennessee on April 20, 2010. Where the United States will seek to use certain statements attributed to this accused citizen in order to establish his purported intent, it is unconstitutional to deny the jury an opportunity to hear the entirety of each such statement when it is called upon to determine Mr. Huff's intent.

---

[1] A part of this issue becomes moot if the government is willing to permit the entirety of each conversation/interview to be admitted should a portion thereof be deemed an admission.

4

WHEREFORE, based upon the foregoing, Darren Wesley Huff respectfully moves this Honorable Court, *in limine*, to grant the relief sought within the premises of this Motion.

Submitted this 29th day of September, 2011.

**s/G. Scott Green**
G. SCOTT GREEN, BPR #012872
800 S. Gay Street, Suite 1650
Knoxville, TN 37929
(865) 637-0134

5

## CERTIFICATE OF SERVICE

The undersigned hereby certifies on this date a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

This the 29th day of September, 2011.

**s/G. Scott Green**
G. SCOTT GREEN
