# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                    Docket No: 3:10–CR-73
                                      Varlan/Guyton

DARREN WESLEY HUFF,

    Defendant.

## MOTION
## *IN LIMINE* #2

    Comes the accused, Darren Wesley Huff, by and through his undersigned counsel, who respectfully moves this Honorable Court, *in limine,* to enter a pre-trial order precluding the United States from introducing any evidence seized from Mr. Huff's person or vehicle on April 30, 2010. In support of the foregoing, Mr. Huff would show as follows:

1. He is indicted for allegedly violating the provisions of 18 U.S.C. §231 and 18 U.S.C. §924(c) based on conduct which occurred on April 20, 2010. The indictment has now been supplemented by the addition of language which limits the aforesaid allegations to "Monroe County, on Interstate 75 in Hamilton County, Bradley County, and McMinn County, in the Eastern District of Tennessee."

2. On April 30, 2010, or ten (10) days beyond the date alleged within each count of the indictment, Mr. Huff was arrested in Knox County, Tennessee and certain items of personalty were seized from the vehicle he operated. The

evidence will further reflect that the vehicle Mr. Huff operated on April 20, 2010 was a black 2004 GMC pickup, while the vehicle Mr. Huff operated on April 30, 2010 was an older model Ford pickup which had been repainted in a camouflage pattern. The two vehicles are distinct, and there can be no mistaking one for the other.

3. At issue within this prosecution is whether or not Mr. Huff harbored an unlawful intent (within the areas specified in each count of the indictment) on April 20, 2010. Those items taken/seized from Mr. Huff's vehicle ten days later in an area of Tennessee which is distinct from that alleged in the indictment bear no causal relationship, nor relevance, to what intent Mr. Huff harbored on April 20th, 2010.

4. Among the items seized from Mr. Huff's Ford truck on April 30th include the following:

    (i) A Kel-tec 40 caliber firearm;
    (ii) A gas mask and other survival gear;
    (iii) A multitude of ammunition of varying calibers, including multiple rounds of ammunition which could not be fired from any weapon found within the Ford truck;
    (iv) Various canned foods and rations.

Allowing the government to introduce several hundred rounds of ammunition and weapons it seized on April 30th (from a locale foreign to the sites where the crimes are alleged to have occurred) and to thereafter display those items to the jury has no relevance to what intent Mr. Huff harbored on April 20th. What introduction of this evidence will accomplish, however, is to unnecessarily and unfairly inflame to passion(s) of the jury. Mr. Huff stands accused of violating federal law on April 20, 2010 premised solely upon his intent when traveling in

interstate commerce on this date. He has an absolute right (and the government does not allege any item seized on April 30th is illegal/contraband) to have possessed the items seized. None of the items listed herein have probative value when determining Mr. Huff's intent on April 20th, 2010.

5. Pursuant to Rules 401, 402, and 403 F.R.E. any evidence seized from Mr. Huff on April 30, 2010 must be excluded unless and until the United States can demonstrate the following:

   (i) That the specific item sought to be introduced has evidentiary relevance in that such item is probative of Mr. Huff's purported unlawful intent on April 20th, and,

   (ii) That the probative value of any such item of evidence is not outweighed by the danger of unfair prejudice.

6. It is respectfully submitted that the Court should conduct a pre-trial analysis to determine what items, if any, are admissible in order to allow the parties notice of the evidence that will be admitted, and to prevent the possibility that the jury may become aware of evidence which may thereafter be deemed inadmissible.

WHEREFORE, based upon the foregoing, Darren Wesley Huff respectfully moves this Honorable Court to enter an Order, *in limine*, granting the relief sought in the premises of this Motion.

Submitted this 30th day of September, 2011.

**s/G. Scott Green**
G. SCOTT GREEN, BPR #012872
800 S. Gay Street, Suite 1650
Knoxville, TN 37929
(865) 637-0134

## CERTIFICATE OF SERVICE

The undersigned hereby certifies on this date a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

This the 30th day of September, 2011.

**s/G. Scott Green**
G. SCOTT GREEN
