IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:10-CR-73 |
| | ) | |
| DARREN WESLEY HUFF, | ) | (VARLAN/GUYTON) |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on October 4, 2011, for a scheduled pretrial conference and motion hearing on appointed defense counsel's Motion to Withdraw [Doc. 130], filed on October 3, 2011. Assistant United States Attorneys Jeffrey E. Theodore and A. William Mackie appeared on behalf of the Government. Attorney G. Scott Green represented the Defendant, who was also present.

In his motion, Attorney Green asks to withdraw from representing the Defendant, because the attorney-client relationship has deteriorated to the extent that he can no longer provide the zealous representation required by the Tennessee Rules of Professional Conduct. At the hearing, the Government did not oppose counsel's request to withdraw. The Court then conducted a sealed, *ex parte* hearing with the Defendant and Mr. Green to learn the nature and extent of the problems between them.

1

A defendant seeking to substitute counsel "must show good cause such as a conflict of interest, a complete breakdown in communication or an irreconcilable conflict with his attorney in order to warrant substitution." Wilson v. Mintzes, 761 F.2d 275, 280 (6th Cir. 1985). In response to a request for the substitution of appointed counsel, the Court must inquire into the complaints of the defendant and counsel and must take into consideration (1) the timeliness of the request, (2) whether the conflict in the attorney-client relationship is so extensive that it results in the complete absence of communication, which in turn can prevent an adequate defense, and (3) whether these first two factors outweigh "'the public's interest in the prompt and efficient administration of justice.'" United States v. Sullivan, 431 F.3d 976, 980 (6th Cir. 2005) (quoting United States v. Mack, 258 F.3d 548, 556 (6th Cir. 2001); United States v. Iles, 906 F.2d 1122, 1130 n.8 (6th Cir.1990).

In the present case, defense counsel moved to withdraw two weeks before the Defendant's October 18, 2011 trial date. Earlier on October 3, the same day as the filing of the Motion to Withdraw, the Defendant filed a *pro se* motion [Doc. 126] asking the Court to dismiss the indictment with prejudice because he had received the ineffective assistance of counsel. In his accompanying *pro se* legal memorandum [Doc. 127], the Defendant expressed as his primary complaint that counsel had not filed two pretrial motions that the Defendant sought to have litigated. The significance of this filing can best be understood in light of the history of the Defendant's representation. On May 3, 2010, the Defendant had an initial appearance on a criminal complaint, and Assistant Federal Defenders Paula R. Voss and Jonathan A. Moffatt were appointed to represent him. On July 27, 2010, Attorney Anne E. Passino of the CJA training panel was also appointed to

represent the Defendant. During the course of their representation of the Defendant, these attorneys filed and litigated eight pretrial motions on behalf of the Defendant: a motion to suppress evidence gained during the April 20, 2010 stop of the Defendant; six motions to dismiss the indictment, and two motions for a bill of particulars. Within a month of the August 16 trial date, the Defendant filed two *pro se* motions [Docs. 102 and 107], calling for the dismissal of the indictment for the ineffective assistance of counsel because counsel had failed to file two motions that he wanted them to file and seeking a ruling on the admissibility of certain testimony.

In the wake of the Defendant's *pro se* motion to dismiss the indictment, the Federal Defenders and Attorney Passino sought to withdraw [Doc. 104] from their representation of the Defendant due to the deterioration of the attorney-client relationship. On August 2, 2011, the Court permitted counsel to withdraw, finding [Doc. 109] an irreparable breakdown in the trust and communication essential to the attorney-client relationship. The Court appointed Mr. Green to represent the Defendant, granted Mr. Green's oral motion to continue the trial, and set a new motion-filing deadline to allow Mr. Green to determine whether to pursue the Defendant's *pro se* motions or to file other motions on the Defendant's behalf. Although Mr. Green has now filed ten motions on behalf of the Defendant, he did not adopt the Defendant's *pro se* filings, which were denied as moot [Doc. 116].

Although the Court does not consider the Defendant's present *pro se* request to dismiss the indictment [Doc. 126][1] to be a motion for substitution of counsel, the Court does find that the

---

[1] At the October 4 motion hearing and pretrial conference, the Court denied this *pro se* motion as being both untimely and in violation of the local rules. E.D.T.N. LR 83.4(c) (providing that parties represented by counsel may not appear or act in their own behalf).

revisiting of these issues regarding the Defendant's desire to file certain pretrial motions to be untimely, as they are again raised within two weeks of the trial. The Court of Appeals has deemed requests for substitute counsel close in time to the trial to be generally untimely. See <u>United States v. Trujillo</u>, 376 F.3d 593, 606-07 (6th Cir. 2004) (denial of request for substitute counsel made three days before trial); <u>United States v. Williams</u>, 176 F.3d 301, 314 (6th Cir. 1999) (finding request for new counsel two weeks before trial to be untimely).

Second, the Court finds that although there are no doubt strains on the attorney-client relationship in this case, the issue of contention between the Defendant and counsel is not so extensive as to result in the complete absence of communication or the inability to work together. After listening to the concerns raised by the Defendant and counsel in the sealed portion of the hearing, the Court finds that the issue of contention centers again upon the Defendant's desire for the filing of motions, which Counsel in his professional opinion deems cannot be fairly raised. First, the Court notes that the Defendant's *pro se* memorandum reveals that although the Defendant and counsel disagree on this point, they have been communicating about the Defendant's case. The comments and explanations made during the sealed portion of the October 4 hearing confirm this impression. The Court finds that despite the disagreement over the motions, the attorney-client relationship has not suffered a complete or irreparable breakdown in communication or trust.

Finally, the Court finds that the public's interest in the prompt and efficient administration of justice outweighs the Defendant and counsel's differences expressed in the sealed hearing, particularly given the timing of the request to withdraw. The Court of Appeals for the Sixth Circuit

4

has concluded that the substitution of counsel based upon a defendant's dissatisfaction with counsel's failure to file motions "would have thwarted the prompt and efficient administration of justice where substitute counsel would have most likely agreed with present counsel that [the defendant's] motions would be fruitless." United States v. Clark, 328 F. App'x 992, 999 (6th Cir. June 15, 2009) (unpub'd), cert. denied 130 S. Ct. 435 (2009). The Court finds this wholly applicable to the instant case, in which not one but four attorneys have declined to file the motions that the Defendant seeks to advance. The Court has no reason to believe that appointing yet a fifth attorney would lead to a different result but would inevitably require a trial continuance. Accordingly, the Court finds that all three factors weigh in favor of denying the motion to withdraw.

Defense counsel's Motion to Withdraw [**Doc. 130**] is **DENIED**, because defense counsel has failed to show good cause for a substitution of counsel at this juncture. The Defendant shall proceed to trial on **October 18, 2011**, represented by Attorney Green. The Defendant is encouraged to turn his focus to the preparation of his defense and to assist Mr. Green in this endeavor.

**IT IS SO ORDERED.**

ENTER:

    s/ H. Bruce Guyton
United States Magistrate Judge