IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

UNITED STATES OF AMERICA,      )
                               )
              Plaintiff,       )
                               )
      v.                       )    No. 3:10-CR-73
                               )
DARREN WESLEY HUFF,            )    (VARLAN/GUYTON)
                               )
              Defendant.       )

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on October 4, 2011, for a scheduled pretrial conference and motion hearing on all pending motions [Docs. 112, 124, 125, 126, 119, 120, 121, 122, 123, 128, and 129]. Assistant United States Attorneys Jeffrey E. Theodore and A. William Mackie appeared on behalf of the Government. Attorney G. Scott Green represented the Defendant, who was also present. The Court considered the Defendant's motions and the arguments of counsel and rules as follows:

**I. Motion for Return of Property [Doc. 112]**

The Defendant moves [Doc. 112] the Court for the return of all personal property, which the Government seized either at the time of his arrest or during the search of his residence and which

1

will not be used as evidence in the case. He contends that the items are not contraband and that the Government has no legitimate interest in retaining any such items that will not be introduced as evidence at trial. The Government opposes [Doc. 115] the motion, arguing that is has returned all property seized at the time of the Defendant's arrest that has no potential evidentiary value. It also contends that any evidence seized during the search of the Defendant's residence was seized pursuant to a search warrant issued by the United States District Court for the Northern District of Georgia and that the Defendant should direct any motion for the return of that property to that court. However, the Government observes that the items seized from the Defendant's residence consisted of a firearm, magazines, and ammunition, which it deems to be evidence of the charged offense.

At the October 4 hearing, AUSA Theodore stated that certain additional items seized at the time of the Defendant's arrest have been photographed and can now be returned to the Defendant, because the Government can use the photographs of those items at trial. Mr. Green stated that the items seized from the Defendant at the time of his arrest on April 30, 2010, are also the subject of a motion *in limine* [Doc. 121], calling for the exclusion of this evidence because it is irrelevant to the Defendant's actions or intent on April 20, 2010, the date of the alleged offenses. Counsel argued that if the District Court should grant that motion and exclude the evidence, the Defendant sought its immediate return.

Rule 41(g) of the Federal Rules of Criminal Procedure provides:

A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to

2

protect access to the property and its use in later proceedings.

The rule directs that a motion for the return of the property seized from the Defendant's home in Georgia must be filed in that district. Accordingly, the Defendant's motion is **DENIED in part** with regard to his request for the return of items seized in the search of his residence.

With regard to the property seized from the Defendant at the time he was arrested in the Eastern District of Tennessee, the Government has stated that it has returned all of this evidence that it will not use at trial and that it stands ready to return other evidence that it may use at trial but for which a photograph of the evidence will suffice.[1] The plain language of the rule reveals that parties may seek the return of property even when it has been lawfully seized. The Advisory Committee Notes to the rule[2] provide guidance as to when such pretrial return of property lawfully in the government's possession would be appropriate:

> No standard is set forth in the rule to govern the determination of whether property should be returned to a person aggrieved either by an unlawful seizure or by deprivation of the property. The fourth amendment protects people from unreasonable seizures as well as unreasonable searches, <u>United States v. Place</u>, 462 U.S. 696, 701 (1983), and reasonableness under all of the circumstances must be the test when a person seeks to obtain the return of property. If the United States has a need for the property in an investigation or prosecution, its retention of the property

---

[1] In his motion *in limine* [Doc. 121], the Defendant lists the items seized from his truck at the time of his arrest and retained by the Government as being (1) "A Kel-tec 40 caliber firearm;" (2) "A gas mask and other survival gear;" (3) "A multitude of ammunition of varying calibers, including multiple rounds of ammunition which could not be fired from any weapon found within the Ford truck;" and (4) "Various canned foods and rations." It is not clear whether the Government has photographed and intends to return all of this evidence. In any event, the Court observes that the Defendant's conditions of pretrial release [Doc. 9, ¶(8)(n)] preclude him from possessing any "firearm, destructive device, or other dangerous weapons." Any item falling within this provision may not be returned to the Defendant at this time but may be returned to a person designated by the Defendant, whom does not reside with him.

[2] The rule was formerly found at 41(e).

3

generally is reasonable. But, if the United States' legitimate interests can be satisfied even if the property is returned, continued retention of the property would become unreasonable.

Fed. R. Crim. P. 41(g), advisory committee notes to 1989 amendments.

In the present case, the Defendant's Motion for Return of Property [**Doc. 112**] is **GRANTED in part**, in that the Government must promptly return all property seized at the time of the Defendant's arrest for which the use of the property at trial may be preserved by photographing the items. The Court makes no determination about the admissibility of this evidence. That issue is reserved for determination by the District Court. If the Government is retaining any of the items seized from the Defendant at the time of his arrest for use at the trial of this matter, the Court would tend to find such retention to be reasonable, provided that the evidence is admissible. The Defendant's Motion for Return of Property not already returned, or agreed to be returned, is **DEFERRED in part** to the District Court, pending its determination of the admissibility of this evidence.

### II. Supplemental Motion to Dismiss [Docs. 124 and 125]

The Defendant asks [Doc. 124] the Court for leave to file a supplemental Motion to Dismiss Count II of the Indictment [Doc. 125], filed out of time on September 30, 2011.[3] He contends that the supplemental motion is premised upon the Government's filing of a Bill of Particulars [Doc. 114] on September 8, 2011. He asserts that because the Bill of Particulars was filed one day after his

---

[3]The District Court referred [Doc. 131] this motion [Doc. 124] and the provisionally filed motion to dismiss [Doc. 125] to the undersigned for determination or report and recommendation.

