UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:10-CR-73 |
| | ) | JUDGE VARLAN |
| DARREN WESLEY HUFF | ) | |

THE UNITED STATES RESPONSE TO
THE DEFENDANT'S MOTION IN LIMINE #5

The United States of America, by and through the undersigned Assistant United States Attorney for the Eastern District of Tennessee, hereby files this response to the Defendant's Motion in Limine #5 (the "Motion," Doc. 123) as follows:

1.  The Defendant seeks an order from the Court to the effect that the United States would be "precluded from eliciting. . .facts/allegations within the presence of the jury" with regard to whether: (i) the Defendant was convicted of a Tennessee state crime in Monroe County Circuit Court in relation to his conduct in Madisonville on April 1, 2010; (ii) the defendant may have possessed an anti-aircraft gun prior to April 20, 2010; and (iii) the Defendant may have equipped a pick-up truck which he owned in such a manner as to enable him to mount or carry any type of anti-aircraft gun. Motion, p.1.

2.  With regard to the first issue of which the Defendant seeks an order *in limine*, that being with regard to any evidence of his prior Tennessee state court conviction relating to the events of April 1, 2010, the government submits that such conviction directly relates to conduct which constitutes part of the inextricably intertwined and intrinsic, or *res geste*, evidence of the Defendant's conduct on April 20, 2010. Consequently, the government submits that evidence of the Defendant's conviction is directly relevant to the conduct for which he has been charged.

This conviction, relating to a violation of Tenn. Code. Ann. § 39-17-306 with regard to a disruption of a lawful meeting, relates to his participation in the attempted "arrest" of a Monroe County Grand Jury Foreman within a courtroom at the Monroe County Courthouse under the guise of a personally issued "arrest warrant" for the alleged crime of being a "Declared Domestic Enemies." Such actions, and his conviction relating thereto, are directly related to the conduct on April 20, 2010, as charged in the Superceding Indictment, as during that time the Defendant was continuing to act together with other persons to seek to effect the "arrest" of persons under the same "Citizens' Arrest Warrant." *See, United States v. Maestras*, 941 F.2d 273, 278 (5th Cir. 1991)(court held that it was proper for the district court to admit evidence of the defendant's guilty plea to a state misdemeanor charge of unlawfully possessing a firearm which arose out of the same incident as his federal felon in possession charge).

3. That being said, the United States does not intend to introduce any evidence of this conviction in its case-in-chief. Nonetheless, the government submits that it should be allowed to inquire as to this conviction should the Defendant elect to exercise his right to testify on his behalf to the effect, for example, that (i) he had no reason to think that his actions taken with others on April 1, 2010, to "arrest" the Grand Jury Foreman was not lawful and proper or (ii) he had no reason to think that it was not lawful for one or more persons to travel on April 20, 2010, to Madisonville while transporting and possessing firearms in order to enforce and effect "arrests" of persons named on this very same "Citizens' Arrest Warrant."

4. With regard to the second and third issues of which the Defendant seeks an order *in limine* regarding any possible possession by the Defendant of an anti-aircraft gun and such equipment as might have been required or necessary to mount or place such a weapon in his

2

truck, the United States submits that both of these issues are closely interrelated and directly "germane," or relevant, to the case before this Court. Any testimony or evidence to the effect that the Defendant possessed such a weapon and related equipment, or had claimed to have such possession, during a time in temporal proximity to April 20, 2011, would certainly have a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would without the evidence." Fed. R. Evid. 401; *see Huddleston v. United States*, 485 U.S. 681 (1988)(relevancy exists only as a relation between an item of evidence and a matter properly provable in the case); see also *United States v. Ware*, 161 F.3d 414 (6th Cir. 1998), *cert. denied*, 526 U.S. 1045 (1999)(evidence of possession of guns "a necessary adjunct" to proof of drug trafficking) and *United States v. Blackman*, 904 F.2d 1250 (8th Cir. 1990)(possession of guns as "tools of the trade" relevant to drug trafficking charge).

    5.    That such evidence would be relevant to "any fact that is of consequence" to this case is clear from the nature of the central allegations of the Superceding Indictment, specifically that the Defendant transported interstate one or more firearms on or about April 20, 2010, knowing, or having reason to know or intending the same to be used in furtherance of a civil disorder. Evidence that the Defendant possessed, or claimed to possess, or expressed any intention to use or transport such a weapon as an anti-aircraft gun to Tennessee at some point in time leading up to April 20, 2010, has a direct relevance and bearing on both his intent and capability to act on such intent to violate the statutes of which he has been charged in the Indictment.

    6.    The Defendant seeks to argue that "evidence of whether or not [he] possessed such a weapon" would not be relevant to the issue of his intent "within the Eastern District of

3

Tennessee on April 20th was, or was not, lawful." Motion, p.3. To the contrary, given the information introduced during the course of this case through pre-trial pleadings and the suppression hearing wherein the Defendant is alleged to have expressed a specific intent to "take over" with other persons the town of Madisonville or the Monroe County Courthouse, the issue of whether the Defendant possessed or claimed to possess, or expressed any intent to use or transport, a firearm of the nature of an anti-aircraft gun would certainly have a tendency "to make the existence of a fact that is of consequence" more or less probable. The "fact of consequence" in this matter being whether or not the Defendant held, or expressed, a prior intent to transport and use firearms in furtherance of "taking over" a town or a courthouse, coupled with his capability to do so. Accordingly, such evidence is directly relevant to the allegations as charged in the Indictment.

WHEREFORE, based upon the argument and authorities cited herein, the United States respectfully submits that the Court should deny the Defendant's Motion in Limine #5.

Respectfully submitted this 6th day of October, 2011.

> WILLIAM C. KILLIAN.
> UNITED STATES ATTORNEY
>
> By: /s/ A. Wm. Mackie
> A. WILLIAM MACKIE
> JEFFREY E. THEODORE
> Assistant United States Attorneys
> 800 Market Street, Ste. 211
> Knoxville, Tennessee 37902
> (865) 545-4167

4

## CERTIFICATE OF SERVICE

       I hereby certify that on October 6, 2011, a copy of the foregoing notice was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Opposing counsel may access this filing through the Court's electronic filing system. Any counsel not named as being served electronically will be served by regular U.S. mail or facsimile.

                                           /s/ A. Wm. Mackie
                                           A. WILLIAM MACKIE
                                           Assistant United States Attorney