UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:10-CR-73 |
| | ) | |
| DARREN WESLEY HUFF | ) | (VARLAN/GUYTON) |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE TO REQUIRE THE GOVERNMENT TO DISCLOSE ANY STATEMENT BY THE ACCUSED WHICH IT SEEKS TO INTRODUCE AS AN ADMISSION [Doc. 119]**

Now comes the United States of America, by and through the United States Attorney for the Eastern District of Tennessee, William C. Killian, and, in response to Defendant Darren Wesley Huff's Motion in Limine to Require the Government to Disclose any Statement by the Accused which it Seeks to Introduce as an Admission [Doc. 119] states that the motion should be denied. In support thereof, the government states the following:

The Defendant moves this Court to compel the government to disclose any statement by the Defendant that the government intends to introduce as an admission of a party-opponent pursuant to Fed. R. Evid. 801(d)(2). The Defendant further moves the Court to make a pretrial determination of the admissibility of those admissions and the extent to which the Defendant may introduce his own out-of-court statements pursuant to what he terms the "Rule of Completeness." The government objects to this motion.

The Defendant is not entitled to pretrial disclosure of this information. The Defendant cites no cases where a similar request has been granted. Federal Rule of Criminal Procedure 12(b)(4)(B) provides that a defendant may "request notice of the

government's intention to use (in its evidence in chief at trial) any evidence which the defendant may be entitled to discover under Rule 16." The Defendant's motion, however, is an attempt to gain pretrial discovery of the identity of government witnesses and their statements regarding the Defendant's admissions, which are not discoverable under Fed. R. Crim. P. 16 and *United States v. Presser,* 844 F.2d 1275, 1285 (6th Cir. 1988). Statements that the Defendant has made to non-government agents go well beyond the scope of the definition of defendant's statements in Rule 16(a)(1)(A) through (C) and are not subject to pretrial disclosure under established Sixth Circuit precedent. *See Presser,* 844 F.2d 1275; *see also United States v. Bailey,* 689 F. Supp. 1463 (N.D. Ill. 1987) (court rejected defendant's request for statements that fall into the category of an admission under F.R.E. 802(d)(2) since none of the admissions under the rule are statements of the defendant under Fed. R. Crim. P. 16(a)(1)(A), and thus not discoverable). To the extent that persons will appear at trial as witnesses and testify about admissions made by the Defendant, their statements are protected by the Jencks Act. The Defendant is not entitled to pretrial discovery of statements of government witnesses and third parties under Rule 16, except as provided in 18 U.S.C. § 3500 (Jencks Act).

What the Defendant is seeking is a ruling akin to a pretrial admissibility determination of co-conspirator statements pursuant to Fed. R. Evid. 801(d)(2)(E). In *United States v. Happ*, 2008 WL 5101214 (S.D. Ohio Nov. 25, 2008), the defendant made a motion to disclose and determine the admissibility of co-conspirator statements before trial. In denying the defendant's request, the court stated:

2

> The Sixth Circuit has found that discovery pursuant to Federal Rule of Criminal Procedure 16 is limited to categories of evidence expressly referred to in the Rule. *Presser*, 844 F.2d at 1285. Therefore, Rule 16 does not require pretrial discovery of co-conspirator's statements. *See id.* (citing *United States v. Roberts*, 811 F.2d 257, 258-59 (4th Cir. 1987)(per curiam)); *accord United States v. Boykins*, Nos. 89-3580, 89-3641, 89-3798, 1990 WL 143559, at *7 (6th Cir. Oct. 2, 1990) (holding "co-conspirator statements do not fall within the ambit of Rule 16(a)(1)(A)" as a Defendant's statement and were therefore not discoverable pretrial). Similarly, this Circuit has held that a defendant is not entitled to pretrial disclosure regarding Government witnesses. *See United States v. Carter*, 621 F.2d 238, 240 (6th Cir. 1988)("United States is generally under no duty to provide the statement of a government witness until that witness has testified"); *United States v. McCullah*, 745 F.2d 350, 353 (6th Cir. 1984)(no duty to disclose witness lists in a non-capital case).

*Happ,* 2008 WL 5101214 at *5. Analogously, Defendant Huff is not entitled to disclosure of the government's intent to introduce statements as admissions and a pretrial determination of admissibility of those statements.

