**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                    Docket No: 3:10–CR-73
                                              Varlan/Guyton

DARREN WESLEY HUFF,

    Defendant.

**MR. HUFF'S
SPECIAL REQUEST #5**

Comes now the accused, Darren Wesley Huff, by and through his undersigned counsel, who respectfully moves this Honorable Court, to instruct the jury as follows:

> Count II of the indictment alleges (the Defendant/Mr. Huff) violated federal law by using and carrying a firearm during and in relation to a felony crime of violence.
>
> For you to find (the Defendant/Mr. Huff) guilty of this crime, you must find that the United States has proven each and every one of the following elements beyond a reasonable doubt:
>
> First: That the United States has proven beyond a reasonable doubt that the (the Defendant/Mr. Huff) committed the crime alleged in Count I.
>
> Second: That the crime alleged in Count I is a crime of violence. A crime of violence is defined as an offense that is a felony and that by its nature involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.
>
> Third: That the crime alleged in Count I is a violation of federal law.

Fourth: That (the Defendant/Mr. Huff) knowingly used and carried a firearm.

Fifth: That the use and carrying of the firearm was during and in relation to the crime charged in Count I. The phrase "during and in relation to" the commission of an offense means that there must be a connection between (the Defendant/Mr. Huff), the firearm, and the alleged felony crime of violence. To prove that (the Defendant/Mr. Huff) possessed the firearm "during and in relation" to the alleged felony crime of violence, it is not enough to show that he possessed the firearm at or about the same time he allegedly committed the alleged felony of violence charged in Count I.

For the possession of the firearm to be "during and in relation to" the alleged felony crime of violence alleged in Count I, you must find the firearm has a purpose or effect with respect to the alleged felony crime of violence. In other words, you must find that the firearm facilitated or furthered the alleged felony crime of violence charged in Count I, and the firearm's presence was not the result of accident or coincidence as it related to Count I.

If you have a reasonable doubt that the United States has proven the existence of any of these elements, you must find (the Defendant/Mr. Huff) not guilty of this charge.[1]

Submitted this 11th day of October, 2011.

    **s/G. Scott Green**
G. SCOTT GREEN, BPR #012872
800 S. Gay Street, Suite 1650
Knoxville, TN 37929
(865) 637-0134

---

[1] Authority: 18 U.S.C. §924(c)(1)(3)(B); *United States v. Gibbs*, 182 f.3d 408, 425-426 (6th Cir. 1999); *United States v. Riascos-Suarez*, 73 F.3d 616, 623 (6th Cir. 1996).

## CERTIFICATE OF SERVICE

The undersigned hereby certifies on this date a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

This the 11th day of October, 2011.

**s/G. Scott Green**
G. SCOTT GREEN