# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:10-CR-73 |
| | ) | (VARLAN/GUYTON) |
| DARREN WESLEY HUFF, | ) | |
| | ) | |
| Defendant. | ) | |

## GOVERNMENT'S NOTICE OF FILING PROPOSED JURY INSTRUCTIONS

The United States of America, by and through the United States Attorney for the Eastern District of Tennessee, hereby files the attached proposed jury instructions pursuant to Fed. R. Crim. P. 30, and requests that these instructions be given at trial in the above-styled cause, in addition to those standard instructions given by this Court in criminal trials. The United States further requests that it be allowed to submit such additional instructions as become appropriate based upon the trial testimony in this case.

Respectfully submitted this 11th day of October, 2011.

                                           William C. Killian
                                           United States Attorney

By:   *s/ Jeffrey E. Theodore*
        Jeffrey E. Theodore
        A. William Mackie
        Assistant United States Attorneys
        800 Market Street, Suite 211
        Knoxville, TN 37902
        865.545.4167

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 1

Separate Consideration–Single Defendant Charged With Multiple Crimes

(1) The defendant has been charged with two crimes. The number of charges is no evidence of guilt, and this should not influence your decision in any way. It is your duty to separately consider the evidence that relates to each charge, and to return a separate verdict for each one. For each charge, you must decide whether the government has presented proof beyond a reasonable doubt that the defendant is guilty of that particular charge.

(2) Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any of the other charges.

Sixth Circuit Pattern Jury Instructions, Criminal Cases § 2.01A (2011) (Modified).

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 2

### Summary of Indictment

Count One of the Superseding Indictment charges the defendant with transporting in commerce across state lines, that is when he drove from Georgia to Monroe County, Tennessee, on April 20, 2010, a firearm while knowing, having reason to know or intending the firearm to be used in furtherance of a civil disorder, in violation of Title 18, United States Code, Section 231(a)(2).

Count Two of the Superseding Indictment charges that the defendant did use and carry a firearm during and in relation to a felony crime of violence for which he may be prosecuted in a court of the United States, that is, the act of transporting of a firearm in commerce across state lines while knowing, having reason to know and intending that this firearm would be used unlawfully in furtherance of a civil disorder as is charged in Count One of the Superseding Indictment in violation of Title 18, United States Code, Section 924(c)(1)(A).

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 3

Transporting a Firearm in Commerce in Furtherance of a Civil Disorder

Count One of the Superseding Indictment charges the defendant with violating federal law by transporting in commerce across state lines a firearm while knowing, having reason to know, or intending the firearm to be used in furtherance of a civil disorder, in violation of Title 18, United States Code, Section 231(a)(2).

For you to find the defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

First: The defendant transported a firearm in commerce across state lines;

Second: while knowing, having reason to know or intending the firearm to be used;

Third: in furtherance of a civil disorder.

Now I will give you more detailed instructions on some of these terms.

(A) The term "civil disorder" means any public disturbance involving acts of violence by assemblages of three or more persons, which causes an immediate danger of or results in damage or injury to the property or person of any other individual.

(B) The term "commerce" means commerce (i) between any State or the District of Columbia and any place outside thereof or (ii) between points within any State or the District of Columbia, but through any place outside thereof.

(C) The term "firearm" means any weapon which is designed to or may readily be converted to expel any projectile by the action of an explosive; or the frame or receiver of any such weapon.

4

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any of these elements, then you must find the defendant not guilty of this charge.

Title 18, United States Code Sections 231(a)(2) and 232(1), (2) & (4).

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 4

## Using or Carrying a Firearm During and in Relation To a Crime of Violence

(1) Count Two of the Superseding Indictment charges the defendant with violating federal law by using or carrying a firearm during and in relation to a crime of violence.

For you to find the defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

> First: That the defendant committed the crime charged in Count One. Transporting a firearm in commerce knowing, having reason to know or intending that the firearm be used unlawfully in furtherance of a civil disorder is a crime of violence which may be prosecuted in a court of the United States.
>
> Second: That the defendant knowingly used or carried a firearm.
>
> Third: That the use or carrying of the firearm was during and in relation to the crime charged in Count One.

(2) Now I will give you more detailed instructions on some of these terms.

(A) To establish "use," the government must prove active employment of the firearm during and in relation to the crime charged in Count One. "Active employment" means activities such as brandishing, displaying, bartering, striking with, and most obviously, firing or attempting to fire, a firearm. "Use" also includes a person's reference to a firearm in his possession for the purpose of helping to commit the crime charged in Count One. "Use" requires more than the mere possession or storage.

6

(B) "Carrying" a firearm includes carrying it on or about one's person. "Carrying" also includes knowingly possessing and conveying a firearm in a vehicle which the person accompanies including the glove compartment or trunk.

(C) The term "firearm" means any weapon which will or is designed to or may readily be converted to expel a projectile by action of an explosive. The firearm need not be loaded.

(D) The term "during and in relation to" means that the firearm must have some purpose or effect with respect to the crime charged in Count One; in other words, the firearm must facilitate or further, or have the potential of facilitating or furthering the crime charged in Count One, and its presence or involvement cannot be the result of accident or coincidence.

(E) The term "knowingly" means voluntarily and intentionally, and not because of mistake or accident.

(3) If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any of these elements, then you must find the defendant not guilty of this charge.

Sixth Circuit Pattern Jury Instructions, Criminal Cases § 12.02 (2011)

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 5

### Inferring Required Mental State

(1) Next, I want to explain something about proving a defendant's state of mind.

(2) Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.

(3) But a defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

(4) You may also consider the natural and probable results of any acts that the defendant knowingly did, and whether it is reasonable to conclude that the defendant intended those results. This, of course, is all for you to decide.

Sixth Circuit Pattern Jury Instructions, Criminal Cases § 2.08 (2011).

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 6

### Transcriptions of Tape Recording

(1) You have heard some tape recordings and seen some video tapes that were received in evidence, and there was written dialog appearing at the bottom of the video tapes.

(2) Keep in mind that the dialog appearing at the bottom of the video tapes was not evidence itself. It was presented to you only as a guide to help you follow what was being said. The tapes and videos themselves are the evidence. If you noticed any differences between what you heard on the tapes and what you read in the captioned dialog, you must rely on what you heard, not what you read. And if you could not hear or understand certain parts of the tapes, you must ignore the written dialog as far as those parts are concerned.

Sixth Circuit Pattern Jury Instructions, Criminal Cases § 7.17 (2011)(Modified).

# GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 7

## Punishment

(1) If you decide that the government has proved the defendant guilty, then it will be my job to decide what the appropriate punishment should be.

(2) Deciding what the punishment should be is my job, not yours. It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

(3) Your job is to look at the evidence and decide if the government has proved the defendant guilty beyond a reasonable doubt.

Sixth Circuit Pattern Jury Instructions, Criminal Cases § 8.05 (2011).

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 8

### Verdict Limited to Charges Against this Defendant

(1) Remember that the defendant is only on trial for the particular crime charged in the indictment. Your job is limited to deciding whether the government has proved the crime charged.

(2) Also remember that whether anyone else should be prosecuted and convicted for this crime is not a proper matter for you to consider. The possible guilt of others is no defense to a criminal charge. Your job is to decide if the government has proved this defendant guilty. Do let the possible guilt of others influence your decision in any way.

Sixth Circuit Pattern Jury Instructions, Criminal Cases § 8.08 (2011).

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of October, 2011, a copy of the foregoing proposed jury instructions was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

*s/ Jeffrey E. Theodore*
Jeffrey E. Theodore
Assistant United States Attorney
