UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 3:10-CR-73 |
| WESLEY DARREN HUFF, | ) ) | (VARLAN/GUYTON) |
| Defendant. | ) ) ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Darren Huff's Petition for Writ of Habeas Corpus ad Testificandum [Doc. 150], filed on October 13, 2011, and referred [Doc. 151] to the undersigned[1] on October 14, 2011. The Defendant asks the Court to issue a writ of habeas corpus ad testificandum for Walter Fitzpatrick, who is presently in the custody of Monroe County, Tennessee, commanding the Monroe County Sheriff to produce Mr. Fitzpatrick for the trial of this matter on October 18, 2011, because Mr. Fitzpatrick is a material witness for the Defendant.

Ordinarily, witnesses are compelled to testify in criminal cases via a subpoena, which is governed by Rule 17 of the Federal Rules of Criminal Procedure. Rule 17(a) explains the required contents of a requested subpoena. Rule 17(b) provides for the issuance of a subpoena when a defendant is unable to pay the requisite witness fees and/or process costs as follows:

> Upon a defendant's ex parte application, the court must order that a subpoena be issued for a named witness if the defendant shows an inability to pay the witness's fees and the necessity of the witness's

---

[1] United States Magistrate Judge C. Clifford Shirley, Jr., ruled on this petition on behalf of United States Magistrate Judge H. Bruce Guyton.

1

> presence for an adequate defense. If the court orders a subpoena to be issued, the process costs and witness fees will be paid in the same manner as those paid for witnesses the government subpoenas.

Fed. R. Crim. P. 17(b). Although Defendant Huff asks the Court to issue a writ, because his intended witness is in custody, rather than a subpoena, the procedure is the same. United States v. Guthrie, 557 F.3d 243, 251 (6th Cir. 2009) (applying Rule 17(b) to a request for a writ). Moreover, while the Defendant has not expressly stated, the Court presumes that the Defendant seeks to have the writ executed and the witness produced at the Court's cost, based upon (1) the fact that Defendant tendered no fees at the time he filed his petition requesting the writ and (2) the fact that the Defendant has been found to qualify for court-appointed counsel [Doc. 7] due to lack of funds. Accordingly, the Defendant must comply with the requirements of Rule 17(b).

In the instant case, Defendant Huff has failed to make either of the threshold showings[2]–(1) An inability to pay the witness fees and (2) the necessity of the witness's presence for an adequate defense–required by Rule 17(b). With regard to the first threshold showing, a defendant must show that he or she is indigent and, thus, unable to pay the costs associated with bringing the witness to court. United States v. Sprouse, 472 F.2d 1167, 1168 (6th Cir.), cert. denied, 411 U.S. 970 (1973). In the instant petition, the Defendant does not even allege indigency, as required, nor has he make any showing of his financial inability to pay the requisite costs. Moreover, the fact that the Court has appointed counsel for a defendant does not automatically qualify him for the issuance of a subpoena or writ without payment of costs or fees.

---

[2]While the Court notes that the Defendant has also not filed his request for a writ *ex parte*, as contemplated by Rule 17(b), the Court finds that this mode of filing is for a defendant's benefit to protect the identity of the defendant's proposed trial witness and/or theory of the defense. Thus, the instant public filing is permissible.

2

More importantly, the Defendant has failed to show that Mr. Fitzpatrick's presence is necessary for an adequate defense. "[T]he right of an indigent criminal defendant to subpoena witnesses rests not only on Rule 17(b), but also on the Sixth Amendment right to compulsory process and on the Fifth Amendment right not to be subjected to disabilities by the criminal justice system because of financial status," nevertheless, the defendant must still make a preliminary showing that the requested witness is necessary to an adequate defense. United States v. Moore, 917 F.2d 215, 230 (6th Cir. 1990), cert. denied, 499 U.S. 963 (1991) (internal citations omitted). With respect to this preliminary showing required of indigent defendants, the Sixth Circuit has held that "[n]either rich nor poor defendants have an unfettered right to subpoenas without discretionary review by the district court." Id. "Necessary" in this context means "relevant, material, and useful to an adequate defense." Id. To satisfy this preliminary showing, the defendant must do more than offer generalities about the necessity of the witness. United States v. Barker, 553 F.2d 1013, 1020-21 (6th Cir. 1977); see also United States v. McCaskill, No. 01-2708, 2002 WL 31379881, *1 (6th Cir. Oct. 21, 2002). The Court of Appeals for the Sixth Circuit has deemed a defendant's showing to be inadequate when he failed to "make factual averments about the content of [the proposed witness's] testimony." United States v. Reaves, No. 98-5754, 1999 WL 824833, ** 4 (6th Cir. Oct. 5, 1999). In Reaves, the defendant sought to subpoena an ophthalmologist to testify to his medical condition and its relation to his sentencing, specifically whether his condition would cause him problems or to be victimized in prison. Id. The court held that the defendant's "generalized assertions" did not satisfy the preliminary showing required by Rule 17(b). Id.

The Defendant states that Mr. Fitzpatrick is a "material witness" for him but makes no showing whatsoever as to necessity. The bare statement that Mr. Fitzpatrick is a material witness

is a generality devoid of any specifics on how the testimony of the listed witnesses would contribute to Defendant's defense at trial. Second, Defendant has failed to show that the testimony of Mr. Fitzpatrick would be relevant to his defense at trial. Accordingly, the Defendant's Petition for Writ of Habeas Corpus ad Testificandum [**Doc. 150**] is **DENIED**, without prejudice to refiling in compliance with Rule 17(b). If the Defendant chooses to refile his petition, he may do so *ex parte* and under seal to avoid disclosing any of the details of his defense to the Government.

**IT IS SO ORDERED**.

ENTER:

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge