UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:10-CR-73 |
| | ) | (VARLAN/GUYTON) |
| DARREN WESLEY HUFF, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This criminal case is before the Court on the defendant's Motion for New Trial or for Judgment of Acquittal (the "motion for new trial or acquittal") [Doc. 175]. The United States responded in opposition [Doc. 178]. The Court has reviewed the pending motion and the government's response, all in light of the relevant and controlling law. For the reasons that follow, the motion for new trial or acquittal will be denied.[1]

## I. BACKGROUND

The defendant, Darren Wesley Huff, was charged in a superseding indictment with transporting a firearm in furtherance of a civil disorder in violation of 18 U.S.C. § 231(a)(2) and using a firearm in relation to a felony crime of violence in violation of 18 U.S.C. § 924(c)(1)(A) [Doc. 19]. In October 2011, the defendant proceeded to a jury trial before the undersigned [*See* Docs. 160–166]. At the close of proof, the defendant, through counsel,

---

[1]The defendant requests oral argument on his motion. This Court considers requests for oral argument on a case-by-case basis. After reviewing the pending motion, the Court finds that oral argument is not necessary.

made a motion for judgment of acquittal pursuant to Rule 29(a) of the Federal Rules of Criminal Procedure, which the Court denied.

The jury returned a verdict on October 25, 2011, finding the defendant guilty of transporting a firearm in furtherance of a civil disorder and not guilty of using a firearm in relation to a felony crime of violence [Doc. 167]. The defendant thereafter filed the instant motion for new trial or acquittal [Doc. 175]. The defendant asserts several grounds for relief, which can be grouped into four categories: (1) that there was insufficient evidence proving that the defendant had the necessary intent to violate 18 U.S.C. § 231(a)(2); (2) that the Court erred in denying various pretrial motions; (3) that the Court erred in admitting as rebuttal evidence the taped statement of witness Erica Dupree; and (4) that a core principle of due process was violated as a result of the obscurity of § 231(a)(2) and the government's conduct.

## II. ANALYSIS

### A. Standards of Review

A Rule 29(c) motion is a challenge to the sufficiency of the evidence, raised following a jury verdict or discharge. *See* Fed. R. Crim. P. 29(c).[2] When reviewing an insufficiency of the evidence claim, a court must decide whether, after viewing the evidence in a light most favorable to the government, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *United States v. Gardner*, 488 F.3d 700, 710 (6th

---

[2] The defendant moved for a judgment of acquittal at the close of proof, pursuant to Federal Rule of Criminal Procedure 29(a). The Court denied the motion, and thus, the instant motion is a renewed motion for judgment of acquittal pursuant to Rule 29(c). *See* Fed. R. Crim. P. 29(a), (c).

Cir. 2007); *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). In undertaking this analysis, the court can neither independently weigh the evidence, nor judge the credibility of the witnesses who testified at trial. *See United States v. Welch*, 97 F.3d 142, 148 (6th Cir. 1996), *cert. denied sub nom., Parker v. United States*, 519 U.S. 1134 (1997). After a review of the evidence, a court may conclude that a conviction is supported by sufficient evidence even though the circumstantial evidence does not "'remove every reasonable hypothesis except that of guilt.'" *United States v. Jones*, 102 F.3d 804, 807 (quoting *United States v. Clark*, 928 F.2d 733, 736 (6th Cir. 1991) (per curiam)). In making this evaluation, the sufficiency of the evidence must be viewed in terms of the entirety of the record. *United States v. Stone*, 748 F.2d 361, 363 (6th Cir. 1984). Circumstantial evidence standing alone may sustain a conviction so long as the totality of the evidence is substantial enough to establish guilt beyond a reasonable doubt. *Id.*

