# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>DARREN WESLEY HUFF ) | No. 3:10-CR-73<br>JUDGE VARLAN |

## THE UNITED STATES RESPONSE TO
## THE DEFENDANT'S SENTENCING MEMORANDUM

The United States of America, by and through the undersigned Assistant United States Attorney for the Eastern District of Tennessee, hereby files this response to the Defendant's Sentencing Memorandum (the "Memorandum," Doc. 187) as follows:

1.      The Defendant requested permission from the Court to file his Sentencing Memorandum under seal to protect certain "sensitive private medical and financial information" (Doc. 186), which motion the Court granted (Doc. 188). The government hereby submits this response for the consideration of this Honorable Court as to the various legal arguments advanced in the Defendant's Memorandum which, for all intents and purposes, takes the form of a motion for a downward variance from a U.S. Sentencing Guidelines sentence. This response does not, nor does it need to, address any sensitive medical or financial information regarding the Defendant. Rather the government hereby seeks to simply respond to the legal arguments advanced by the Defendant for a significant downward variance from the sentencing range recommended by the U. S. Probation Office (USPO) pursuant to the applicable U.S. Sentencing Guidelines cited by the USPO. The government posits that several arguments advanced by the

Defendant as the basis for a downward variance are not supported by either the facts of this case

or any of the legal principles cited by the Defendant.

2.      The Defendant was convicted of a crime of violence, namely transporting

firearms in interstate commerce knowing or having reason to know or intending that the same

will be used unlawfully in furtherance of a civil disorder in violation of 18 U.S.C. § 231(a)(2).

Following lengthy pre-trial litigation, the magistrate judge issued a Report and Recommendation

(the "R&R," Doc. 76) which recommended that the Court deny the Defendant's motion to

dismiss Count Two of the Indictment (Doc. 30), wherein the Defendant argued that a violation of

18 U.S.C. § 924(c) could not legally be established even if the Defendant was found to have

violated 18 U.S.C. § 231(a)(2), as such crime did not constitute a "crime of violence."  The

Court adopted the findings of the R&R and ruled that a violation of 18 U.S.C. § 231(a)(2) would

legally constitute a "crime of violence" and, accordingly, the Defendant's motion to dismiss

Count Two was denied.  Doc.97.

3.      In his Sentencing Memorandum, the Defendant argues that he "stands before the

Court" to be sentenced "not because of harm he caused another, but rather because of those

thoughts the Government attributes to him."  Memorandum, p.1.  This argument overlooks the

fact that the Defendant was convicted by a jury upon proof of specific actions he took in

furtherance of a crime that this Court has held to be a crime of violence, and not for having "bad

thoughts" or "rhetoric [which] has angered the wrong person(s)."  *Id*.  If there is any central

premise for this Court to consider in fashioning an appropriate and just sentence, it should rest

on the foundation that the Defendant intentionally and deliberately committed a crime that is a

"crime of violence" under the law which could well have, perhaps under different circumstances,

2

resulted in harm to others.  As such, the Defendant's actions do not warrant his request for a significantly large downward variance in the sentencing range recommended under the U.S. Sentencing Guidelines, let alone a sentence of the nature he requests "consisting of probation wherein he is released after service of time served ."  *Id*.

        4.      The Defendant attempts to argue in his Memorandum that the government's prosecution of him for violating the law (however "obscure" he thinks it may be) as set forth in Section 232(a)(2) is "not only offensive to many, but scary."  Memorandum, p.4.  Apart from such hyperbole and polemics as to this "offensive" prosecution being based upon (as he perceives) an effort to punish him for "thoughts deemed unlawful while you legally possess[] your weapon," the gist of the Defendant's argument is that the effect of his felony conviction on his ability to lawfully possess firearms represents more than sufficient punishment.  *Id.*, at.5. The Defendant continues to adhere to his denial that he did anything unlawful, arguing that "he is being punished for thinking bad thoughts while driving around (legally) with guns" and any sentence of imprisonment for such actions is "disproportionate."  *Id*.  This argument clearly misses the mark that he was convicted of a crime of violence, having undertaken specific actions beyond "having bad thoughts" in actual furtherance of that crime of violence.  A sentence of imprisonment consistent with the Sentencing Guidelines is hardly "disproportionate," rather it is very much in line with the principles and factors set forth in 18 U.S. C. § 3553(a).

        5.      Further, the Defendant argues that he did not "have a knowing and sustained intent to violate 18 U.S.C. §231," which, again, he characterizes as an "obscure" statute. Memorandum, p. 6-7.  The Defendant appears to attempt to shift responsibility for his actions to various government agents and "government conduct" and use this as a basis to argue that he

3

shouldn't be punished for something of which he would never have done but for the claimed failure of action by the government. *Id.*, at.7  This is more indicative of the fact that the Defendant continues to steadfastly deny responsibility for his actions than it represents a meaningful argument for a more lenient sentence.