4

September 7, 2011 motion-filing deadline, he could not file the motion to dismiss within the time frame established by the Court. In his proposed supplemental motion to dismiss [Doc. 125], the Defendant asks the Court to dismiss Count Two of the Superseding Indictment [Doc. 19] because now that the Government has alleged in the Bill of Particulars that no civil disorder and, consequently, no acts of violence actually occurred in this case, Count One cannot constitute a crime of violence as an element of Count Two.

Rule 12(b)(3) of the Federal Rules of Criminal Procedure requires that motions to dismiss the indictment must be alleged pretrial. The Defendant's proposed motion seeks the dismissal of Count Two of the Superseding Indictment. Rule 12 gives the Court the authority to set a deadline for filing pretrial motions. Fed. R. Crim. P. 12(c). "A party waives any Rule 12(b)(3) defense, objection, or request not raised by the deadline the court sets under Rule 12(c) or by any extension the court provides." Fed. R. Crim. P. 12(e). The Court may grant relief from such a waiver for good cause shown. Fed. R. Crim. P. 12(e).

In the present case, the Court does not find good cause to permit the belated consideration of the supplemental motion to dismiss. Instead, the Court finds that the Defendant has already litigated this very issue in his Motion to Dismiss Count Two Because its Predicate Crime is Not a "Crime of Violence" [Doc. 30]. In its Report and Recommendation [Doc. 76] on this motion, the Court addressed the question of whether Count One is a "crime of violence" under 18 U.S.C. § 924(c)(1)(A), finding

> The statute [alleged in Count One] addresses the escalation of danger caused by bringing a weapon into a situation involving acts of violence by a person who intends or knows, or has reason to know

5

> that the weapon will be used to promote those violent acts. The Court observed that a person can be prosecuted for violating section 231(a)(2), even if the civil disorder does not ultimately occur, because the person acted to further violent acts. See United States v. Featherstone, 461 F.2d 1119, 1122 (5th Cir. 1971) (holding, with regard to a different subsection of 231, that the government may properly prosecute action in furtherance of a civil disorder even before the civil disorder occurs), cert. denied, 409 U.S. 991(1972). Thus, because the actor intends to further a civil disorder, section 231(a)(2) involves a substantial risk that physical force against another or against property will occur during its commission.

[Doc. 76, pp. 31-32] Accordingly, the Court recommended that the Defendant's motion to dismiss be denied. The Defendant filed an objection to this recommendation, arguing that Count One does not qualify as a crime of violence particularly because "there was no civil disorder in this case" [Doc. 85, p.10]. The District Court considered the analysis by the undersigned and the Defendant's objection and accepted [Doc. 97] the Report and Recommendation in whole. Accordingly, the Court finds that this issue has already been fully addressed and finds no reason, much less good cause, to grant leave to file the supplemental motion to dismiss. The Defendant's Motion for Leave to File Supplemental Motion to Dismiss [**Doc. 124**] is **DENIED**, and his provisionally-filed Motion to Dismiss Count II of the Indictment [**Doc. 125**] is **DENIED as moot.**

### III. Motions *in Limine* [Docs. 119-123 and 128-129]

The Defendant has filed seven motions *in limine* [Docs. 119-123 and 128-129] regarding the admissibility of certain evidence at trial. The Court finds that these motions directly relate to trial procedures and/or the admissibility of evidence at trial and will be addressed by the trial judge, District Judge Thomas A. Varlan. Accordingly, the undersigned **DEFERS** ruling on these motions [**Docs. 119, 120, 121, 122, 123, 128, and 129**] to Judge Varlan, who will decide these motions either

6

before or during trial as he deems appropriate. The Government is **DIRECTED** to file a response to these motions on or before **October 10, 2011.**

### IV. Defendant's *Pro Se* Motion to Dismiss the Indictment [Doc. 126]

On October 3, 2011, the Defendant filed a *pro se* Second Motion to Dismiss For Ineffective Assistance of Counsel [Doc. 126], asking the Court to dismiss the indictment with prejudice because he had received the ineffective assistance of counsel. This *pro se* motion is both untimely and in violation of the local rules. E.D.T.N. LR 83.4(c) (providing that parties represented by counsel may not appear or act in their own behalf). Accordingly, the Defendant's *pro se* Second Moton to Dismiss For Ineffective Assistance of Counsel [**Doc. 126**] is **DENIED as moot.**

### V. Conclusion

For the reasons stated above, the Court **ORDERS** as follows:

> (1) The the Defendant's Motion for Return of Property [**Doc. 112**] is **DENIED in part** with regard to his request for the return of items seized in the search of his residence. The motion is **GRANTED in part**, in that the Government must promptly return all property seized at the time of the Defendant's arrest for which the use of the property at trial may be preserved by photographing the items. The motion is is **DEFERRED in part** to the District Court, pending its determination of the admissibility of this evidence, with regard to any items seized at the time of the Defendant's arrest that have not already been returned;
>
> (2) The Defendant's Motion for Leave to File Supplemental Motion to Dismiss [**Doc. 124**] is **DENIED**, and his provisionally-filed Motion to Dismiss Count II of the Indictment [**Doc. 125**] is **DENIED as moot**;

7

(3) The Defendant's seven Motions *in Limine* [**Docs. 119, 120, 121, 122, 123, 128, and 129**] are **DEFERRED** to District Judge Thomas A. Varlan, who will decide these motions either before or during trial as he deems appropriate; and

(4) The Defendant's *pro se* Second Motion to Dismiss For Ineffective Assistance of Counsel [**Doc. 126**] is **DENIED as moot.**

**IT IS SO ORDERED.**

ENTER:

    s/ H. Bruce Guyton
United States Magistrate Judge