The Defendant is also not entitled to notice of the government's intent to introduce admissions if those admissions are contained within statements of the Defendant that the government has provided as Rule 16 discovery. The admissibility of the defendant's statements as a non-hearsay admission by party-opponent under Rule 801(d)(2) is very uncomplicated. A statement is not hearsay if the statement is offered against a party and is his own statement in either his individual or representative capacity. Fed. R. Evid. 801(d)(2)(A). Generally, any statement by a party-opponent offered against him is admissible. In fact, an admission by a party-opponent offered under 801(d)(2)(A) is much less nuanced than a co-conspirator statement offered as an admission by a party-opponent under 801(d)(2)(E), as to which co-conspirator

3

statement the defendant is not entitled to pretrial discovery. *See Happ*, 2008 WL 5101214 at *5. Thus, there is even a stronger basis for not allowing pretrial disclosure of admissions under 801(d)(2)(A) than co-conspirator statements under 801(d)(2)(E).

The Defendant contends that, "[i]n isolation certain statements may arguably be deemed, 'admissions,' yet the meaning of the statement made will be drastically changed/modified when taken in context with the entirety of the communication." [Doc. 119, p. 3.] The government submits that even if other statements could be offered by the Defendant under the doctrine of completeness to put a misleading statement in context, that does not change the foundational requirements for the admissibility of a statement under 801(d)(2)(A). For admissibility purposes, the meaning of the admission matters not, provided the admission relates to the offense. The Defendant seems to be under the mistaken belief that a statement offered as an admission must somehow be inculpatory to the Defendant; however, that is not required. Cases interpreting Fed. R. Evid. 801(d)(2)(A) are in agreement that statements need not be incriminating to be admissions; they need only relate to the offense. *Guam v. Ojeda*, 758 F.2d 403, 408 (9th Cir. 1985). There is no reason to compel pretrial disclosure and a determination on the admissibility of any statements offered as an admission by the party-opponent.

The fact that the Defendant may attempt to invoke the doctrine of completeness at trial does not strengthen his argument for pretrial disclosure and determination of the admissibility of his admissions. Federal Rule of Evidence 801(d)(2) (admission by party-opponent) does not permit the Defendant to introduce his own self-serving hearsay statements into evidence. In *United States v. Crosgrove*, 637 F.3d 646, (6th Cir. 2011), the court found that the doctrine of completeness, partially codified in

4

Federal Rule of Evidence 106, "allows a party who is prejudiced by an opponent's introduction of part of a document, or a correspondence, or a conversation, to enter so much of the remainder as necessary to explain or rebut a misleading impression caused by the incomplete character of that evidence." *Id.* at 661 (quoting *United States v. Howard,* 216 F. App'x 463, 472-473 (6th Cir. 2007)(internal citations and quotations omitted)). "This circuit has stated, however, that the doctrine 'does not make inadmissible evidence admissible.'" *Crosgrove*, 637 F.3d at 661; *Howard*, F. App'x at 472-73; *see also United States v. Costner*, 684 F.2d 373 (6th Cir. 1982); *United States v. Collicott*, 92 F.3d 973, 983 (9th Cir. 1996). Therefore, unless the statements a defendant seeks to introduce are truly necessary to correct a "misleading impression caused by the incomplete character" of the portion of the statement admitted, the evidence is not admissible. *Crosgrove,* 637 F.3d at 661; citing *Howard,* 216 F. App'x at 472.

The Defendant's motion for pretrial disclosure and determination of admissions by a party-opponent is simply an attempt to obtain that which he is not yet entitled – disclosure of the identity of witnesses and their statements, and the government's trial strategy regarding its presentation of evidence. Although the Defendant is entitled to pretrial details of the charges against him, he is not entitled to details of evidence against him beyond the provisions of the rules of discovery. Application of Rule 801(d)(2) is very straightforward, as is the doctrine of completeness in Rule 106. Contrary to the Defendant's contention, determining the admissibility of Defendant's admissions under Fed. R. Evid. 801(d)(2)(A) during trial will not prolong the trial in any

5

appreciable manner. There is no reason for this Court to compel disclosure or determine the admissibility of admissions under Fed. R. Evid. 801(d)(2) before trial.

WHEREFORE the government respectfully requests that this Honorable Court deny Defendant's motion in limine.

Respectfully submitted this 6th day of October, 2011.

                    WILLIAM C. KILLIAN
                    UNITED STATES ATTORNEY

By: *s/ Jeffrey E. Theodore*
     Jeffrey E. Theodore
     A. William Mackie
     Assistant United States Attorneys
     800 Market Street, Suite 211
     Knoxville, Tennessee 37902
     Telephone: (865) 545-4167

## CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2011, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

                    *s/ Jeffrey E. Theodore*
                    Jeffrey E. Theodore
                    Assistant United States Attorney

6

Case 3:10-cr-00073-TAV-HBG  Document 138  Filed 10/06/11  Page 6 of 6  PageID #: 961