Rule 33 of the Federal Rules of Criminal Procedure provides that, on motion of a defendant, the Court may grant a new trial "if required in the interests of justice." Fed. R. Crim. P. 33(a). A motion for a new trial under Rule 33(a) "may be premised upon the argument that the jury's verdict was against the manifest weight of the evidence." *United States v. Hughes*, 505 F.3d 578, 593 (6th Cir. 2007). Generally, a motion for a new trial under Rule 33(a) should only be granted "in the extraordinary circumstances where the evidence preponderates heavily against the verdict." *Hughes*, 505 F.3d at 593 (citation omitted). In considering a Rule 33(a) challenge to a conviction based on the weight of the evidence, a court can "consider the credibility of the witnesses and the weight of the evidence

to insure that there is not a miscarriage of justice. It has often been said that . . . [the judge] sits as a thirteenth juror." *United States v. Ashworth*, 836 F.2d 260, 266 (6th Cir. 1988) (internal quotation omitted).

Thus, while Rule 29(c) and Rule 33(a) deal with similar issues, the two rules are governed by different standards of review. On a motion for judgment of acquittal, pursuant to Rule 29(c), a court is required to approach the evidence from a standpoint most favorable to the government, and to assume the truth of the evidence offered by the prosecution. On a motion for new trial pursuant to Rule 33(a), the power of a court is much broader because a court may weigh the evidence and consider the credibility of the witnesses. *See* Charles Alan Wright, Nancy King & Susan Klein, *Federal Practice and Procedure* § 553 (3d ed. 2004).

### B. Sufficiency of the Evidence Regarding the Defendant's Intent

The defendant argues that the only evidence of his unlawful intent to violate 18 U.S.C. § 231(a)(2) consisted of statements accredited to him by witnesses Shane Longmire, Erica Dupree, and Agent Chuck Reed, and that such were insufficient. Regarding Shane Longmire and Erica Dupree, the defendant asserts that they each testified that the defendant told them, on April 15, 2010, that he was going to Madisonville, Tennessee to "take over the city" on April 20, 2010. Regarding Agent Reed, the defendant maintains that Agent Reed testified the defendant gave Agent Reed his phone number on April 19, 2010, and told Agent Reed to "call him if there was a problem." Further, the defendant and his wife testified that the defendant told Agent Reed the defendant would "call the whole thing off if there was a

4

problem." Thus, he maintains, any unlawful intent communicated to Shane Longmire and Erica Dupree was belied by his statements to Agent Reed. He further maintains that the failure of Agent Reed or the FBI to stop the defendant before his trip validated his belief that his actions were lawful.

The government argues that the defendant mischaracterizes the testimony of Agent Reed. Instead, the government submits, Agent Reed testified that the defendant told him "[i]f you have a problem, don't come kicking down my doors in the middle of the night, call me first." Considering, however, the defendant's version of the conversation between Agent Reed and the defendant, the Court finds that the defendant's statements and Agent Reed's response, or failure to respond, did not negate the intent the defendant expressed to Shane Longmire and Erica Dupree. The defendant did not present any evidence that Agent Reed had a duty to advise the defendant of the illegality of his proposed conduct, nor a duty to stop him in advance. Moreover, evidence presented at trial indicated that the defendant knew or should have known that his planned actions were unlawful, despite any indication regarding lawfulness. The defendant witnessed Walter Fitzpatrick get arrested and charged for trying to execute citizen's arrest warrants in Madisonville three weeks prior, and on April 15, 2010, the defendant told Shane Longmire and Erica Dupree that he might be killed or arrested for what he planned to do in Madisonville.

The defendant also expressed an intent consistent with what he communicated to Shane Longmire and Erica Dupree when he was stopped on the side of the road en route to Madisonville on the day of the offense. He informed law enforcement officers that he "fully

5

intend[ed] to proceed forward with those citizen's arrests" and that he had his ".45 because ain't no government official gonna go peacefully." He also informed them: "If it comes down to that I've got to fight you guys, I have no choice." In addition, the defendant took his AK-47 and 300–400 rounds of ammunition with him when he traveled to Madisonville from Georgia, which was consistent with what he told Shane Longmire and Erica Dupree he would do. In light of this, the Court finds that the jury reasonably could have believed that the defendant had the intent to use a firearm in furtherance of a civil disorder when he traveled in interstate commerce on April 20, 2010, and further that the evidence preponderates in favor of the verdict.