6.       The Defendant seeks to argue that he should receive a downward variance in his sentence in light of his "vulnerability/susceptibility to abuse in prison," mostly based on what appears to be his perception of his own "notoriety."  Memorandum, pp. 9-10.  The Defendant cannot even pretend to assert that he is more "vulnerable" to harassment or harm in prison due any level of cooperation with law enforcement; rather he vaguely asserts that some purported media reports characterizing him as a "white supremist" (sic) warrant a lesser punishment under what he terms the *United States v. Koon*, 518 U.S. 81 (1996) standard.  The Defendant makes no showing whatsoever that he is in any position at all different than virtually any other defendant espousing various political or social beliefs facing incarceration.

7.       Without expressly saying as much, the Defendant appears to trying to advance some form of a "selective prosecution" argument for why he should receive a probationary sentence, arguing that out of a number of various other individuals who had some role in the events at the Monroe County Courthouse on April 1, 2010, he is "the only person who has been prosecuted federally."  Memorandum, p.10.  Apart for the simple irrelevance as to whether or not there was any federal violations committed by any other person associated with the events of April 1, 2010, in Madisonville, the simple fact remains that the Defendant was the one and only person of which there was sufficient evidence to charge, and convict, with regard to a violation of Section 231(a)(2) on April 20, 2010.  For the sake of argument, assuming even that there were

4

others on the scene that day possessing firearms, it was only the Defendant for which evidence existed with regard to certain statements evidencing specific intent to arrest public officials and take over the city. Given the fact that there exists absolutely no indication of a deliberate, selective prosecution of the Defendant, let alone any disparate sentencing of other similarly situated defendants, the Court should simply disregard this argument.

8.      Lastly, the Defendant attempts to argue (i) that he will suffer the loss of certain other civil rights attendant with his federal felony conviction and (ii) that press coverage of his case will have the effect that he will not be able to "escape the notoriety of this chapter of his life." Memorandum, p.11-12. These two factors, the Defendant argues, should serve as mitigating factors that warrant a downward variance in his sentence. Yet what the Defendant describes is simply the standard effect on all defendants who are convicted of a felony, regardless of whether they receive a sentence of incarceration or probation. This fact serves no basis whatsoever for a downward variance and the Court should disregard this argument.

9.      The government submits that the Defendant's arguments regarding the factors for the Court to consider in fashioning an appropriate sentence under 18 U.S.C. §3553(a) actually support a Guideline Sentence, and hardly serve as a basis for a downward variance based upon his claim that a sentence of incarceration (and not probation) would represent a "Draconian punishment [that would be] subject to disrespect and disrepute." Memorandum, p.13. To the contrary, the government a submits that any downward variance in the Defendant's sentence from the recommended Guideline range, let alone a sentence of probation after time served, would have the adverse effect of promoting *disrespect* for the law.

5

10.     If the Court were not to impose a significant sentence consistent with the Guidelines in this case, but rather sentence the Defendant to probation, the government submits that there exists a very real possibility that such a sentence of "probation" would indeed promote a disrespect for the law, especially among the very segment (even if a distinct minority) of the population who adheres to the viewpoint that taking affirmative actions to physically enforce a "Citizens' Arrest Warrant" drawn up by any various individual against public officials (or any person for that matter) is justified.  A Guidelines range sentence would far more likely have the effect of affording adequate deterrence to such types of criminal conduct, as cited specifically under Section 3553(a)(1)(B).  Clearly personally observing the arrest of Walter Fitzpatrick on April 1, 2010, for a violation of Tennessee law for attempting to arrest a State grand jury foreman under the same sham "Citizens' Arrest Warrant" that the Defendant was continuing to try and execute on April 20, 2010, served as no deterrence to him.  The Court has already determined that a violation of Section 231(a)(2) by the Defendant is a crime of violence, wherein he took affirmative action in part to seek to enforce a bogus "Citizens' Arrest Warrant" and indicated his intent to use force if he deemed it necessary by saying that "I've got my .45 because ain't no government official going to go peaceful."  The Defendant should be punished in accord with the seriousness of this crime of violence with a Guidelines sentence.

6

WHEREFORE, based upon the argument and authorities cited herein, the United States respectfully submits that the Court should not adopt the position advanced in the Defendant's Sentencing Memorandum and make a downward variance from the U.S. Sentencing Guideline range recommended by the U.S. Probation Office, let alone entering a sentence of the Defendant that includes any sentence of probation.

Respectfully submitted this 4th day of April, 2011.

WILLIAM C. KILLIAN.
UNITED STATES ATTORNEY


By: /s/ A. Wm. Mackie
A. WILLIAM MACKIE
JEFFREY E. THEODORE
Assistant United States Attorneys
800 Market Street, Ste. 211
Knoxville, Tennessee 37902
(865) 545-4167

7

## CERTIFICATE OF SERVICE

I hereby certify that on April 4, 2011, a copy of the foregoing notice was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  Opposing counsel may access this filing through the Court's electronic filing system. Any counsel not named as being served electronically will be served by regular U.S. mail or facsimile.

/s/ A. Wm. Mackie
A. WILLIAM MACKIE
Assistant United States Attorney

8