The defendant also argues that the balance of the evidence preponderates in favor of the defendant's innocence. First, he claims the voluntary act of relinquishing his weapon after being asked to place it within the toolbox of his pickup truck belies the claim that he harbored an unlawful intent to further a civil disorder by the use of firearms. However, the evidence presented at trial indicated that the defendant had constructive possession of the firearm in Madisonville, and one officer testified that he observed the defendant retrieve his firearm from his toolbox. Second, the defendant claims that Michael DeSilva's presence with the defendant on April 20, 2010, including the fact that Michael DeSilva was unarmed, indicates that he harbored no unlawful intent. However, Michael DeSilva's presence does not refute that the defendant had an unlawful intent because Michael DeSilva testified that he was a writer and intrigued by the events in Madisonville. A jury could reasonably infer, therefore, that Michael DeSilva went to Madisonville to write about the unlawful events that

6

were to unfold. Third, the defendant argues that, after seeing the overwhelming law enforcement presence in Madisonville on April 20, 2010, if he had an unlawful intent, logic dictates that he would have reformulated his plan and returned on a different date; but when he did return to Tennessee, he was alone and was seeking law enforcement assistance to effect arrests of the perceived corrupt officials in Monroe County. This submission, however, does not prove the defendant did not have an unlawful intent on April 20, 2010. It at best demonstrates the defendant's intent may have changed after April 20, 2010. Finally, the defendant argues there was no evidence of a plan by any group to mobilize in Madisonville on April 20, 2010. However, the evidence demonstrated that the defendant traveled to Madisonville with firearms and 300–400 rounds of ammunition and that other associates, who were armed, were in Madisonville that day. The government also was not required to prove a "plan."

In sum, whether reviewed under the standard applicable to a Rule 29 motion or a Rule 33 motion, the Court finds that sufficient evidence existed that the defendant violated 18 U.S.C. § 231(a)(2).

### C. Denial of the Defendant's Pretrial Motions

The defendant argues that the Court erred in ruling on several pretrial issues. In particular, the defendant asserts that the Court erred when it overruled the defendant's motion to suppress the evidence obtained from the seizure of his person on October 20, 2010. The defendant also asserts that the Court erred in failing to sustain the defendant's motion to dismiss count one on the basis that the statute cited therein is overly broad and vague in

7

violation of the Due Process Clause of the United States Constitution, the defendant's motion to dismiss count one due to the failure to establish interstate commerce jurisdiction, and the defendant's motion to dismiss the indictment as unconstitutionally insufficient. In addition, the defendant contends that the Court erred in failing to sustain the defendant's motion *in limine* that sought to preclude the government from eliciting testimony that the defendant possessed an anti-aircraft gun, the defendant's motion *in limine* that sought an order precluding the government from eliciting testimony that the defendant held racist and/or anti-Semitic beliefs, and the defendant's motion *in limine* that sought to exclude the items seized from the defendant's vehicle on April 30, 2010. Finally, the defendant claims that the Court erred in overruling the defendant's objection to the jury instructions regarding the elements of 18 U.S.C. § 231(a).

The government agues that the law of the case requires rejection of the defendant's motion for acquittal or new trial on these grounds. The Court agrees. Each of the these issues was previously decided at an earlier point in the litigation [*See* Docs. 80, 83, 84, 101, 155, 164]. Accordingly, the law of the case doctrine precludes the Court from revisiting them. *See United States v. Johnson*, 93 F. App'x 845, 846 (6th Cir. 2004) (citation omitted); *see also Hanover Ins. Co. v. Am. Eng'g Co.*, 105 F.3d 306, 312 (6th Cir. 1997) ("Issues decided at an earlier stage of the litigation, either explicitly or by necessary inference from the disposition, constitute the law of the case." (citation omitted)). Further, no exception to the doctrine applies as the defendant has not presented any new evidence, nor any subsequent contrary view of the law decided by binding authority, and the Court's decision is not clearly
8

Case 3:10-cr-00073   Document 182   Filed 02/10/12   Page 8 of 13   PageID #: 1112

violation of the Due Process Clause of the United States Constitution, the defendant's motion to dismiss count one due to the failure to establish interstate commerce jurisdiction, and the defendant's motion to dismiss the indictment as unconstitutionally insufficient. In addition, the defendant contends that the Court erred in failing to sustain the defendant's motion *in limine* that sought to preclude the government from eliciting testimony that the defendant possessed an anti-aircraft gun, the defendant's motion *in limine* that sought an order precluding the government from eliciting testimony that the defendant held racist and/or anti-Semitic beliefs, and the defendant's motion *in limine* that sought to exclude the items seized from the defendant's vehicle on April 30, 2010. Finally, the defendant claims that the Court erred in overruling the defendant's objection to the jury instructions regarding the elements of 18 U.S.C. § 231(a).

The government agues that the law of the case requires rejection of the defendant's motion for acquittal or new trial on these grounds. The Court agrees. Each of the these issues was previously decided at an earlier point in the litigation [*See* Docs. 80, 83, 84, 101, 155, 164]. Accordingly, the law of the case doctrine precludes the Court from revisiting them. *See United States v. Johnson*, 93 F. App'x 845, 846 (6th Cir. 2004) (citation omitted); *see also Hanover Ins. Co. v. Am. Eng'g Co.*, 105 F.3d 306, 312 (6th Cir. 1997) ("Issues decided at an earlier stage of the litigation, either explicitly or by necessary inference from the disposition, constitute the law of the case." (citation omitted)). Further, no exception to the doctrine applies as the defendant has not presented any new evidence, nor any subsequent contrary view of the law decided by binding authority, and the Court's decision is not clearly

erroneous. *See Johnson*, 93 F. App'x at 846. The defendant also has not cited any extraordinary circumstances that would warrant relitigation of these issues. *See United States v. Sanders*, No. 1:09-CR-39, 2010 WL 1408368, at * 1–2 (E.D. Tenn. Apr. 2, 2010) (noting that the law of the case doctrine dictates that "courts should be loathe to [revisit prior decisions] in the absence of extraordinary circumstances" (alteration in original and citation and internal quotation marks omitted)).

### D. The Court's Ruling on Rebuttal Evidence at Trial

The defendant argues the Court erred when it permitted the United States to offer, as rebuttal evidence, a portion of a taped statement given by witness Erica Dupree to the Chief of the Madisonville Police Department. The defendant submits that any evidence the United States sought to rebut with such testimony "was elicited solely through cross-examination of one or more witnesses by the government[;]" thus, such was not proper rebuttal evidence [Doc. 175]. The government counters that it offered the tape-recorded statement as a prior consistent statement pursuant to Rule 801(d)(1)(B) of the Federal Rules of Evidence.

A trial judge is given discretion regarding rebuttal evidence. *Benedict v. United States*, 822 F.2d 1426, 1428 (6th Cir. 1987) (citations omitted). "The proper function of rebuttal evidence is to contradict, impeach or defuse the impact of the evidence offered by an adverse party." *United States v. Levy*, 904 F.2d 1026, 1031 (6th Cir. 1990) (internal quotation marks and citation omitted). It "serves to rebut new evidence or new theories proffered in the defendant's case-in-chief, and is not limited by the fact that the plaintiff

9

could have introduced the proffered evidence in his case-in-chief." *United States v. Flynn*, 265 F. App'x 434, 445 (6th Cir. 2008) (citation omitted).

The Court finds the defendant's argument without merit. During the defendant's testimony, he expressly stated that some of the testimony of Erica Dupree was false. The tape-recorded statement of Erica Dupree offered in rebuttal was proper because it sought to contradict, impeach, or diffuse the impact of the defendant's testimony.

Moreover, the evidence was admissible pursuant to Rule 801(d)(1)(B).[3] Rule 801(d)(1)(B) of the Federal Rules of Evidence provides that a statement is not hearsay if the declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement "and the statement . . . is consistent with the declarant's testimony and is offered to rebut an expressed or implied charge that the declarant recently fabricated it or acted from a recent improper influence or motive in so testifying." Erica Dupree had testified and had been subject to cross-examination and the defendant expressly charged a recent fabrication or improper influence or motive by Erica Dupree during his testimony. The tape-recorded statement was also consistent with Erica Dupree's challenged testimony. Further, there are no allegations that the prior consistent statement was made after the time that her supposed ill-motive arose. *See United States v. Trujillo*, 376 F.3d 593, 611 (6th Cir. 2004).

---

[3]"The Sixth Circuit permits the admission of prior consistent statements through a third party, not just the declarant, so long as the testimony and circumstances in court comply with Fed. R. Evid. 801(d)(1)(B)." *United States v. Johnson*, 443 F. App'x 85, 2011 WL 4585234, at *6 (6th Cir. 2011).

10

### E. Due Process Argument

As a general matter, the defendant asserts the government's conduct in this case violated his due process rights because he had no "fair warning" that his conduct was criminal and the government "explicit[ly] validat[ed]" his intended conduct [Doc. 175]. In support, the defendant points to the actions of the government on April 19 and 20, 2010, and argues that he was led to believe that his actions were lawful. He also states that 18 U.S.C. § 231(a)(2) is "a statute for which the term 'obscurity' does not begin to adequately describe it's [sic] existence, render[s] [the defendant's] conviction in Count I offensive to due process" [*Id.*].

First, the Court finds that much of the defendant's argument repeats his previous pretrial constitutional void for vagueness and constitutional insufficiency motions to dismiss, which the Court denied [*See* Docs. 32, 33, 83, 101]. The Court's previous analysis regarding law of the case thus applies.

Second, the court finds the defendant's argument that his due process rights were violated because the government led him to believe that his plan to travel to Madisonville would be lawful unavailing in light of Sixth Circuit precedent. In *United States v. Tucker*, the Sixth Circuit found that "government conduct [that] induces a defendant to commit a

11

crime, even if labeled 'outrageous,' does not violate that defendant's constitutional right of due process." 28 F.3d 1420, 1427 (6th Cir. 1999). It went on to hold that:

> a defendant whose defense sounds in inducement is, by congressional intent and Supreme Court precedent, limited to the defense of entrapment and its key element of predisposition. Defendants may not circumvent this restriction by couching their defense in terms of "due process."

28 F.3d 1420, 1428 (6th Cir. 1999).

Although the defendant does not use the term "outrageous" in his motion, the defendant essentially argues that the government's conduct in this case was outrageous such that prosecution for violation of § 231(a)(2) violates the fundamental principles of due process (indeed, the defendant cites *Tucker*). Moreover, the defendant's argument sounds in government inducement as he asserts that actions of the government on April 19 and 20, 2010, led him to believe that his actions were lawful. Therefore, the defendant's argument lacks merit. *See United States v. Warwick*, 167 F.3d 965, 975 (6th Cir. 1999) ("This Court has expressly foreclosed the 'outrageous government conduct' defense in cases where the defendant alleges inducement.").

Finally, to the extent that the defendant argues that § 231(a)(2) is obscure because it has "been used only a handful of times in the forty plus years it has existed," [Doc. 175], the Court finds his argument without merit. The defendant has not cited any case law indicating that whether a statute is considered constitutionally valid depends upon the frequency of prosecutions brought pursuant to that statute, and the Court is aware of none.

## III. CONCLUSION

In sum, finding that none of the defendant's arguments warrants acquittal or a new trial pursuant to either Rule 29(c) or Rule 33(a), the defendant's Motion for New Trial or for Judgment of Acquittal [Doc. 175] is hereby **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan  
UNITED STATES DISTRICT JUDGE